```
 1  LATHAM & WATKINS LLP
       Paul H. Dawes (SBN 55191)
 2     paul.dawes@lw.com
       Andrew M. Farthing (SBN 237565)
 3     andrew.farthing@lw.com
    140 Scott Drive
 4  Menlo Park, California  94025-3656
    Telephone:  (650) 328-4600
 5  Facsimile:   (650) 463-2600

 6  LATHAM & WATKINS LLP
       Michele D. Johnson (SBN 198298)
 7     michele.johnson@lw.com
    650 Town Center Drive, 20th Floor
 8  Costa Mesa, California  92626-1925
    Telephone:  (714) 540-1235
 9  Facsimile:   (714) 755-8290

10  Attorneys for Defendants
    SKILLED HEALTHCARE GROUP, INC.,
11  BOYD HENDRICKSON, JOHN E. KING
    and DEVASIS GHOSE
12
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TOM SHEPARDSON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SKILLED HEALTHCARE GROUP, INC.; BOYD HENDRICKSON; JOHN E. KING; DEVASIS GHOSE; CREDIT SUISSE SECURITIES, LLC; BANC OF AMERICA SECURITIES LLC; GOLDMAN, SACHS & CO.; J.P. MORGAN SECURITIES, INC.; THE BEAR STEARNS COMPANIES, INC.; RBC CAPITAL MARKETS CORPORATION; and SCOTIA CAPITAL (USA), INC., <br><br> Defendants. | CASE NO. CV09-5416 GHK (RZx) <br><br> DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF <br><br> Trial Date:    None Set <br><br> Date:    September 28, 2009 <br> Time:    9:30 a.m. |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DEFENDANTS' MOTION TO TRANSFER VENUE

...

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on September 28, 2009, or as soon thereafter as the matter may be heard in the courtroom of the Honorable George H. King, located at 312 North Spring Street, Courtroom 650, Los Angeles, California, Defendants Skilled Healthcare Group, Inc., Boyd Hendrickson, John E. King, and Devasis Ghose shall, and hereby do, move the Court for an order transferring the above-entitled action from the Western Division to the Southern Division of the Central District of California. This motion will be made upon the ground that the Southern Division is a more convenient venue for the parties and witnesses pursuant to United States Code title 28, section 1404(a).

This motion is made following the conferences of counsel pursuant to L.R. 7-3, which took place on August 12 and 28 and September 2, 2009.

This motion is based upon this Notice of Motion and Motion, the accompanying memorandum of points and authorities, the attached declarations of Boyd Hendrickson and Michele D. Johnson, the pleadings and papers filed in this action, and such oral argument as the Court may entertain.

Dated: September 4, 2009           LATHAM & WATKINS LLP

By ____/s/ Michele D. Johnson____
      Michele D. Johnson

Attorneys for DEFENDANTS
Skilled Healthcare Group, Inc., Boyd
Hendrickson, John E. King, and Devasis
Ghose

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.    BACKGROUND ................................................................................................... 2

III.    ARGUMENT ........................................................................................................ 4

    A.    The 28 U.S.C. § 1404(a) Standard. ........................................................... 4

    B.    This Action Could Have Been Assigned to the Southern Division of the Central District of California. ...................................... 4

    C.    All Relevant Convenience Factors Strongly Weigh in Favor of Transferring the Action to the Southern Division of the Central District of California. ................................... 5

        1.    The Convenience of the Parties. ................................................. 5

        2.    The Convenience of the Witnesses ............................................ 6

        3.    The Location Where Operative Events Took Place. .................. 7

        4.    The Plaintiff's Choice of Forum. ................................................ 8

        5.    The Remaining Factors. ............................................................ 10

IV.    CONCLUSION ................................................................................................... 10

Case 2:09-cv-05416-DOC-RZ   Document 21   Filed 09/04/2009   Page 4 of 15

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Collier v. Stuart-James Co.*,
   No. 89 Civ. 5805, 1990 U.S. Dist. LEXIS 4896
   (S.D.N.Y. Apr. 26, 1990) ...................................................................................... 9

*In re Connetics Sec. Litig.*,
   No. 06 Civ. 11496, 2007 U.S. Dist. LEXIS 38480
   (S.D.N.Y. May 23, 2007) ...................................................................................... 8

*Fontaine v. Washington Mutual Bank, Inc.*,
   No. CV 08-5659, 2009 U.S. Dist. LEXIS 41168
   (C.D. Cal. Apr. 30, 2009) ............................................................................... 4, 5, 8

*Foster v. Nationwide Mutual Insurance Co.*,
   No. C 07-04928, 2007 U.S. Dist. LEXIS 95240
   (N.D. Cal. Dec. 14, 2007) ...................................................................................... 7

*In re Hanger Orthopedic Group, Inc. Sec. Litig.*,
   418 F. Supp. 2d 164 (E.D.N.Y. 2006) .................................................................. 6

*Hatch v. Reliance Insurance Co.*,
   758 F.2d 409 (9th Cir. 1985) ................................................................................. 4

*Hoefer v. U.S. Department of Commerce*,
   No. C 00-0918, 2000 U.S. Dist. LEXIS 9299
   (N.D. Cal. June 28, 2000) ..................................................................................... 9

*Ironworkers Local Union No. 68 & Participating Employers Health and
   Welfare Fund v. Amgen, Inc.*,
   No. CV 07-5157, 2008 U.S. Dist. LEXIS 8740
   (C.D. Cal. Jan. 22, 2008) ....................................................................................... 6

*Johns v. Panera Bread Co.*,
   No. 08-1071, 2008 U.S. Dist. LEXIS 78756
   (N.D. Cal. July 21, 2008) ...................................................................................... 7

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ............................................................................. 4, 8

*Koster v. (American) Lumbermens Mutual Casualty Co.*,
   330 U.S. 518 (1947) .............................................................................................. 9

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir. 1987) ........................................................................... 9, 10

*Saleh v. Titan Corp.*,
   361 F. Supp. 2d 1152 (S.D. Cal. 2005) ................................................................ 7

*Stewart Organization, Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) ................................................................................................ 4

*In re Yahoo! Inc.*,
   No. CV 07-3125, 2008 U.S. Dist. LEXIS 20605
   (C.D. Cal. Mar. 10, 2008) .................................................................................... 6, 7, 8, 9

**FEDERAL STATUTES**

15 U.S.C. § 78aa ................................................................................................................. 9

28 U.S.C. § 1331 ................................................................................................................. 5

28 U.S.C. § 1404(a) ..................................................................................................... 1, 2, 4

28 U.S.C. § 1404(b) ............................................................................................................ 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The federal change-of-venue statute provides that upon the motion of a party and in the discretion of the Court, any civil action may be transferred from the division in which it is pending to any other division within the same district. 28 U.S.C. § 1404(b). Plaintiff filed this action in the Central District of California, and it was assigned to the Western Division. One reason for this assignment was that Plaintiff stated on his Civil Cover Sheet that each Defendant resides in Los Angeles County, and that each claim arose in Los Angeles County. But Plaintiff misrepresented the facts. As the Complaint itself alleges, Defendant Skilled Healthcare Group, Inc. is located in Foothill Ranch, which is in Orange County, not Los Angeles. Two of the three individual defendants, as well as a vast majority of the documents and witnesses that may be relevant to this action, are all located in Orange County. In fact, not only are all of these parties, documents, and witnesses located in Orange County, but all of the operative facts and events leading to Plaintiff's claims of alleged securities fraud occurred there. The Southern Division of the Central District is the most convenient forum for the parties and witnesses.

On the other hand, no parties, documents, or witnesses reside in the Western Division. The plaintiff lives in Missouri. The third individual defendant, a former officer of the Company, resides in Kentucky. The eight underwriter defendants are headquartered in New York, Connecticut, or Toronto, and they do business throughout California, including in both Los Angeles and Orange counties. None of these parties will suffer any cognizable inconvenience if this action is transferred from the Western Division to the Southern Division. Because all relevant factors concerning the convenience of the parties and witnesses, and the interests of justice, weigh heavily in favor of an intradistrict transfer pursuant to 28 U.S.C. § 1404(a) and (b), this case should be transferred from the Western

Division to the Southern Division of the Central District of California.

## II. BACKGROUND

On July 24, 2009, plaintiff Tom Shepardson ("Plaintiff") filed this purported class action lawsuit in the Central District of California against Defendant Skilled Healthcare Group, Inc. ("Skilled Healthcare" or the "Company"), its Chairman and Chief Executive Officer Boyd Hendrickson, its current Chief Financial Officer Devasis Ghose, its former Chief Financial Officer John King, and the investment banks that underwrote the Company's initial public offering ("IPO"). Compl. ¶¶ 7-19. The Complaint asserts claims under the federal securities laws relating to the Company's June 9, 2009 announcement that it would restate its financial statements for the period from January 1, 2006, to March 31, 2009, and that the restatement was likely to require cumulative charges against after-tax earnings in the aggregate amount of between $8 million and $9 million over the affected periods. *Id.* ¶¶ 2, 27-44. The Complaint also alleges that the registration statement and prospectus issued in connection with the Company's IPO, as well as subsequent financial statements and public statements about results of operations, contained material false and misleading statements. *Id.* ¶¶ 34, 67-83.

In his Civil Cover Sheet attached to and filed with the Complaint, under the section entitled "Venue," Plaintiff contradicted the allegations of his Complaint by stating that "EACH named defendant resides" in Los Angeles County, and that "EACH claim arose" in Los Angeles County. Plaintiff's Civil Cover Sheet (attached as Declaration of Michele D. Johnson ("Johnson Decl.") Ex. A) at 2. Based in part on Plaintiff's misrepresentations, this case was assigned to the Western Division.

As Plaintiff alleges, however, Skilled Healthcare is a Delaware corporation with its principal place of business located in Foothill Ranch, in Orange County, California. Compl. ¶ 7. The two individual defendants who are current employees of Skilled Healthcare reside in Orange County. Declaration of Boyd Hendrickson

("Hendrickson Decl.") ¶¶ 3-4. Each of the documents alleged to have contained a material false or misleading statement, including the registration statement and prospectus issued in connection with the IPO, was issued by the Company from its headquarters in Foothill Ranch. Compl. ¶¶ 30-34; Hendrickson Decl. ¶ 11. Similarly, the press releases and restatement filings alleged in the Complaint were issued from the Company's headquarters in Orange County. Compl. ¶¶ 35, 37; Hendrickson Decl. ¶ 11. All company employees, some of whom may be relevant witnesses in connection with this litigation, are based in Orange County. Hendrickson Decl. ¶ 6. Skilled Healthcare's top management team, as well as the staff responsible for accounting, financial analysis, financial reporting, and investor communications, all work at the Company's headquarters. *Id*. Skilled Healthcare's outside auditors are based in the firm's Orange County office. *Id*. ¶ 8. The Company's corporate books, financial databases, internal company reports and communications, and records relating to accounting, reporting and stock transactions, are all located at its headquarters. *Id*. ¶ 7. Both Plaintiff and the Company-related defendants have retained counsel based in Orange County. *See* Compl. caption.

      All other parties are based outside of California altogether. Plaintiff resides in Missouri. Plaintiff's Civil Cover Sheet (Johnson Decl. Ex. A) at 2. Former Skilled Healthcare CFO John E. King resides in Louisville, Kentucky. Hendrickson Decl. ¶ 5. The eight underwriter defendants are all headquartered outside of California. *See* Compl. ¶¶ 12-19. The individuals from the underwriter defendants who interacted with the Company in connection with the IPO were all located on the East Coast, primarily in New York. Hendrickson Decl. ¶ 10. There is no other connection between this dispute and the Western Division of this District.

///

///

### III. ARGUMENT

#### A. The 28 U.S.C. § 1404(a) Standard.

District courts are empowered by 28 U.S.C. § 1404(a) to transfer a civil action to another district or division in which the suit might have originally been brought, "[f]or the convenience of the parties and the witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The Court is given broad discretion to transfer venue and should evaluate a motion to transfer on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (setting forth factors for evaluating a venue transfer motion).

The first question in deciding a motion to transfer venue is whether the action "might have been brought" in the potential transferee court. *Fontaine v. Washington Mut. Bank, Inc.*, No. CV 08-5659, 2009 U.S. Dist. LEXIS 41168, at *6 (C.D. Cal. Apr. 30, 2009) (citing *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985)). If so, the Court then analyzes several factors, often referred to as the *Jones* factors, to determine whether convenience warrants transferring venue: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones*, 211 F.3d at 498-99. All relevant factors weigh in favor of transfer to the Southern Division.

#### B. This Action Could Have Been Assigned to the Southern Division of the Central District of California.

Whether the claim could have originally been brought in a different court depends on whether the transferee court would have had complete personal

jurisdiction over the defendants, subject matter jurisdiction over the claims, and proper venue. *See Fontaine*, 2009 U.S. Dist. LEXIS 41168, at *6. There is no dispute that the Southern Division would have the same personal jurisdiction over the defendants, and subject matter jurisdiction over the claims, as the Western Division. *See* 28 U.S.C. § 1331.

Venue would have been proper had the claim originally been assigned to the Southern Division of the Central District. In fact, this action likely would have been assigned to the Southern Division instead of the Western Division had Plaintiff filled out his Civil Cover Sheet accurately. In order "to identify the correct division in which the case will be filed," the Court's form Civil Cover Sheet asks a plaintiff to list the county or state where each named defendant resides and where each claim arose. Plaintiff's Civil Cover Sheet (Johnson Decl. Ex. A) at 2; Instructions for Civil Cover Sheet (Johnson Decl. Ex. B) at 1. Plaintiff misrepresented both sets of facts by listing "Los Angeles" in both boxes. Plaintiff's Civil Cover Sheet at 2. Plaintiff is incorrect, and is contradicted by his own Complaint's allegations. If Plaintiff had accurately reflected that the Company and two of the three individual defendants reside in Orange County, that the rest of the defendants reside outside of California altogether, and that each and every claim arose in Orange County, this case could have, and likely would have, been assigned to the Southern Division.

    **C.    All Relevant Convenience Factors Strongly Weigh in Favor of Transferring the Action to the Southern Division of the Central District of California.**

        1.    <u>The Convenience of the Parties.</u>

The convenience of the parties strongly favors transfer to the Southern Division. Skilled Healthcare is located in Orange County, and two of the three individual defendants reside there. Hendrickson Decl. ¶¶ 2-4. The Company's employees and documents, including documents that may be relevant to this dispute, exist in Orange County. *Id.* ¶¶ 6-7. Despite Plaintiff's notation on the

Civil Cover Sheet, no defendant resides in Los Angeles County. All of the underwriter defendants are based outside of California. Compl. ¶¶ 12-19. Furthermore, the only named plaintiff in this action resides in Missouri. Thus, all parties that are from California are located in the Southern Division.

Because this action raises claims of securities violations in connection with Skilled Healthcare's public statements and IPO, the location of the Company's headquarters should be given greater deference. *See In re Yahoo! Inc.*, No. CV 07-3125, 2008 U.S. Dist. LEXIS 20605, at *8 (C.D. Cal. Mar. 10, 2008) ("the location of the defendants is a weighty consideration in deciding whether this securities class action is properly transferred because plaintiff's allegations focus on defendants' conduct and do not appear to implicate involved questions of fact regarding plaintiffs' behavior"); *In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 169 (E.D.N.Y. 2006) ("because 'trials in securities class actions focus almost entirely on the defendants' conduct,' defendants' presence at trial is crucial, while 'matters within any particular plaintiff's individual knowledge would not be particularly relevant to the claims and likely defenses.'"). Because the crux of this action involves statements relating to Skilled Healthcare's business, the location of the Company should be given more weight than that of the other parties.

### 2. The Convenience of the Witnesses

Courts typically regard the convenience of witnesses as the most important factor in ruling on a motion to transfer under Section 1404(a). *See Yahoo!*, 2008 U.S. Dist. LEXIS 20605, at *8. "In determining whether this factor weighs in favor of transfer, the court must consider not simply how many witnesses each side has and the location of each, but rather the court must consider the importance of the witnesses." *Ironworkers Local Union No. 68 & Participating Employers Health and Welfare Fund v. Amgen, Inc.*, No. CV 07-5157, 2008 U.S. Dist. LEXIS 8740, at *14 (C.D. Cal. Jan. 22, 2008).

Because this action is a purported securities class action lawsuit and all claims focus on Skilled Healthcare's alleged statements, a majority of the potential witnesses will likely be current or former employees of Skilled Healthcare who both work at the Company's headquarters and reside in Orange County. *See* Hendrickson Decl. ¶ 6. For this reason as well, the Company's location should be given great deference in a motion to transfer. *See Yahoo!*, 2008 U.S. Dist. LEXIS 20605, at *12-13 (finding that location of defendant's headquarters was more convenient for potential witnesses in securities class action as most of the likely witnesses would be current or former employees of defendant); *Foster v. Nationwide Mut. Ins. Co.*, No. C 07-04928, 2007 U.S. Dist. LEXIS 95240, at *9 (N.D. Cal. Dec. 14, 2007) (finding that convenience of parties and witnesses favored transfer of venue because "defendant's corporate headquarters is located in [proposed transferee district], as are many of the witnesses defendant would likely call to testify at trial").

In contrast, a plaintiff class representative has not yet been appointed. Because the Court "cannot base a decision to transfer on speculation as to the relevance of potential, but unnamed, witnesses," the convenience of any potential plaintiff witnesses does not weigh against transfer. *Johns v. Panera Bread Co.*, No. 08-1071, 2008 U.S. Dist. LEXIS 78756, at *9 (N.D. Cal. July 21, 2008) (finding that court cannot weigh convenience of putative class member witnesses because there is no "indication of how many people from the putative class are anticipated to be witnesses, and what their relevant testimony would be"); *see also Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1164 (S.D. Cal. 2005) (declining to consider convenience of potential witnesses proffered by plaintiffs where plaintiffs did not identify these individuals or specify how they might provide important testimony). Therefore, the convenience of the witnesses favors a transfer.

        3.    <u>The Location Where Operative Events Took Place.</u>

There are three *Jones* factors that consider the location of events and

evidence upon which the claims are based, including: (1) the location where operative events took place, (2) the contacts relating to the plaintiff's cause of action in the chosen forum, and (3) the ease of access to sources of proof. *Jones*, 211 F.3d at 498-99. Here, the alleged statements that form the basis of the Complaint occurred at Skilled Healthcare's headquarters in the Southern Division. *See Yahoo!*, 2008 U.S. Dist. LEXIS 20605, at *25 (finding that defendant's alleged securities violations "indisputably occurred at [defendant's] headquarters," making it the "factual center of this case, and the locus of all relevant decision making"); *In re Connetics Sec. Litig.*, No. 06 Civ. 11496, 2007 U.S. Dist. LEXIS 38480, at *23 (S.D.N.Y. May 23, 2007) ("the operative facts are centered around the [transferee district], wherein the defendants allegedly issued the misrepresentations that constitute the basis of this litigation. Thus, the location of the operative facts weighs heavily in favor of a transfer of venue").

Similarly, because all pertinent events occurred at the Company's headquarters, considerations regarding access to sources of proof weigh in favor of transfer as well. The Company's corporate books and records are all located in Orange County. Hendrickson Decl. ¶ 7. "Although the location of relevant documents may be of less significance in light of modern copying and reproduction technologies, it nonetheless retains at least some relevance to the venue inquiry." *In re Connetics*, 2007 U.S. Dist. LEXIS 38480, at *16. The location where the operative events took place, the contacts in the forum relating to the plaintiff's claims, and the ease of access to sources of proof all favor a transfer.

### 4. The Plaintiff's Choice of Forum.

Ordinarily, the plaintiff's choice of forum is accorded great weight. *Fontaine*, 2009 U.S. Dist. LEXIS 41168, at *11. In this action, however, Defendants are not attempting to disrupt Plaintiff's choice of forum—which was the Central District of California. Although Plaintiff chose to file this action in the Central District of California, he did not choose to have it assigned to the Western

1  Division.  Instead, he misrepresented the location of the defendants and the events,
2  and as a result the case was assigned to the Western Division.  Defendants seek to
3  transfer venues from the Western Division, within the forum that Plaintiff has
4  chosen, to the Southern Division where the case likely would have been assigned
5  had Plaintiff's representations on his Civil Cover Sheet been accurate.  Therefore,
6  this motion to transfer does not in any way upset Plaintiff's choice of forum.
7         Furthermore, the plaintiff's choice of forum is afforded less weight where
8  the case is pleaded as a class action lawsuit.  *Lou v. Belzberg*, 834 F.2d 730, 739
9  (9th Cir. 1987); *see*, *e.g.*, *Koster v. (American) Lumbermens Mut. Cas. Co.*, 330
10 U.S. 518, 524 (1947) ("where there are hundreds of potential plaintiffs, all equally
11 entitled voluntarily to invest themselves with the corporation's cause of action and
12 all of whom could with equal show of right go into their many home courts, the
13 claim of any one plaintiff that a forum is appropriate merely because it is his home
14 forum is considerably weakened."); *Hoefer v. U.S. Dep't of Commerce*, No. C 00-
15 0918, 2000 U.S. Dist. LEXIS 9299, at *5 (N.D. Cal. June 28, 2000) (holding
16 because "members of the purported class are numerous and are located throughout
17 the nation," the "plaintiff's choice of forum . . . is not given substantial weight
18 when determining whether a transfer of venue is proper").  The same is true in
19 securities class actions, despite the venue provision of 15 U.S.C. § 78aa, because
20 "[n]othing in § 78aa prevents the Court from determining whether this action
21 should be transferred under § 1404(a)."  *Yahoo!*, 2008 U.S. Dist. LEXIS 20605, at
22 *19-20 (finding that in securities cases, "where the class plaintiffs are not residents
23 of the chosen forum, their chosen forum deserves no special treatment"); *see*, *e.g.*,
24 *Collier v. Stuart-James Co.*, No. 89 Civ. 5805, 1990 U.S. Dist. LEXIS 4896, at *9-
25 12 (S.D.N.Y. Apr. 26, 1990) (rejecting plaintiffs' assertion that venue provisions of
26 securities acts require deference to plaintiffs' choice of forum and holding that, in
27 class action, plaintiff's choice of forum is given little weight).
28         Finally, "[i]f the operative facts have not occurred within the forum and that

forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration." *Belzberg*, 834 F.2d at 739.  Here, the operative facts did not occur within Los Angeles County, and Plaintiff does not reside in California, let alone the Western Division.  For these reasons, Plaintiff's choice of forum should be given little, if any, deference.

### 5. The Remaining Factors.

The state that is most familiar with the governing law, the differences in the costs of litigation, and the availability of compulsory processes are all neutral factors in this transfer analysis.  Because both divisions are located within the same district, these factors would be likely be the same in either forum.  Therefore, these factors are neutral and should not affect the determination to transfer.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this motion be granted and this action transferred from the Western Division to the Southern Division of the U.S. District Court for the Central District of California.

Dated: September 4, 2009                    LATHAM & WATKINS LLP


By     /s/ Michele D. Johnson
         Michele D. Johnson

Attorneys for DEFENDANTS
Skilled Healthcare Group, Inc., Boyd Hendrickson, John E. King, and Devasis Ghose

OC\1027776.1