Kenneth J. Catanzarite, Esq. (SBN 113750)
**CATANZARITE LAW CORPORATION**
2331 West Lincoln Avenue
Anaheim, CA 92801
Tel: (714) 520-5544
Fax: (714) 529-0680

Laurence Rosen, Esq. (SBN # 219683)
Phillip Kim, Esq.
**THE ROSEN LAW FIRM, P.A.**
350 Fifth Avenue, Suite 5508
New York, New York 10118
Tel: (212) 686-1060
Fax: (212) 202-3827

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DISVISION

| | |
|---|---|
| TOM SHEPARDSON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br> vs. <br> SKILLED HEALTHCARE GROUP, INC.; BOYD HENDRICKSON; JOHN E. KING; DEVASIS GHOSE; CREDIT SUISSE SECURITIES, LLC; BANC OF AMERICA SECURITIES LLC; GOLDMAN, SACHS & CO.; J.P. MORGAN SECURITIES, INC.; THE BEAR STEARNS COMPANIES, INC.; RBC CAPITAL MARKETS CORPORATION; and SCOTIA CAPITAL (USA), INC., <br><br> Defendants. | NO. CV09-5416 GHK (RZx) <br><br> PLAINTIFF'S RESPONSE IN OPPOSITION TO SKILLED HEALTHCARE DEFENDANTS' MOTION TRANSFER VENUE <br><br> Date:  September 28, 2009 <br> Time:  9:30 a.m. <br> Ctrm:  650 (Roybal) <br><br> Hon. George H. King |

1
Plaintiff's Response in Opposition to Skilled Healthcare Defendants' Motion To Transfer Venue

Plaintiff Tom Shepardson, individually and on behalf of all other persons similarly situated, submit this response in opposition to defendants Skilled Healthcare Group, Inc. ("Skilled Healthcare" or the "Company"), its CEO and Chairman Boyd Hendrickson, its former CFO and Treasurer John E. King, and it current CFO Devasis Ghose (collectively the "Skilled Healthcare Defendants" or "Defendants") motion to transfer venue to the Southern Division.

## ARGUMENT

### A. Applicable Authority

Under 28 U.S.C. § 1404(a), a district court has the discretion to transfer a civil action to any other district or division in which the action might have originally been brought "[f]or the convenience of the parties, witnesses and in the interest of justice." "In an intra-district transfer, where forum issues are largely irrelevant, the venue analysis must focus on access to evidence and convenience of the parties and witnesses." *Garcia Courtesy Ford, Inc.*, 2006 WL 2439815, at * 2 (W.D. Wash. Aug. 22, 2006).

In assessing whether the parties transfer will serve the convenience of the parties and witnesses and will promote the interest of justice Court consider the following *Jones* factors: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The balancing of these and other factors are within the discretion of this Court and the adjudication of motions to transfer should be

2

Plaintiff's Response in Opposition to Skilled Healthcare Defendants' Motion To Transfer Venue

done "according to an individualized, case-by-case consideration of convenience and fairness." *Jones*, 211 F.3d at 498.

The burden is on the moving party to show that transfer is appropriate. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). A movant "must make a clear-cut showing. The issue is not merely whether some other district would better serve the parties and witnesses. The burden is on the [movant] to show that the Section 1404(a) factors would clearly be better served by a transfer." *In re Funeral Consumers Antitrust Litig.*, 2005 WL 2334362 at * 3 (N.D. Cal. Sept. 23, 2005).

### B. Defendants' Have Failed to Meet their Burden in Making a "Clear-Cut" Showing That The Convenience Factors Favor Transfer

#### 1. The Convenience of the Parties and Witnesses, Contacts, Location of Evidence Weigh Against Transfer

The seven Underwriter Defendants[1] all conduct business in Los Angeles County, and with the exception of two underwriters (JP Morgan and Securities and Scotia Capital USA) all maintain offices in Los Angeles County. ¶¶ 12-19.[2] In fact, defendant Bear Stearns, a wholly owned subsidiary of J.P. Morgan Chase & Co., maintains a principal office in Los Angeles County. ¶ 15. It is likely that because Bear Stearns maintains a principal office in Los Angeles County, that the due diligence package for

---

[1] The "Underwriter Defendants" are refer to defendants Credit Suisse Securities LLC, Banc of America Securities LLC, Goldman, Sachs & Co., J.P. Morgan Securities, Inc., The Bear Stearns Companies, Inc., RBC Capital Markets Corporation, and Scotia Capital (USA), Inc.

[2] All reference to "¶__" or "¶¶__" refer the paragraph(s) of the Complaint. Docket no. 1.

3
Plaintiff's Response in Opposition to Skilled Healthcare Defendants' Motion To Transfer Venue

Skilled Healthcare's IPO is located in that office and percipient witnesses are based out of that office.

Additionally, the Underwriter Defendants' attorneys are based out of Los Angeles and New York and it is likely Underwriters would produce its witnesses at either of those offices for deposition. Indeed, as Defendants point out, the majority of the underwriters are based in New York. If these defendants and witnesses were required to travel to Orange County, rather than to Los Angeles, they would be inconvenienced because there are less travel options available to them. *See* Declaration of Laurence Rosen, filed herewith ("Rosen Decl."). Rosen Decl., Ex. 1.

Moreover, while Skilled Healthcare is headquartered in Orange County, it conducts business in Los Angeles County and its headquarters is only 48 miles from this Courthouse. *See* Rosen Decl., Ex. 2. In addition, according to a public records search, it appears that defendant Devasis Ghose has three current home addresses with two of them located in Los Angeles County and one in Orange County. *See* Rosen Decl., Ex. 3. As to defendant John E. King, inconvenience to him is neutral because he is no longer employed by the Company and he resides in Louisville, Kentucky. Taken collectively these facts weigh against transfer.

**2. Plaintiffs' Choice of Forum Weighs Against Transfer**

While in class litigation the choice of a Plaintiff's forum carries lesser weight than in an individual action, this factor weighs in favor of keeping this case here. *See In re Triton Ltd. Secs. Litig.*, 70 F. Supp.2d 678, 689 (E.D. Tex. 1999) (giving deference to plaintiffs choice in securities class action as venue provisions of federal securities laws provide "plaintiffs

1  liberal choice in their selection of forum") (*citing Securities Investor
2  Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985)).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny

5

Plaintiff's Response in Opposition to Skilled Healthcare Defendants' Motion To Transfer Venue

Dated: September 14, 2009        Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

　 /s/ Laurence Rosen　
Laurence Rosen, Esq. (SBN # 219683)
Phillip Kim, Esq.
350 Fifth Avenue, Suite 5508
New York, New York 10118
Tel: (212) 686-1060
Fax: (212) 202-3827

and

**CATANZARITE LAW CORPORATION**
Kenneth J. Catanzarite, Esq. (SBN 113750)
2331 West Lincoln Avenue
Anaheim, CA 92801
Tel: (714) 520-5544
Fax: (714) 529-0680

Counsel for Plaintiff

# CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing shareholder of the Rosen Law Firm, P.A. I am over the age of eighteen.

On September 14, 2009, I electronically filed the following **PLAINTIFF'S RESPONSE IN OPPOSITION TO SKILLED HEALTHCARE DEFENDANTS' MOTION TRANSFER VENUE** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on September 14, 2009.

/s/ Laurence Rosen
Laurence M. Rosen