1  LATHAM & WATKINS LLP
   Paul H. Dawes (SBN 55191)
2  paul.dawes@lw.com
   Andrew M. Farthing (SBN 237565)
3  andrew.farthing@lw.com
   140 Scott Drive
4  Menlo Park, California 94025-3656
   Telephone: (650) 328-4600
5  Facsimile: (650) 463-2600

6  LATHAM & WATKINS LLP
   Michele D. Johnson (SBN 198298)
7  michele.johnson@lw.com
   650 Town Center Drive, 20th Floor
8  Costa Mesa, California 92626-1925
   Telephone: (714) 540-1235
9  Facsimile: (714) 755-8290

10 Attorneys for Defendants
   SKILLED HEALTHCARE GROUP, INC.,
11 BOYD HENDRICKSON, JOHN E. KING,
   and DEVASIS GHOSE

12

13                UNITED STATES DISTRICT COURT
14
                  CENTRAL DISTRICT OF CALIFORNIA
15
                        WESTERN DIVISION
16

17 TOM SHEPARDSON, individually        CASE NO. CV09-5416 GHK (RZx)
   and on behalf of all others similarly
18 situated,

19         Plaintiff,                  DEFENDANTS' REPLY IN SUPPORT
                                       OF MOTION TO TRANSFER VENUE
20   v.

21 SKILLED HEALTHCARE GROUP,           Trial Date:    None Set
   INC.; BOYD HENDRICKSON; JOHN
22 E. KING; DEVASIS GHOSE;             Date:          September 28, 2009
   CREDIT SUISSE SECURITIES, LLC;      Time:          9:30 a.m.
23 BANC OF AMERICA SECURITIES
   LLC; GOLDMAN, SACHS & CO.;
24 J.P. MORGAN SECURITIES, INC.;
   THE BEAR STEARNS COMPANIES,
25 INC.; RBC CAPITAL MARKETS
   CORPORATION; and SCOTIA
26 CAPITAL (USA), INC.,

27         Defendants.

28

Plaintiff's three-page opposition brief leaves largely uncontradicted the numerous facts weighing heavily in favor of a transfer of this case to the Southern Division of this District. As Defendants set forth in their Motion to Transfer Venue ("Motion")—and as Plaintiff concedes by failing to address—Plaintiff misrepresented in his Civil Cover Sheet the facts regarding the residence of each Defendant and the location where each claim arose. Plaintiff listed Los Angeles, but the correct answers were primarily Orange County. Defendant Skilled Healthcare Group, Inc. ("Skilled Healthcare" or the "Company") is located in Orange County, a key factor in deciding a transfer motion in this type of case. The Company's employees work in Orange County. Its relevant documents and witnesses are located in Orange County. Most of the witnesses relevant to this case—also a key factor in evaluating transfer—are in Orange County. All of the operative facts and events giving rise to Plaintiff's alleged claims occurred in Orange County. No parties, documents, or witnesses reside in Los Angeles, and no relevant events occurred there. If Plaintiff had been truthful that the Company and two of the three individual defendants reside in Orange County, that the rest of the defendants and the Plaintiff reside outside of California altogether, and that each and every claim arose in Orange County, this case likely would have been assigned to the Southern Division in the first place.

Failing to contradict any of these facts, Plaintiff attempts to oppose transfer by making four brief arguments, all specious.

**A.    The Underwriters Support, Not Oppose, Transfer.**

Plaintiff's first argument, citing only to his Complaint ("Compl."), is that the seven underwriter defendants conduct business in Los Angeles County, and five of them maintain offices there. Plaintiff's Response in Opposition to Skilled Healthcare Defendants' Motion to Transfer Venue ("Opp.") at 3. These assertions do not provide any support for keeping the case in the Western Division. All of the underwriters' work on the May 14, 2007 Skilled Healthcare Initial Public Offering

("IPO") that is the subject of the Complaint was conducted either in Orange County or in New York—none of it in Los Angeles.

Defendant Credit Suisse Securities (USA) LLC ("Credit Suisse") served as one of the lead underwriters with respect to the IPO. Declaration of Sujal Shah ("Shah Decl.") ¶ 3. The Credit Suisse employees who worked on the IPO, including those who conducted the due diligence, all worked at Credit Suisse's offices in New York. *Id.* ¶¶ 3-4. Employees for the other underwriters, including the other two lead underwriters UBS Investment Bank ("UBS") and Banc of America Securities LLC ("Banc of America"), also worked at each of these underwriters' offices in New York. *Id.* Employees from Credit Suisse, UBS, and Banc of America all traveled to Skilled Healthcare's offices in Orange County, California, during the course of proceedings leading up to the IPO. *Id.* ¶ 5.

Moreover, many of the underwriter defendants conduct business in Orange County, as well as in Los Angeles County. *See id.* ¶ 6. Credit Suisse, UBS, The Bear Stearns Companies, Inc. ("Bear Stearns"), and RBC Capital Markets Corp. all have offices in Orange County. *Id.* Plaintiff's contention that some of these entities also maintain offices in Los Angeles—with no facts to suggest that any office or employee or document in Los Angeles had anything to do with the IPO or any of the underlying facts in this litigation—provides no support for Plaintiff's opposition to transfer.

Plaintiff adds an unsupported supposition that because Bear Stearns allegedly maintains a principal office in Los Angeles County, "it is likely" that the due diligence package for the IPO, as well as percipient witnesses from Bear Stearns, are located in Los Angeles. Opp. at 3-4. Not so. The Bear Stearns employees who worked on the IPO were based at Bear Stearns' former offices in New York, and not at any Bear Stearns office in Los Angeles. Declaration of Richard H. Zelichov ("Zelichov Decl.") ¶ 4. Plaintiff's rank speculation is inapposite to this Motion.

### B. Travel To Orange County Is Convenient.

Plaintiff's next spurious argument is that the underwriter defendants' witnesses and counsel located in New York would be inconvenienced by traveling to Orange County rather than to Los Angeles. Opp. at 4. Plaintiff's very next paragraph contradicts this assertion, by arguing that the inconvenience to defendant John E. King, who lives in Kentucky, would be neutral as between the two California counties. *Id*. Common sense contradicts Plaintiff as well. Many flights traverse between New York and Orange County daily, as Plaintiff's own purported evidence supports. Declaration of Laurence Rosen ("Rosen Decl.") Ex. 1. In fact, travel in and out of Orange County or Long Beach may actually be preferred by many to the congestion of LAX International.

Moreover, Plaintiff flatly fails to acknowledge that the underwriter defendants unanimously support transfer of this action. Counsel for Plaintiff emailed counsel for the underwriter defendants in advance of filing Plaintiff's opposition brief, and counsel for the underwriter defendants informed Plaintiff that each one of the underwriters supports transfer to the Southern Division. Zelichov Decl. ¶ 3, Ex. A. Instead of acknowledging this fact, Plaintiff suggests the opposite by arguing that the underwriter defendants would be inconvenienced by traveling to Orange County. Opp. at 4. Plaintiff's contention is simply incorrect and should be disregarded.

### C. The Company And Mr. Ghose Do, Indeed, Reside In Orange County.

Incredibly, Plaintiff attempts to contradict Defendants' testimonial evidence that Mr. Ghose lives in Orange County (Declaration of Boyd Hendrickson, attached to Motion ("Hendrickson Decl.") ¶ 4) by submitting a purported Intelius.com "People Search Report" reflecting three addresses for Mr. Ghose, two in Los Angeles County and one in Orange County. Rosen Decl. Ex. 3. The Internet report, apparently obtained for $1.75 on the day Plaintiff filed his

opposition (*see id.*), is incorrect.  The Culver City and Valencia addresses are former, not current, addresses for Mr. Ghose.  Declaration of Devasis Ghose ("Ghose Decl.") ¶ 2.  Mr. Ghose has lived in Orange County, and only in Orange County, since 1998, and owns no property in Los Angeles.  *Id*.

Plaintiff admits that Skilled Healthcare is headquartered in Orange County but contends that the Company also conducts business in Los Angeles County.  Opp. at 4.  As Plaintiff himself alleges, Skilled Healthcare provides integrated long-term healthcare services in the United States through certain skilled nursing facilities it manages or owns.  Compl. ¶ 7.  Skilled Healthcare operates in conjunction with such affiliates that are located in many states, including New Mexico, Nevada, Texas, Missouri, Kansas, Iowa—and California, including in several counties, including both Orange and Los Angeles counties.  Ghose Decl. ¶ 3.  Those skilled nursing affiliates and their staff do not have a hand in Skilled Healthcare's accounting, financial analysis, financial reporting, or investor communications.  *Id*.  The Company employees who do, work in Orange County.  Hendrickson Decl. ¶ 6.

### D. Plaintiff Did Not Choose The Forum, But Rather Misrepresented The Facts In Order To Obtain Assignment To The Western Division.

Finally, Plaintiff argues that his choice of forum weighs in favor of keeping the case in the Western Division.  Opp. at 4, citing *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 689 (E.D. Tex. 1999).  Plaintiff is incorrect.  As explained in Defendants' Motion, although Plaintiff chose to file this action in the Central District of California, he did not choose the Division to which it would be assigned.  *See* Motion at 5, 9. Rather, Plaintiff misrepresented on his Civil Cover Sheet the location of the defendants and the events, resulting in the assignment to the Western Division.  *Id*.  Had Plaintiff accurately filled out the Civil Cover Sheet, this case would likely have been assigned to the Southern Division in the first place.

1    But even if Plaintiff had properly chosen the Western Division, Plaintiff's choice of forum would not weigh against transfer. As established by Plaintiff's own cited authority, "[i]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration. That this is brought as a nationwide class action further dilutes the deference due plaintiff's choice." *In re Funeral Consumers Antitrust Litig.*, No. C 05-01804 WHA, 2005 WL 2334362, at *7 (N.D. Cal. Sept. 23, 2005) (internal citations omitted) (granting motion to transfer where, among other factors, defendant company and its witnesses were located in transferee district) (cited at Opp. at 3). Because this is a purported class action suit, Plaintiff does not reside in California, and none of the operative facts occurred within the Western Division, Plaintiff's choice of forum—even if it were his choice to begin with—should not receive deference in the consideration to transfer.

As set forth in Defendants' Motion, all of the relevant *Jones* factors weigh strongly in favor of transfer to the Southern Division of this District. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Plaintiff has contradicted none of them. For these reasons, Defendants respectfully request that the Motion be granted and this action be transferred from the Western Division to the Southern Division of the U.S. District Court for the Central District of California.

Dated: September 21, 2009                LATHAM & WATKINS LLP


By     /s/ Michele D. Johnson
       Michele D. Johnson

Attorneys for DEFENDANTS
Skilled Healthcare Group, Inc., Boyd Hendrickson, John E. King, and Devasis Ghose

OC\1030282.1