1  LIONEL Z. GLANCY (#134180)
2  MICHAEL GOLDBERG (#188669)
   info@glancylaw.com
3  GLANCY BINKOW & GOLDBERG LLP
4  1801 Avenue of the Stars, Suite 311
   Los Angeles, California 90067
5  Telephone: (310) 201-9150
6  Facsimile: (310) 201-9160
7  *Attorneys for Movant City of Livonia Employees' Retirement System,*
   *and Proposed Lead Counsel*
8
9              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
10

11  TOM SHEPARDSON,                          ) No. CV 09-5416-GHK (RZx)
                                             )
12                     Plaintiff,            ) <u>CLASS ACTION</u>
                                             )
13         v.                                )
                                             )
14                                           ) **MEMORANDUM OF POINTS**
    SKILLED HEALTHCARE GROUP, INC.,          ) **AND AUTHORITIES IN**
15  et al.,                                  ) **SUPPORT OF MOTION OF**
                                             ) **CITY OF LIVONIA**
16                     Defendants.           ) **EMPLOYEES' RETIREMENT**
                                             ) **SYSTEM FOR**
17                                           ) **APPOINTMENT AS LEAD**
                                             ) **PLAINTIFF AND APPROVAL**
18                                           ) **OF LEAD PLAINTIFF'S**
                                             ) **SELECTION OF LEAD**
19                                           ) **COUNSEL**
                                             )
20                                           )
                                             ) Hon.  George H. King
21                                           ) Date: October 19, 2009
                                             ) Time: 9:30 a.m.
22                                           ) Ctrm: 650
23
24
25
26
27
28

1

1

# **TABLE OF CONTENTS**

2  TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

3  I    FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

4

5  II    PROCEDURAL HISTORY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

6  III    ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

7        A.    Movant Should Be Appointed Lead Plaintiff. . . . . . . . . . . . . . . . . . . 5

8              1.    Movant Is Making A Motion In Response To
9                    A Notice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

10             2.    Movant Has The Largest Financial Interest In This Action. . . 7

11             3.    Movant Satisfies The Requirements
12                   Of Rule 23 Of The Federal Rules Of Civil Procedure. . . . . . . 7

13                   a.    Movant's Claims Are Typical. . . . . . . . . . . . . . . . . . 8

14                   b.    Movant Is An Adequate Representative . . . . . . . . . . . 9

15             4.    Movant Is Presumptively
16                   The Most Adequate Plaintiff. . . . . . . . . . . . . . . . . . . . . . . . 10

17       C.    The Court Should Approve Lead Plaintiff's Choice Of Counsel. . . 11

18  IV    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CITY OF LIVONIA EMPLOYEES'
RETIREMENT SYSTEM APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF
LEAD COUNSEL  [ORIGINAL] No. CV 09-5416-GHK (Rzx)

i

1

## TABLE OF AUTHORITIES

2

### CASES

3

4    *Gluck v. Cellstar Corp.,*
5         976 F. Supp. 542 (N.D. Tex. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

6    *In re Cavanaugh,*
         306 F.3d 726 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 11
7

8    *Query v. Maxim Integrated Products, Inc.,*
         558 F.Supp.2d 969 (N.D. Cal. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . 6

9

10    *Takeda v. Turbodyne Techs., Inc.,*
         67 F. Supp. 2d. 1129 (C.D. Cal. 1999). . . . . . . . . . . . . . . . . . . . . . . .   8, 9

11    *Yousefi v. Lockheed Martin Corp.,*
         70 F.Supp.2d 1061 (C.D.Cal. 1999). . . . . . . . . . . . . . . . . . . . . . . .   10
12

13

14

### STATUTES AND MISCELLANEOUS

15

16   The Private Securities Litigation Reform Act.. . . . . . . . . . . . . . . . . . . . . . . *passim*

17   15 U.S.C. §78u-4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

18   Fed. Rule of Civil Procedure 23(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CITY OF LIVONIA EMPLOYEES'
RETIREMENT SYSTEM APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF
LEAD COUNSEL  [ORIGINAL] No. CV 09-5416-GHK (Rzx)

ii

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

3

Movant City of Livonia Employees' Retirement System (hereinafter,

4

"Movant"), respectfully submits this memorandum of points and authorities in

5

support of its motion for appointment as lead plaintiff and for approval of lead

6

plaintiff's selection of lead counsel.

7

## I.   FACTUAL BACKGROUND

8

This is a securities class action on behalf of two classes: (1) all persons

9

other than defendants who purchased the Class A common stock of Skilled

10

Healthcare Group, Inc. ("SKH" or the "Company") pursuant and/or traceable to

11

the Company's Registration Statement and Prospectus (collectively, the

12

"Registration Statement") issued in connection with the Company's Initial Public

13

Offering ("IPO") on May 14, 2007, including purchasers through August 5, 2008,

14

seeking to recover damages caused by defendants' violations of the Securities Act

15

of 1933 (the "Securities Act"); and (2) all persons other than defendants who

16

purchased the Class A common stock of SKH between May 14, 2007 and June 9,

17

2009, to pursue remedies under the Securities Exchange Act of 1934 (the

18

19

"Exchange Act")[1].  Both classes are referred to as the "Class."

20

SKH provides integrated long-term healthcare services in the United States

21

through certain facilities it manages and/or owns.

22

23

24

_____

25

[1]The lead plaintiff provisions of the Securities Act and Exchange Act, as amended by the PSLRA, are identical. *See* 15 U.S.C. §77z-1; 15 U.S.C. §78u-4. For ease of reference, only the lead plaintiff provisions of the Exchange Act are cited herein.

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL  [ORIGINAL] No. CV 09-5416-GHK (Rzx)

2

The Complaint alleges violations of Sections 11, 12(a)(2), and 15 of the Securities Act related to certain representations made in the Registration Statement issued in connection with the Company's IPO which were false and misleading and failed to disclose that: (a) the financial statements in the Registration Statement, which included the Company's financial results for fiscal year 2006 and the first quarter of 2007, overstated the Company's net income for those periods and violated Generally Accepted Accounting Principles; and (b) defendants misrepresented the Company's internal controls on financial reporting.

The complaint further alleges that certain defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and Section 20(a) of the Exchange Act by failing to disclose material, adverse information about SKH's business, operations and future prospects, including that the Company's financial results filed with the SEC understated the Company's net loss for second quarter 2007 and overstated the Company's net income for fiscal years 2007-2008 and the first quarter of 2009.

The foregoing matters were partially revealed by the Company on June 9, 2009, in a press release announcing that SKH's financial statements for the annual and quarterly periods from January 1, 2006 through March 31, 2008, can no longer be relied upon as a result of errors identified by the Company, and that the Company expects to restate its consolidated financial statements for the quarterly and annual periods from January 1, 2006 through March 31, 2009, related to understated reserves for accounts receivables in each of the affected quarters.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL  [ORIGINAL] No. CV 09-5416-GHK (Rzx)

3

1    As a result of this news, the price of the Company's stock fell approximately

2    9.11% from the previous day's closing price of $8.34, to close on June 10, 2009, at

3    $7.58 per share.

4
     On June 29, 2009, the Company filed with the SEC an amended annual
5
     report on Form 10-K for the fiscal year ended December 31, 2008. The 10-K
6
7    contained the Company's restated financial results for the fiscal years ended

8    December 31, 2008, 2007 and 2006, and the interim quarterly periods, and

9    revealed, among other things, that the Registration Statement overstated the

10   Company's net income and understated its net loss for the fiscal year 2006 and the
11
     first quarter ended March 31, 2007.
12

13   **II.    PROCEDURAL HISTORY**

14   Plaintiff Tom Shepardson commenced the instant action on July 24, 2009,

15   and on that day counsel for plaintiff published a notice of the pendency of

16
     plaintiff's case on *Marketwire,* a widely circulated national business-oriented wire
17
     service.  *See* Declaration of Michael Goldberg In Support of Motion of City of
18
19   Livonia Employees' Retirement System For Appointment As Lead Plaintiff and

20   Approval of Lead Plaintiff's Selection of Lead Counsel (the "Goldberg

21   Declaration") at Exhibit A.

22
     Movant brings the instant motion pursuant to plaintiff Tom Shepardson's
23
     notice of pendency, and files this motion prior to expiration of the 60-day period
24
25   from publication of the July 24, 2009, notice.

26   On September 4, 2009, defendants filed a motion to transfer venue in this

27

28
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CITY OF LIVONIA EMPLOYEES'
RETIREMENT SYSTEM APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF
LEAD COUNSEL  [ORIGINAL] No. CV 09-5416-GHK (Rzx)

4

action from the Western Division to the Southern Division of the Central District

of California  (Docket #21).  Defendants' motion currently is pending, and has

been set for hearing on September 28, 2009, at 9:30 p.m. in Courtroom 650.

## III.    ARGUMENT

### A.    Movant Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting

lead plaintiff in class actions brought under the Act.  The PSLRA directs courts to

consider any motion to serve as lead plaintiff filed by class members in response

to a published notice of class action by the later of (i) 60 days after the date of

publication of the notice, or (ii) as soon as practicable after the Court decides any

pending motion to consolidate.  15 U.S.C. §78u-4(a)(3)(B).  The PSLRA provides

a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead

plaintiff is the person or group of persons that:

> (aa)    has either filed the complaint or made a motion in response to a
>
> notice. . . ;
>
> (bb)    in the determination of the Court, has the largest financial
>
> interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal
>
> Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir.

2002)

As set forth herein, City of Livonia Employees' Retirement System satisfies

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CITY OF LIVONIA EMPLOYEES'
RETIREMENT SYSTEM APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF
LEAD COUNSEL  [ORIGINAL] No. CV 09-5416-GHK (Rzx)

5

all three of these criteria and thus is entitled to the presumption that it is the most

adequate lead plaintiff for the Class.

**1.      Movant Is Making A Motion In Response To A Notice**

On July 24, 2009,  pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for

plaintiff Tom Shepardson published a notice of pendency of plaintiff's case on

*Marketwire*  –  a widely circulated national business-oriented wire service[2] –

announcing that a securities class action had been filed against defendants herein,

and advising purchasers of Skilled Healthcare Group securities that they had until

September 22, 2009, to file a motion to be appointed as lead plaintiff.  Movant

files the instant motion pursuant to plaintiff's published notice, and submits

herewith Movant's sworn certification attesting that City of Livonia Employees'

Retirement System is willing to serve as representative of the Class and willing to

provide testimony at deposition and trial, if necessary.  *See* Goldberg Declaration,

Exhibit B.  Movant therefore satisfies the requirement of either filing a complaint

or making a motion in response to a published notice.

**2.      Movant Has The Largest Financial Interest In This Action**

The PSLRA requires a court to adopt the rebuttable presumption that "the

most adequate plaintiff . . . is the person or group of persons that . . . has the

largest financial interest in the relief sought by the class."  15 U.S.C. §78u-

4(a)(3)(B)(iii).  *In re Cavanaugh*, 306 F.3d at 730.

---

[2]*Query v. Maxim Integrated Products, Inc.*, 558 F.Supp.2d 969, 974 (N.D. Cal.
2008).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CITY OF LIVONIA EMPLOYEES'
RETIREMENT SYSTEM APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF
LEAD COUNSEL  [ORIGINAL] No. CV 09-5416-GHK (Rzx)

6

Here, Movant purchased 8608 shares of Skilled Healthcare during the Class

Period, and as a result has suffered losses of $44,662.71.  *See* Goldberg

Declaration, Exhibit C.  To the best of its knowledge, Movant believes it has the

largest known financial interest in this case among Class members who filed

timely applications for appointment as lead plaintiff, and accordingly is presumed

to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d at 730.

### 3.    Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in

addition to possessing the largest financial interest in the outcome of the litigation,

a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal

Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class

representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is
>
> impracticable, (2) there are questions of law or fact common to the
>
> class, (3) the claims or defenses of the representative parties are
>
> typical of the claims or defenses of the class, and (4) the
>
> representative parties will fairly and adequately protect the interest of
>
> the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of

Rule 23, the Court need not raise its inquiry to the level required in ruling on a

motion for class certification.  A *prima facie* showing that a PSLRA movant

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL  [ORIGINAL] No. CV 09-5416-GHK (Rzx)

7

satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh*, 306 F.3d at

731. Courts thus limit their inquiry to the typicality and adequacy prongs of Rule

23(a), and defer examination of the remaining requirements until class

certification. *See Gluck v. CellStar Corp.*, 976 F.Supp. 542, 546 (N.D.Tex.,1997).

### a.    Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims

arise from the same event, practice or course of conduct that gives rise to other

class members' claims, and plaintiff's claims are based on the same legal theory.

*See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1137 (C.D. Cal.

1999). Here, Movant's claims are typical of the claims asserted by Class.

Movant, like all members of the Class, alleges that defendants violated federal

securities laws by publicly disseminating false and misleading statements

concerning SKH's business, operations and financial performance and prospects.

Movant, like all members of the Class, purchased SKH securities at prices

artificially inflated by defendants' misrepresentations and omissions, and was

damaged thereby. The interests of Movant are closely aligned with other Class

members', and they are, therefore, typical of the other members of the Class. *Id.*

### b.    Movant Is An Adequate Representative

The adequacy of representation requirement of Rule 23 is satisfied where it

is established that a representative party "will fairly and adequately protect the

interest of the class." Accordingly:

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CITY OF LIVONIA EMPLOYEES'
RETIREMENT SYSTEM APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF
LEAD COUNSEL  [ORIGINAL] No. CV 09-5416-GHK (Rzx)

8

1
2
3
4
5

The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

6   *Takeda,* 67 F. Supp. 2d at 1137 (citation omitted).  The class representative must

7   also have "a sufficient interest in the outcome of the case to ensure vigorous

8   advocacy." *Id*.

9
10
11   Movant has demonstrated its adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class.  Movant has communicated

12   with competent, experienced counsel concerning this case, and has made this

13   motion to be appointed lead plaintiff.  Movant also sustained significant losses

14   from its investments in SKH securities and is, therefore, extremely motivated to

15   pursue the claims in this action. *See* Goldberg Declaration, Exhibit C.  Moreover,

16   *"*no evidence exists to suggest that [movant is] antagonistic to other members of

17   the class or [its] attorneys*." Yousefi v. Lockheed Martin Corp.*, 70 F.Supp.2d

18
19   1061, 1071 (C.D.Cal. 1999).

20   **4.   Movant Is Presumptively The Most Adequate Plaintiff**

21   The presumption in favor of appointing Movant as lead plaintiff may be

22   rebutted only upon proof "by a purported member of the plaintiffs' class" that the

23
24   presumptively most adequate plaintiff:

25   (aa)   will not fairly and adequately protect the interest of the class;

26   or

27
28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL  [ORIGINAL] No. CV 09-5416-GHK (Rzx)

9

(bb)   is subject to unique defenses that render such plaintiff

incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that City of Livonia Employees' Retirement System is the most adequate plaintiff is not, therefore, subject to rebuttal.  Movant has suffered substantial losses – in excess of $44,000 – and believes that it has the largest known financial interest in this case of any timely lead plaintiff movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against it that would render Movant inadequate to represent the Class.  Accordingly, City of Livonia Employees' Retirement System is presumptively the most-adequate plaintiff and should be appointed lead plaintiff for the Class.  *In re Cavanaugh* 306 F.3d at 730 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

## C.   The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court.  *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interest of the plaintiff class.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh,* 306 F.3d at 733.  In the present

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CITY OF LIVONIA EMPLOYEES'
RETIREMENT SYSTEM APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF
LEAD COUNSEL  [ORIGINAL] No. CV 09-5416-GHK (Rzx)

10

1  case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this

2  litigation on its behalf, and will retain this firm as Plaintiff's lead counsel, in the

3  event Movant is appointed lead plaintiff.  Glancy Binkow & Goldberg LLP

4  possesses extensive experience in the area of securities litigation and has

5

6  successfully prosecuted numerous securities fraud class actions on behalf of

7  injured investors, as reflected by the firm's résumé attached to the Goldberg

8  Declaration as Exhibit D.  Thus, the Court may be assured that, by granting

9  Movant's motion, the Class will receive the highest caliber of legal representation.

10

11 **IV.   CONCLUSION**

12      For the foregoing reasons, Movant respectfully asks the Court to grant its

13 motion and enter an Order (a) appointing City of Livonia Employees' Retirement

14 System as lead plaintiff, and (b) approving its choice of Glancy Binkow &

15 Goldberg LLP as lead counsel for the Class, and granting such other relief as the

16

17 Court may deem just and proper.

18

19 Dated: September 22, 2009           GLANCY BINKOW & GOLDBERG LLP

20                                      /s/ *Michael Goldberg*

21                                     Michael Goldberg
                                       Lionel Z. Glancy
22                                     1801 Avenue of the Stars, Suite 311
23                                     Los Angeles, California 90067
                                       Telephone: (310) 201-9150
24                                     Facsimile: (310) 201-9160
25                                     info@glancylaw.com

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL  [ORIGINAL] No. CV 09-5416-GHK (Rzx)

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Movant City of Livonia*
*Employees' Retirement System, and*
*Proposed Lead Counsel*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CITY OF LIVONIA EMPLOYEES'
RETIREMENT SYSTEM APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF
LEAD COUNSEL  [ORIGINAL] No. CV 09-5416-GHK (Rzx)

12

1

2

3

**PROOF OF SERVICE BY ELECTRONIC POSTING
PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA
LOCAL RULES AND ECF GENERAL ORDER NO. 08-02
AND BY MAIL ON ALL KNOWN NON-REGISTERED PARTIES**

4

I, the undersigned, say:

5

6

7

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court.  I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

8

On September 22, 2009, I posted the following documents electronically to the ECF website of the United States District Court for the Central District of California:

9

10

11

**1.    NOTICE OF MOTION AND MOTION OF CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

12

13

14

**2.    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

15

16

17

18

**3.    DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF MOTION OF CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL [AND EXHIBITS]**

19

20

**4.    [PROPOSED] ORDER GRANTING MOTION OF CITY OF LIVONIA EMPLOYEES' RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

21

on all ECF-registered parties in the action as listed below:

22

23

Kenneth Joseph Catanzarite
kcatanzarite@catanzarite.com,jdevera@catanzarite.com

24

Michele D Johnson
michele.johnson@lw.com,#ocecf@lw.com,jana.roach@lw.com

25

26

Phillip Kim
pkim@rosenlegal.com

27

28

Laurence M Rosen
lrosen@rosenlegal.com

Marisa G Westervelt
marisa.westervelt@kattenlaw.com

1  Richard H Zelichov
   richard.zelichov@kattenlaw.com
2
   and, upon all others not so-registered but instead listed below:
3
   Bruce G Vanyo
4  Katten Muchin Rosenman LLP
   575 Madison Avenue
5  New York, NY 10022

6

7        **By Mail**: By placing true and correct copies thereof in individual sealed
   envelopes, with postage thereon fully prepaid, which I deposited with my
8  employer for collection and mailing by the United States Postal Service. I am
   readily familiar with my employer's practice for the collection and processing of
9  correspondence for mailing with the United States Postal Service. In the ordinary
   course of business, this correspondence would be deposited by my employer with
10 the United States Postal Service that same day.

11       I certify under penalty of perjury under the laws of the United States of
   America that the foregoing is true and correct. Executed on September 22, 2009,
12 at Los Angeles, California.

13

14                              *s/Michael Goldberg*
                               Michael Goldberg
15

16

17

18

19

20

21

22

23

24

25

26

27

28