Kenneth J. Catanzarite, Esq. (SBN # 113750)
**CATANZARITE LAW CORPORATION**
2331 West Lincoln Avenue
Anaheim, CA 92801
Tel: (714) 520-5544
Fax: (714) 529-0680
kcatanzarite@catanzarite.com
[Proposed] Liaison Counsel for Plaintiff

Laurence Rosen, Esq. (SBN # 219683)
Phillip Kim, Esq.
**THE ROSEN LAW FIRM, P.A.**
350 Fifth Avenue, Suite 5508
New York, New York 10118
Tel: (212) 686-1060
Fax: (212) 202-3827
lrosen@rosenlegal.com
pkim@rosenlegal.com
[Proposed] Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| TOM SHEPARDSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>SKILLED HEALTHCARE GROUP, INC.; BOYD HENDRICKSON; JOHN E. KING; DEVASIS GHOSE; CREDIT SUISSE SECURITIES, LLC; BANC OF AMERICA SECURITIES LLC; GOLDMAN, SACHS & CO.; J.P. MORGAN SECURITIES, INC.; THE BEAR STEARNS COMPANIES, INC.; RBC CAPITAL MARKETS CORPORATION; and SCOTIA CAPITAL (USA), INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:09-CV-5416-GHK (RZx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JERRY PEHLKE, JR. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL**<br><br>DATE/TIME: Oct. 19, 2009, 9:30 a.m.<br>JUDGE: Hon. George H. King<br>CTRM: 650 (Roybal) |

1

MEMO. P&As ISO MTN. OF JERRY PEHLKE, JR. FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL--Civil Action No. 2:09CV-5416-GFK (RZx)

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Jerry Pehlke, Jr. ("Movant" or "Mr. Pehlke") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act") and the Securities Act of 1933 (the "Securities Act'), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) appointing Movant as Lead Plaintiff for (a) all persons other than defendants who purchased the Class A common stock of defendant Skilled Healthcare Group, Inc. (the "Company" or "SKH") pursuant and/or traceable to Company's Registration Statement and Prospectus issued in connection with the Company's Initial Public Offering on May 14, 2007 (the "IPO"), including purchasers through August 5, 2009, seeking to recover damages caused by Defendants' violations of the federal securities laws and to pursue remedies under the Securities Act; and (b) all persons other than Defendants who purchased the Class A common stock of the Company between May 14, 2007 and June 9, 2009, inclusive for violations of the federal securities laws and to pursue remedies under the Exchange Act.

## I. PERTINENT BACKGROUND

On July 24, 2009 this action commenced with the filing of the complaint against the Defendants[1] for violations of the Sections 10(b) and

[1] The defendants are Skilled Healthcare, its CEO and Chairman Boyd Hendrickson ("Hendrickson"), its former CFO John E. King ("King") and current CFO Devasis Ghose ("Ghose"); and the "Underwriters" for Skilled Healthcare's IPO, Credit Suisse Securities LLC, UBS Securities LLC, Banc of America Securities LLC, The Bear Stearns Companies, Goldman, Sachs & Co., J.P. Morgan Securities, Inc., RBC Capital Markets Corporation, and Scotia Capital (USA) (collectively the "Defendants").

20(a) of the Exchange Act[1] and Section 11, 12(a)(2) and 15 of the Securities Act.[2] The same day, the Rosen Law Firm issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case and the 60 day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl.").

The complaint alleges that Skilled Healthcare and certain of its present and former officers, directors, underwriters, and control persons with violations of the Securities Act and Exchange Act in connection with the Company's IPO and the Company's public disclosures. The complaint alleges that Defendants issued materially false and misleading statements of earnings in its SEC filings and in other public announcements contrary to Generally Accepted Accounting Principles. In an announcement dated June 9, 2009, Skilled Healthcare announced that the Company's prior financial statements for the annual and quarterly periods between January 1, 2006 and March 31, 2009 should no longer be relied upon and that Company expected to restate those financial statements. According to the announcement, Skilled Healthcare discovered errors relating to its accounting for reserves on its accounts receivable. The Company estimated that the cumulative charges against after-tax earnings in the aggregate would be between $8

---

1 The Section 10(b) and Rule 10b-5 claim is asserted against all Defendants except the Underwriters. The Section 20(a) control person claim is asserted against defendants Hendrickson, King and Ghose.

2 The Section 11 claim is asserted against Skilled Healthcare, Hendrickson and the Underwriters. The Section 12(a)(2) claim is asserted against Skilled Healthcare and the Underwriters. The Section 15 claim is asserted against defendants Hendrickson and King.

3

MEMO. P&As ISO MTN. OF JERRY PEHLKE, JR. FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL--Civil Action No. 2:09CV-5416-GFK (RZx)

million and $9 million. The complaint alleges that this adverse disclosure caused the value of Skilled Healthcare's stock to fall, damaging investors.

**ARGUMENT**

**II. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act and the Securities Act. 15 U.S.C. § 78u-4(a)(3)(B); 15 U.S.C. §77z-1(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii); 15 U.S.C. § 77z-1(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 2 (N.D. Cal. Apr. 16, 2007); (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)).

As set forth below, Movant satisfies the above criteria and is the most adequate plaintiff and should be appointed as Lead Plaintiff.

4

MEMO. P&As ISO MTN. OF JERRY PEHLKE, JR. FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL--Civil Action No. 2:09CV-5416-GFK (RZx)

**A. Movant Is Willing to Serve as Class Representative**

Movant, as set forth in his certification filed concurrently herewith, attests that he has reviewed the complaint and is willing to serve as a representative of the class. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class. *See* Rosen Decl. Ex. 2.

**B. Movant Has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(b)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify how to calculate the "largest financial interest", the approximate losses suffered are the most determinative. *Richardson*, 2007 WL 1129344 at * 4 (citing cases).

Movant Jerry Pehlke, Jr. purchased 34,000 shares of Skilled Healthcare stock during the class period at a cost of $508,220.00. Mr. Pehlke sold all of these shares for proceeds of $266,560.00, thereby suffering approximate losses of $241,660.00. *See* Rosen Decl., Ex. 3.

With $244,660.00 in losses, Mr. Pehlke has a substantial financial interest in the outcome of this litigation. Movant is not aware of any other individual who has suffered greater losses in Skilled Healthcare securities during the Class Period. Accordingly, the Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

**C. The Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil

5

MEMO. P&As ISO MTN. OF JERRY PEHLKE, JR. FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL--Civil Action No. 2:09CV-5416-GFK (RZx)

Procedure."   15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc);   15 U.S.C. § 77z-1(a)(3)(b)(iii)(I)(cc).  Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *Mohanty v. Big Band Networks, Inc.*, 2008 WL 426250, at * 5 (N.D. Cal. Feb. 14, 2008) (typicality and adequacy are the "key factors" at the lead plaintiff stage).

Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and his claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act and/or Securities Act by publicly disseminating false financial statements

6

MEMO. P&As ISO MTN. OF JERRY PEHLKE, JR. FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL--Civil Action No. 2:09CV-5416-GFK (RZx)

about its business practices and financial condition. Movant, as did all of the members of the class, purchased Skilled Healthcare securities at prices artificially inflated by Defendants' misstatements and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as his desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movant as Lead Plaintiff.

**D. The Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. §77z-1(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed in Section C, above. Movant is not aware of any unique defenses Defendants could raise against any him that would render him inadequate to represent the class. Accordingly, the Court should appoint the Movant as Lead Plaintiff for the class.

7

MEMO. P&As ISO MTN. OF JERRY PEHLKE, JR. FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL--Civil Action No. 2:09CV-5416-GFK (RZx)

## III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm as Lead Counsel and the Catanzarite Law Corporation as Liaison Counsel. The Rosen Law Firm has been actively researching the Class Plaintiffs' claims - reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. The Rosen Law Firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. Both firms have prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. The resumes of the Rosen Law Firm and Catanzarite Law Corporation are attached as Exhibits 4 & 5 to the Rosen Declaration.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead and Liaison Counsel, the members of the class will receive the best legal representation available.

8

MEMO. P&As ISO MTN. OF JERRY PEHLKE, JR. FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL--Civil Action No. 2:09CV-5416-GFK (RZx)

## IV. CONCLUSION

For the foregoing reasons, Jerry Pehlke, Jr. respectfully requests that the Court issue an Order (1) appointing him as Lead Plaintiff for the class; (2) approving The Rosen Law Firm P.A. as Lead Counsel and the Catanzarite Law Corporation as Liaison Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:   September 22, 2009

Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

 /s/ Laurence Rosen, Esq.
Laurence Rosen, Esq. (SBN #219683)
Phillip Kim, Esq.
**THE ROSEN LAW FIRM, P.A.**
350 Fifth Avenue, Suite 5508
New York, New York 10118
Tel: (212) 686-1060
Fax: (212) 202-3827

[Proposed] Lead Counsel for Plaintiff

-and-

Kenneth J. Catanzarite, Esq. (SBN # 113750)
**CATANZARITE LAW CORPORATION**
2331 West Lincoln Avenue
Anaheim, CA 92801
Tel: (714) 520-5544
Fax: (714) 529-0680

[Proposed] Liaison Counsel for Plaintiff

9

MEMO. P&As ISO MTN. OF JERRY PEHLKE, JR. FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL--Civil Action No. 2:09CV-5416-GFK (RZx)

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A. I am over the age of eighteen.

On September 22, 2009, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JERRY PEHLKE, JR. FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on September 22, 2009.

/s/ Laurence Rosen
Laurence M. Rosen

10

MEMO. P&As ISO MTN. OF JERRY PEHLKE, JR. FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL--Civil Action No. 2:09CV-5416-GFK (RZx)