E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5416-GHK (RZx) | Date | September 24, 2009 |
|---|---|---|---|
| Title | *Tom Shepardson v. Skilled Healthcare Group, Inc., et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers) Order re: Defendants' Motion to Transfer Venue

   This matter is before the Court on Defendants Skilled Healthcare Group, Inc., Boyd Hendrickson, John E. King, Devasis Ghose, Credit Suisse Securities, LLC, Banc of America Securities LLC, Goldman, Sachs & Co., J.P. Morgan Securities, Inc., The Bear Stearns Companies, Inc., RBC Capital Markets Corporation, and Scotia Capital (USA), Inc.'s ("Defendants")[1] Motion to Transfer Venue ("Motion") from the Western Division of the Central District of California to the Southern Division. We have considered the papers filed in support of and in opposition to this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts of this case, we will repeat them only as necessary. Accordingly, we rule as follows.

   Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." However, a motion for an intradistrict transfer of venue "for the convenience of parties and witnesses" is inappropriate, as it will conflict with the Central District of California's local rules governing the assignment of civil cases.

   Therefore, the only issue is whether Plaintiff's misstatements on the Civil Cover Sheet in fact resulted in an erroneous assignment of this case to the Western Division. Under General Order No. 98-03 ("Method of Allocating Civil Cases Among the Divisions of the Central District of California"), "a civil case shall be assigned to the Southern Division if one of the following three venue components [is satisfied]." Paragraph (1)(A)(i)(b) sets forth one of the venue components: "the majority of all named defendants reside in the Southern Division or in a place outside the remainder of the Central District of California with an equal number deemed to be a Southern Division majority." The movants stated that the "underwriter defendants . . . do business throughout California, including in both Los Angeles and Orange counties." (Mot. Transfer Venue 1). Plaintiff did not challenge this assertion in his Opposition. For purposes of determining intradistrict venue, there is no principled way to assign a single residence to

---

  [1] Though mentioned in a number of the filings, UBS Securities, LLC was never served in this action and is not a Party.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5416-GHK (RZx) | Date | September 24, 2009 |
|---|---|---|---|
| Title | *Tom Shepardson v. Skilled Healthcare Group, Inc., et al.* | | |

a Party that resides in more than one division within the Central District.  Therefore, for purposes of determining intradistrict venue under General Order 98-03, we will discount any Party that resides in more than one division.

      Accordingly, we discount the seven Underwriter Defendants and Defendant Skilled Healthcare, as these entities do business in Orange County and Los Angeles County and therefore reside in both the Southern and Western Divisions.  (Mot. Transfer Venue 1; Ghose Decl. ¶3; Opp'n 4; Compl. ¶7; Mot. Transfer Venue 2; Hendrickson Decl. ¶11).  Of the remaining defendants (the individual defendants), two reside in Orange County and one resides outside the Central District entirely.  It is undisputed that Defendants Boyd Hendrickson and Devasis Ghose reside in the Southern Division (*see* Hendrickson Decl. ¶3; Ghose Decl. ¶2; Opp'n 4; Rosen Decl., Ex. 3)[2], and John E. King resides in Kentucky (*see* Opp'n 4; Hendrickson Decl. ¶5).  In light of these facts, this case must be assigned to the Southern Division.  The fact that Plaintiff erroneously conflated the residences of all the Defendants on the Civil Cover Sheet (*see* Johnson Decl., Ex. A, at 3) cannot be allowed to dictate venue.  Assigning cases on the basis of such misstatements would invite forum shopping and undermine the district's carefully constructed internal venue rules.

      The Motion is hereby **GRANTED**.  The above-captioned action **SHALL** be transferred to the Southern Division of the Central District of California to be reassigned.

      **IT IS SO ORDERED.**

|  |  --  :  --  |
|---|---|
| Initials of Deputy Clerk | Bea |

---

[2] Plaintiff asserts that Ghose owns three properties, two in Los Angeles County and one in Orange County, but nevertheless concedes Ghose is a resident of the Southern Division.  Ghose corrects Plaintiff by noting that he *currently* resides only in Orange County; the other addresses are former addresses.  (Ghose Decl. ¶2).