1  LATHAM & WATKINS LLP
        Paul H. Dawes (SBN 55191)
2       *paul.dawes@lw.com*
        Andrew M. Farthing (SBN 237565)
3       *andrew.farthing@lw.com*
     140 Scott Drive
4    Menlo Park, California  94025-3656
     Telephone:   (650) 328-4600
5    Facsimile:    (650) 463-2600

6    LATHAM & WATKINS LLP
        Michele D. Johnson (SBN 198298)
7       *michele.johnson@lw.com*
        Matthew D. Williamson (SBN 247647)
8       *matt.williamson@lw.com*
     650 Town Center Drive, 20th Floor
9    Costa Mesa, California  92626-1925
     Telephone:   (714) 540-1235
10   Facsimile:    (714) 755-8290

11   Attorneys for Defendants

12

13                    UNITED STATES DISTRICT COURT

14                   CENTRAL DISTRICT OF CALIFORNIA

15                        SOUTHERN DIVISION

16
     IN RE SKILLED HEALTHCARE          CASE NO. CV09-5416 DOC (RZx)
17   GROUP, INC. SECURITIES
     LITIGATION                        DEFENDANTS' REPLY IN SUPPORT
18                                     OF MOTION TO DISMISS AMENDED
                                       CLASS ACTION COMPLAINT
19

20                                     Trial Date:       None Set

21                                     Date:         June 21, 2010
                                       Time:         8:30 a.m.
22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................... 1

II.  ARGUMENT ................................................................................................. 3

A.   Plaintiffs' Section 10(b) Claim Fails For Lack Of
     Particularized Facts Creating A Strong Inference Of
     Scienter.................................................................................................. 3

     1.   Plaintiffs Have Not Pled Corporate Scienter.............................. 4

          a.   No Alleged Fact Supports That CW#1 Acted
               With Scienter, Rather Than With An
               Innocent Or Negligent State Of Mind............................. 4

          b.   CW#1 Did Not Make The Challenged
               Statements. .................................................................... 6

     2.   The Confidential Witnesses Do Not Support An
          Inference of Scienter As To Any Defendant. ........................... 8

          a.   CW#1 Does Not Provide Any Facts
               Supporting Scienter. ...................................................... 9

          b.   The Rest Of The CW Allegations Support
               Defendants' Diligence, Not Any Inference
               Of Scienter.................................................................... 10

     3.   The 2009 Restatement Does Not Support Scienter. ............... 11

     4.   Allegations Of Hands-on Management Do Not
          Demonstrate Scienter.............................................................. 12

     5.   Alleged Red Flags And Deficiencies In Internal
          Controls Do Not Support Scienter........................................... 14

     6.   SOX Certifications Do Not Demonstrate Scienter.................. 15

     7.   Undisputed Allegations Negate Any Inference of
          Scienter. ................................................................................. 15

B.   The FAC Fails To Allege That Statements Outside Of
     The Restated Financials Were False Or Misleading When
     Made..................................................................................................... 17

C.   Plaintiffs' Section 11 Claim Fails For Lack Of
     Particularity........................................................................................ 19

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

i

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

1

     D.    Plaintiffs' Control Person Claims Fail For Lack Of A
Predicate Violation...............................................................................20

III.     CONCLUSION ........................................................................20

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
ORANGE COUNTY

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Batwin v. Occam Networks, Inc.*,
   No. 07-2750, 2008 WL 2676364 (C.D. Cal. July 1, 2008) ........................ 13, 14

*Beaver County Ret. Bd. v. LCA-Vision Inc.*,
   No. 1:07750, 2009 U.S. Dist. LEXIS 31375 (S.D. Ohio Mar 25, 2009)........... 12

*Belodoff v. Netlist, Inc.*,
   No. 07-00677, 2008 U.S. Dist., LEXIS 45289 (C.D. Cal. May 30, 2008).. 19, 20

*DSAM Global Value Fund v. Altris Software, Inc.*,
   288 F.3d 385 (9th Cir. 2002) ........................................................... 11

*Ernst & Ernst v. Hochfelder*,
   425 U.S. 185 (1976) ...................................................................... 4

*Gaines v. Guidant Corp.*,
   No. 1:03-00892, 2004 WL 2538374 (S.D. Ind. Nov. 8, 2004)......................... 17

*Glazer Capital Management, L.P. v. Magistri*,
   549 F.3d 736 (9th Cir. 2008) ........................................... 2, 6, 7, 8, 15

*Goldstein v. MCI Worldcom*,
   340 F.3d 238 (5th Cir. 2003) ...................................................... 9, 12

*Higginbotham v. Baxter Int'l, Inc.*,
   495 F.3d 753 (7th Cir. 2007) ......................................................... 16

*In re AFC Enters. Sec. Litig.*,
   348 F. Supp. 2d 1363 (N.D. Ga. 2004) ............................................... 12

*In re Acterna Corp. Sec. Litig.*,
   378 F. Supp. 2d 561 (D. Md. 2005) .................................................. 17

*In re Adecco S.A. Sec. Litig.*,
   434 F. Supp. 2d 815 (S.D. Cal. 2006) ............................................... 10

*In re Apple Computer, Inc. Sec. Litig.*,
   243 F. Supp. 2d 1012 (N.D. Cal. 2002) ......................................... 3, 8, 13

*In re Australia and New Zealand Banking Group Ltd. Sec. Litig.*,
   No. 08-11278, 2009 U.S. Dist. LEXIS 116578 (S.D.N.Y. Dec. 14, 2009)....... 18

*In re Baan Co. Sec. Litig.*,
   103 F. Supp. 2d 1 (D.D.C. 2000) ...................................................... 5

*In re Bearing Point, Inc. Sec. Litig.*,
   525 F. Supp. 2d 759 (E.D. Va. 2007) ................................................. 16

*In re CP Ships Ltd. Secs. Litig.*,
   506 F. Supp. 2d 1161(M.D. Fla. 2007) ............................................... 12

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

*In re CV Therapeutics, Inc. Sec. Litig.,*
No. 03-03709, 2004 U.S. Dist. LEXIS 17419 (N.D. Cal. Aug. 5, 2004) ............ 8

*In re Century Aluminum Co. Sec. Litig.,*
No. 09-1001, 2010 WL 1729426 (N.D. Cal. Apr. 27, 2010) ............................. 20

*In re Copper Mtn. Sec. Litig.,*
311 F. Supp. 2d 857 (N.D. Cal. 2004) ............................................................... 18

*In re Cylink Sec. Litig.,*
178 F. Supp. 2d 1077 (N.D. Cal. 2001) ............................................................... 8

*In re Dura Pharms., Inc. Sec. Litig.,*
548 F. Supp. 2d 1126 (S.D. Cal. 2008) ............................................................. 18

*In re Foundry Networks, Inc. Sec. Litig.,*
No. 00-4823, 2003 U.S. Dist. LEXIS 18200 (N.D. Cal. Aug. 29, 2003) .......... 18

*In re H&R Block Sec. Litig.,*
527 F. Supp. 2d 922 (W.D. Mo. 2007) .............................................................. 17

*In re Hienergy Techs., Inc.,*
No. 04-1226 2005 WL 3071250 (C.D. Cal. Oct. 25, 2005) ................................ 8

*In re Hypercom Corp. Sec. Litig.,*
No. 05-0455, 2006 U.S. Dist. LEXIS 2669 (D. Ariz. Jan. 24, 2006) ............... 12

*In re Impac Mortg. Holdings, Inc. Sec. Litig.,*
554 F. Supp. 2d 1083 (C.D. Cal. 2008) ............................................................. 18

*In re International Rectifier Corp. Sec. Litig.,*
No. 0702544, 2008 U.S. Dist. LEXIS 44872 (C.D. Cal. May 23, 2008) ........... 7

*In re John Alden Fin. Corp. Sec. Litig.,*
249 F. Supp. 2d 1273 (S.D. Fla. 2003) ............................................................. 17

*In re Marsh & McLennan Cos., Inc. Sec. Litig.,*
501 F. Supp. 2d 452 (S.D.N.Y. 2006) ................................................................. 7

*In re New Century*
588 F. Supp. 2d 1206 (C.D. Cal. 2008) ............................................................. 16

*In re Pixar Sec. Litig.,*
450 F. Supp. 2d 1096 (N.D. Cal. 2006) ............................................................. 17

*In re ProQuest Sec. Litig.,*
527 F. Supp. 2d 728 (E.D. Mich. 2007) .............................................................. 5

*In re SeraCare Life Scis., Inc. Sec. Litig.,*
No. 05-2335, 2007 U.S. Dist. LEXIS 19654 (S.D. Cal. Mar. 19, 2007) .......... 20

*In re Silicon Graphics, Inc. Sec. Litig.,*
183 F.3d 970 (9th Cir. 1999) ...................................................................... 9, 16

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

*In re Stac Electrics Sec. Litig.*,
  89 F.3d 1399 (9th Cir. 1996) ............................................................................20

*In re Turbodyne Techs., Inc. Sec. Litig.*,
  No. 99-00697, 2000 WL 33961193 (C.D. Cal. Mar. 15, 2000) ........................8

*In re Turbodyne Techs., Inc. Sec. Litig.*,
  No. 99-00697, 2002 U.S. Dist. LEXIS 25738 (C.D. Cal. Mar. 13, 2002) ..........8

*In re Van Wagoner Funds, Inc. Sec. Litig.*,
  382 F. Supp. 2d 1173 (N.D. Cal. 2004) ............................................................20

*In re Wet Seal, Inc. Sec. Litig.*,
  518 F. Supp. 2d 1148 (C.D. Cal. 2007) ..................................................16, 17, 18

*In re Worlds of Wonder Sec. Litig.*,
  35 F.3d 1407 (9th Cir. 1994) ............................................................................11

*Karpov v. Insight Enters., Inc.*,
  No. 09-856, 2010 WL 2105448 (D. Ariz. Apr. 30, 2010) ................................12

*Marksman Partners L.P. v. Chantal Pharm. Corp.*,
  927 F. Supp. 1297 (C.D. Cal. 1996) ..................................................................16

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
  540 F.3d 1049 (9th Cir. 2008) ....................................................................13, 17

*Nursing Home Pension Fund, Local 144 v. Oracle Corp.*,
  380 F.3d 1226 (9th Cir. 2004) ..........................................................................13

*PR Diamonds v. Chandler*,
  364 F.3d 671 (6th Cir. 2004) ......................................................................12, 16

*Rosen v. Textron, Inc.*,
  321 F. Supp. 2d 308 (D.R.I. 2004)....................................................................18

*Rubke v. Capitol Bancorp Ltd.*,
  460 F. Supp. 2d 1124 (N.D. Cal. 2006) ............................................................20

*SG Cowen Sec. Corp. v. U.S. Dist. Court*,
  189 F.3d 909 (9th Cir. 1999) ..............................................................................9

*Svezzese v. Duratek, Inc.*,
  No. 01-1830, 2002 U.S. Dist. LEXIS 20967 (D. Md. Apr. 30, 2002)...............12

*Tellabs Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007)....................................................................................11, 17

*Zack v. Allied Waste Indus.*,
  No. 04-1640, 2005 U.S. Dist. LEXIS 35323 (D. Ariz. Dec. 15, 2005).............18

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009) ......................................................................passim

**FEDERAL STATUTES**

15 U.S.C. §§ 77o, 78t ........................................................................................... 20

15 U.S.C. § 78p(a).................................................................................................. 8

15 U.S.C. § 78u-4(b)(1) ........................................................................................ 17

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

## I.    INTRODUCTION

Plaintiffs do not dispute the key alleged fact that mandates dismissal of their fraud claim under Section 10(b):  CW#1 "acted alone."[1]  Plaintiffs' CW#1, a former employee of a Skilled Healthcare Group, Inc. ("Skilled" or the "Company") subsidiary, unilaterally transferred accounts receivable data within the Company's accounting system from older to more current accounts.  No alleged facts connect CW#1's actions to anyone else at the Company, let alone to any of the Company's management who are named as individual defendants.[2]  To the contrary, despite management's ongoing efforts to analyze aging accounts receivable, and multiple audits by the Company's independent auditors, Ernst & Young, CW#1's balance transfers "went undetected for years,"[3] according to Plaintiffs.  When Skilled and its management discovered CW#1's actions, they promptly announced the error, corrected the numbers, and issued a restatement.  These facts do not allege the requisite intent to defraud on the part of any of the defendants.

In fact, Plaintiffs do not allege that CW#1 himself—who is not a defendant—acted with scienter.  The only allegation regarding CW#1's state of mind is the Company's own disclosure that, as discovered by its management-led investigation, CW#1 appeared to have "acted in ways that were inconsistent with the Company's accounting policies and practices" by incorrectly dating accounts receivables and by improperly manipulating accounts receivable aging reports.  This disclosure by Skilled did not provide any facts that could support an inference that CW#1 acted with fraudulent intent, or with deliberate recklessness, rather than with an innocent or negligent state of mind.  Neither does the Amended Complaint

---

[1]   Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Opp.") at 9.

[2]   The individual defendants named in the Section 10(b) and Section 20 claims are Skilled's CEO Boyd Hendrickson, its current CFO Devasis Ghose, and its former CFO John King (together, "Individual Defendants").  FAC ¶¶ 96, 216.

[3]   Opp. at 1.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

1

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

("FAC").  Plaintiffs allege no facts supporting the notion of actionable motive, for example that CW#1 acted in order to make the Company or a division appear more profitable, in order to profit personally, or in order to achieve any other objective that could support an inference that he intended to deceive.

Even if Plaintiffs had alleged a fraudulent state of mind by CW#1, however, his knowledge cannot be attributed to the Company as a matter of law.  In the Ninth Circuit, Plaintiffs must "plead scienter with respect to those individuals who actually made the false statements," unless the fraud were so blatant that it created the strong inference that at least some corporate official knew of it—averments that Plaintiffs do not make.  *Glazer Capital Management, L.P. v. Magistri*, 549 F.3d 736, 745 (9th Cir. 2008).  CW#1 did not make any of the allegedly false statements.  He is not a top-tier senior executive alleged to have authority to speak on the Company's behalf.

Plaintiffs improperly seek to amend their Complaint through their Opposition by requesting judicial notice of several documents that they claim support the assertion that CW#1 was an executive-level officer of the Company.  It is axiomatic that a complaint may not be amended by the brief in opposition to a motion to dismiss.  But even if Plaintiffs' new allegations concerning CW#1's various titles could be properly considered on this motion, their own existing allegations demonstrate that he did not, and could not, speak for the Company.  Case law in this Circuit is clear that an employee who did not speak, and who acted alone, does not contribute his state of mind to the corporation.

Plaintiffs make only a half-hearted effort to defend the unsupported and insufficient allegations from the other confidential witnesses, none of which meets the stringent two-part test set forth by the Ninth Circuit in *Zucco Partners*.  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 995 (9th Cir. 2009).  Even if the CWs' statements were credited, they only support, rather than refute, that CW#1 acted alone without the knowledge of the Individual Defendants.

1    Plaintiffs' other scattershot attempts to demonstrate scienter similarly fail,

2 including the mere fact of Skilled's restatement, vague allegations of a hands-on

3 management style, deficiencies in internal controls announced at the same time as

4 the restatement, and Sarbanes-Oxley certifications signed by the Company's CEO

5 and CFO.  At most, Plaintiffs allege that the size of Skilled's accounts receivable

6 was an important metric to Skilled's executives.  But "[i]t is not enough for

7 Plaintiffs to allege that Defendants could have known about the [] problems, or

8 even that they should have known about them.  Plaintiffs must allege something

9 approaching actual knowledge on the part of [those] officers who made the

10 statements regarding the company."  *In re Apple Computer, Inc. Sec. Litig.*, 243 F.

11 Supp. 2d 1012, 1026 (N.D. Cal. 2002).  A motive to support scienter is also

12 lacking, where, as here, the Individual Defendants did not sell stock during the

13 class period, and one defendant purchased more.  Plaintiffs fail to plead a cogent

14 and compelling case of fraud that is more plausible than competing inferences.

15    Finally, Plaintiffs' Section 11 claim sounds in fraud, is subject to the

16 stringent pleading requirements of Rule 9(b), and fails for lack of particularity as to

17 all defendants.[4]  And because Plaintiffs' primary claims for liability under Sections

18 10(b) and 11 fail, so too do their control person claims under Sections 15 and

19 20(a).  The FAC should be dismissed.

20 **II.   ARGUMENT**

21
22       **A.   Plaintiffs' Section 10(b) Claim Fails For Lack Of Particularized
            Facts Creating A Strong Inference Of Scienter.**

23    The FAC wrongly attempts to impute scienter from CW#1 to Skilled and the

24 Individual Defendants.  FAC ¶ 104(c)-(d).  As Defendants' Motion explained,

---

[4]   The defendants named in the Section 11 claim are the Company, Mr.
26 Hendrickson, Mr. King, Skilled's Chief Operating Officer Jose Lynch, and an
   outside director Robert LeBlanc.  The defendants named in the Section 15
27 control person claim are Mr. Hendrickson, Mr. King, Mr. Lynch, Mr. LeBlanc,
   and shareholders Onex Corp., Onex US Principals LP, and Onex Partners LP.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

3

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

1   Plaintiffs fail to allege corporate scienter because CW#1 himself did not act with

2   scienter, and even if he did, his state of mind is not attributable to the Company

3   because he did not make any of the challenged statements.  Mot. at 13-17.

1.   **Plaintiffs Have Not Pled Corporate Scienter.**

    a.   **No Alleged Fact Supports That CW#1 Acted With Scienter, Rather Than With An Innocent Or Negligent State Of Mind.**

7   In order to argue that CW#1 possessed the requisite scienter, Plaintiffs rely

8   solely on Skilled's disclosures announcing the restatement.  Opp. at 22-23.  As set

9   forth in the Motion, however, Skilled's public statements do not explain why

10  CW#1 did the things he did.  Mot. at 16.  Scienter requires deceptive intent,

11  embracing fraud.  *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976).  To say

12  merely that CW#1 "manipulated" financial data only begs the question of why he

13  did so.  "Manipulate" has several benign meanings—such as, "[t]o handle, esp.

14  with skill or dexterity; to turn, reposition, reshape" or "[t]o process, organize, or

15  operate on mentally or logically"—in addition to those that suggest fraud.  OXFORD

16  ENGLISH DICTIONARY (Online Draft Rev. Sept. 2009).  Skilled's disclosure

17  provides no facts supporting an inference of evil intent.  After months of

18  investigation, and interviews with CW#1 and six other alleged witnesses, Plaintiffs

19  fail to allege any facts suggesting that CW#1 intended to defraud or deceive.

20  Instead, several alleged facts support an inference that CW#1 acted with an

21  innocent intent.  For example, in one of the restated quarters, his actions resulted in

22  an ***understatement*** of revenue by 34.13% (FAC ¶ 20), implying that he did not

23  intend to inflate revenue or profitability.  In addition, the Company's affiliate

24  facilities allegedly experienced difficulties obtaining reimbursement

25  documentation, and allegedly experienced high staff turnover rates, often requiring

26  the collection process to be restarted each time a person was replaced.  FAC ¶¶

27  39(d), 41.  Coupled with the allegation that CW#1 worked in the operations

28  finance department, not the accounting department, these allegations give rise to an

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

4

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

1  inference that his efforts were focused on operations, and not intended to falsify

2  the Company's financial statements.  FAC ¶ 39(c).

3      *Zucco Partners* is on point.  552 F.3d at 993-94, 999.  In *Zucco*, the

4  company adjusted the output of its automated accounting software by creating a

5  separate set of spreadsheets, believing that the software was generating inaccurate

6  results.  *Id*.  The *Zucco* plaintiffs alleged "manipulations" of the company's

7  inventory levels through manual processes, but the Ninth Circuit held that such

8  allegations "indicate[] only motive and opportunity—not scienter."  *Id.* at 999.

9  The same is true here.  No alleged facts suggest that the "manipulat[ion]" of data

10 by CW#1, including by use of "fictitious patient accounts," was for nefarious, as

11 opposed to innocent, reasons.  FAC ¶ 89(b).

12     The *ProQuest* case upon which Plaintiffs rely (Opp. at 22-23) demonstrates,

13 by comparison, that Skilled's disclosures do not support an inference of scienter.

14 *In re ProQuest Sec. Litig.*, 527 F. Supp. 2d 728, 734 (E.D. Mich. 2007).  In

15 *ProQuest*, the company disclosed that a vice president, who was the CFO of one of

16 its business units, manipulated financial reports "in order to inflate [company]

17 profits or to create the appearance of profitability."  *Id*.  Together with several

18 other facts not alleged here—including the alleged participation of the company's

19 CFO in the fraud, the substantial magnitude of the ProQuest restatement, and those

20 defendants' alleged motive to conceal the extent of the fraud in order to sell a

21 business unit and achieve a successful secondary offering—the court considered

22 the vice president's "intent to deceive" and "intent to defraud" as indicative of the

23 company's scienter.  *Id*. at 741.  The same is true in the *Baan* case cited by

24 Plaintiffs (Opp. at 23), which inferred scienter based on allegations of "an

25 intentional, fraudulent, scheme which required the assistance of" the individual

26 defendants.  *In re Baan Co. Sec. Litig.*, 103 F. Supp. 2d 1, 22 (D.D.C. 2000).

27     No such allegations are found in the FAC.  No facts suggest that CW#1

28 acted in order to inflate profits or create the appearance of profitability.  A lack of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

5

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

1   alleged motive on his part suggests otherwise.  Simply put, Plaintiffs do not allege

2   an intentional, fraudulent scheme.  Instead, there is a critical lack of particularized

3   facts suggesting that CW#1 acted with the knowledge and intent to overstate

4   Skilled's income in violation of GAAP.  Together with the lack of allegations

5   suggesting motive of the Individual Defendants, the more plausible inference to be

6   drawn from the allegations of the FAC is that CW#1's changes to financial data

7   were misguided attempts to correct what he believed to be erroneous information

8   generated by the Company's automated systems—just as in *Zucco*.  Plaintiffs have

9   failed to allege particularized facts giving rise to a "strong inference" that CW#1

10  acted with intent to deceive or defraud.

11          **b.     CW#1 Did Not Make The Challenged Statements.**

12          Second, Plaintiffs argue that, although CW#1 did not make any statements,

13  his state of mind is nevertheless attributable to the Company because he allegedly

14  furnished information that was incorporated into the financial statements.  Opp. at

15  17-18.  The law in this Circuit is to the contrary.  "[T]he PSLRA requires

16  [Plaintiffs] to plead scienter with respect to those individuals who actually made

17  the false statements."  *Glazer*, 549 F.3d at 745.  According to the Ninth Circuit, the

18  only exception to this rule is when a company's public statements were so

19  important, and so dramatically false, that they would create a strong inference that

20  at least some corporate officials knew of the falsity—such as, for example, an

21  announcement by General Motors that it had sold a million SUVs, when the actual

22  number was zero.  *Id.* at 743.  Plaintiffs do not, and could not, argue that Skilled's

23  receivable aging calculations rose to this level of importance or dramatic falsity.

24          The facts of *Glazer* are analogous.  In *Glazer*, a former senior vice president

25  caused the company to commit FCPA violations, at the same time that the

26  company and its CEO made statements claiming to be in compliance with all

27  applicable laws.  549 F.3d at 742.  The Ninth Circuit affirmed the district court's

28  dismissal of the complaint, rejecting the plaintiff's argument that knowledge of the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

6

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

1  senior vice president was attributable to the company or to the executives who

2  signed the statements.  *Id*. at 743-45 ("that a *different* executive knew about the

3  FCPA violations would do nothing to resuscitate [plaintiff's] claims" against

4  company or executives responsible for making challenged statements (emphasis in

5  original)).  The same is true here.  Even if Plaintiffs had alleged that CW#1,

6  allegedly a senior vice president, knew about GAAP violations, those allegations

7  would still not state a claim against Skilled or any of the Individual Defendants.

8      Ignoring the law of this Circuit, Plaintiffs rely on out-of-Circuit authorities

9  that apply an inconsistent standard.  Courts outside the Ninth Circuit would permit

10 an inference of scienter from those "who furnish information or language for

11 inclusion" in the challenged statements.  *Compare* Opp. at 17 (citing decisions

12 from the Fifth and Sixth Circuits and the District of Columbia) *with Glazer*, 549

13 F.3d at 745.  Similarly, Plaintiffs cite to *Marsh & McLennan*, from the Southern

14 District of New York, for the proposition that vice presidents who are not alleged

15 to have made statements have been found to supply corporate scienter.  Opp. at 19

16 n. 25, citing *In re Marsh & McLennan Cos., Inc. Sec. Litig.*, 501 F. Supp. 2d 452,

17 481 (S.D.N.Y. 2006).  These authorities are contrary to the law in the Ninth

18 Circuit.  No court within the Ninth Circuit has adopted or applied the "who furnish

19 information" standard created by the 5th Circuit in *Southland*.  One has rejected it.

20 *In re International Rectifier Corp. Sec. Litig.*, 2008 U.S. Dist. LEXIS 44872, at

21 *33-35 (C.D. Cal. May 23, 2008).  Plaintiffs overlook that courts in these circuits,

22 unlike the Ninth Circuit, permit the inference of scienter from such employees

23 without their having made the underlying misstatement.  *See*, *e.g., Marsh &*

24 *McLennan*, 501 F. Supp. 2d at 481.  Allegations that CW#1 furnished information

25 that was incorporated into Skilled's financial statements are therefore insufficient

26 to impute his state of mind to the Individual Defendants or the Company.

27      As Defendants argued in their Motion, the cases in this Circuit that impute

28 scienter from an officer to the corporation do so only with respect to top-tier

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

7

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

1   executives who speak for the corporation.  Mot. at 14-15.[5]  Plaintiffs' reliance on

2   *Cylink* (Opp. at 17 n. 23) supports, rather than contradicts, this argument.  *In re*

3   *Cylink Sec. Litig.*, 178 F. Supp. 2d 1077, 1079, 1081 (N.D. Cal. 2001) (imputing to

4   corporation scienter of President/CEO and CFO who signed the financial

5   statements alleged to be false).

6         Attempting improperly to amend the complaint through their opposition,

7   Plaintiffs seek judicial notice of documents not referenced in the FAC in order to

8   contend that CW#1 was a high-level executive officer.  Opp. at 2-5, 16-24.  These

9   purported facts—including that Skilled listed CW#1 as an executive officer for

10  purposes of complying with Section 16(a), 15 U.S.C. § 78p(a)—must be

11  disregarded on this motion.  *See In re Turbodyne Techs., Inc. Sec. Litig.*, 2002 U.S.

12  Dist. LEXIS 25738, at *36 (C.D. Cal. Mar. 13, 2002) (denying request for judicial

13  notice of documents plaintiff submitted with opposition brief for purpose of curing

14  omission in complaint).[6]  The portions of Plaintiffs' Opposition that rely upon

15  these newly added "allegations" (*e.g.*, Opp. at 19:16-20:3, 20 n. 29, 22:5-10,

16  23:10-13) must therefore be disregarded.  Even if these new facts are considered,

17  however, they are not relevant to impute his state of mind to the corporation

18  because CW#1 did not speak.  Being a Section 16(a) filer does not constitute an

19  allegation that CW#1 spoke for the Company.  According to the FAC, he did not.

20  Under *Glazer* and *Apple*, his scienter cannot be imputed to Skilled, whatever his

21  title.  *Glazer*, 549 F.3d at 745; *Apple*, 243 F. Supp. 2d at 1023.

22                    2.    **The Confidential Witnesses Do Not Support An Inference of Scienter As To Any Defendant.**

23        As Defendants explained in their Motion, the CWs do not provide any facts

24

25  [5]   Citing *In re Hienergy Techs., Inc.*, 2005 WL 3071250, at *9 (C.D. Cal. Oct. 25, 2005) (CEO); *In re CV Therapeutics Sec. Litig*, 2004 U.S. Dist. LEXIS 17419,

26  at *32 (N.D. Cal. Aug. 5, 2004) (CEO and CFO); *In re Turbodyne Techs., Inc. Sec. Litig.*, 2000 WL 33961193, at *16 (C.D. Cal. 2000) (CEO).

27  [6]   *See also* Defendants' Opposition to Plaintiffs' Request for Judicial Notice, filed concurrently herewith.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

8

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

1    that could indicate scienter on the part of any Defendant.  Mot. at 17-21.  Plaintiffs

2    fail to demonstrate otherwise, either as to CW#1 or as to the other six CWs.

3                    a.      **CW#1 Does Not Provide Any Facts Supporting**
4                            **Scienter.**

5            The fundamental reason why CW#1's allegations fail to support scienter is

6    that he does not and cannot allege that the Individual Defendants, or anyone else at

7    the Company, knew that he was altering accounts receivable aging reports.  CW#1

8    does not allege that he was asked or pressured to alter the reports, or that he

9    informed anyone that he was doing so.  He does even allege that his alterations

10   were improper.  *See* Mot. at 17-19.  His allegations are not "indicative of scienter"

11   as required by *Zucco*.  552 F.3d at 995.

12           Plaintiffs do not contradict any of these alleged facts about CW#1.  In

13   response to Defendants' argument that CW#1 acted alone, Plaintiffs agree, "in fact,

14   the AC does not allege a conspiracy."  Opp. at 9.  Instead, they attempt to excuse

15   the lack of particularity in CW#1's allegations by complaining that CW#1 has had

16   no access to Company documents since his dismissal in May 2009.  *Id.* at 6 n. 11.

17   Courts have rejected this argument out of hand.  *E.g.*, *SG Cowen Sec. Corp. v. U.S.*

18   *Dist. Court*, 189 F.3d 909, 913 (9th Cir. 1999) ("discovery should be permitted in

19   securities class actions only after the court has sustained the legal sufficiency of the

20   complaint"); *Goldstein v. MCI Worldcom*, 340 F.3d 238, 256-57 (5th Cir. 2003)

21   (plaintiff must "lay out the who, what, when, and where in the pleadings before

22   access to the discovery produces is granted, to prevent abusive, frivolous strike

23   suits"); *see also In re Silicon Graphics Corp. Sec. Litig.*, 183 F.3d 970, 985 (9th

24   Cir. 1999) (allegations of internal reports without specifics provided no basis for

25   scienter); *In re Adecco S.A. Sec. Litig.*, 434 F. Supp. 2d 815, 831 (S.D. Cal. 2006)

26   (rejecting vague allegations that defendants received reports indicating that aging

27   of receivables was inaccurate).  Plaintiffs have not met their burden to plead

28   particularized facts in sufficient detail to demonstrate scienter as to each defendant.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

9

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

1    Plaintiffs argue that CW#1's allegations support scienter by claiming that

2  CW#1 allegedly stated that the Individual Defendants "signed off on putting a new

3  aging method into place, one they later claimed violated Company policy."  Opp.

4  at 22 n. 33, citing FAC ¶ 38.  The FAC, including paragraph 38, alleges no such

5  thing.  Rather, CW#1 allegedly stated only that senior management was aware of

6  and signed off on a different aging method.  FAC ¶ 38.  There are no allegations

7  that the aging methods used before or after the change violated Company policy,

8  were not appropriate, or were inconsistent with GAAP.  *See Zucco*, 552 F.3d at

9  999 (holding scienter was not adequately pled because CWs' allegations failed to

10  demonstrate that accounting practices used were improper).  Instead, as Defendants

11  argued in their Motion and Plaintiffs do not address, the compelling inference from

12  CW#1's vague statements, particularly given his firsthand participation in the

13  errors, is that the alleged change in methods cryptically referred to in the FAC had

14  nothing to do with CW#1's erroneous aging reports or the restatement.  Mot. at 18.

15         **b.    The Rest Of The CW Allegations Support
16                Defendants' Diligence, Not Any Inference Of Scienter.**

17    Plaintiffs make no effort to respond to Defendants' arguments that the

18  allegations attributed to CW#3, CW#4, CW#5, CW#6 or CW#7 do not meet the

19  two-part test set forth in *Zucco*.  Mot. at 20-21.  Instead, Plaintiffs state in a

20  conclusory manner that their allegations are "sufficiently described to demonstrate

21  the basis for [the CWs'] knowledge."  Opp. at 30.  For the reasons set forth in the

22  Motion and unrebutted in the Opposition, these CWs' allegations are neither

23  "described with sufficient particularity to establish their reliability and personal

24  knowledge" nor "indicative of scienter."  *Zucco*, 552 F.3d at 995.

25    The allegations attributed to CW#2 fare no better.  Plaintiffs make much ado

26  about CW#2's creation of "cost reports" and attendance at meetings to discuss the

27  cost reports.  Opp. at 29, citing FAC ¶ 39.  Yet Plaintiffs do not argue, and the

28  FAC does not allege, that the cost reports were false, that CW#2 knew or could

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

10

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

1   have known the cost reports were false, that the Individual Defendants knew or

2   could have known the cost reports were false, or that the cost reports should have

3   notified anyone that CW#1's accounts receivable aging information was

4   inaccurate.  *See Zucco*, 552 F.3d at 999 (CW allegations that management obtained

5   differing inventory figures from automated system and from manual calculation

6   did not show "the deliberate, conscious recklessness required for a strong inference

7   of scienter under the PSLRA").  In total, the CW allegations do not create an

8   inference of scienter more cogent or compelling than the alternative innocent

9   inference to which all defendants are entitled under *Tellabs*.  *Tellabs, Inc. v. Makor*

10  *Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).

11              3.       **The 2009 Restatement Does Not Support Scienter.**

12          As Defendants argued, nothing about Skilled's restatement supports an

13  inference of scienter.  Mot. at 21-22, citing *DSAM Global Value Fund v. Altris*

14  *Software, Inc.*, 288 F.3d 385, 390 (9th Cir. 2002); *In re Worlds of Wonder Sec.*

15  *Litig.*, 35 F.3d 1407, 1426 (9th Cir. 1994).  The Ninth Circuit recently rejected

16  Plaintiffs' contention that the "nature, magnitude, and duration of the accounting

17  violations supports a strong inference of scienter."  Opp. at 25.  Rather, "[i]n

18  general, the mere publication of a restatement is not enough to create a strong

19  inference of scienter."  *Zucco*, 552 F.3d at 1000.  Neither of the "two exceptions to

20  this general rule" is based on the size of the restatement, but instead depend upon

21  pleading facts showing management's knowledge of improper accounting.  *Id.*

22  Plaintiffs allege no facts that could show management's knowledge of improper

23  accounting.  As the District of Arizona recently held, "[i]t is improper for a court to

24  infer scienter simply based on the size of the allegedly fraudulent scheme."

25  *Karpov v. Insight Enters., Inc.*, 2010 WL 2105448, at *7 (D. Ariz. Apr. 30, 2010).

26          Even if magnitude were a critical fact, Skilled's restatement was relatively

27  minor.  FAC ¶ 20 (net income overstated by 17%, 12%, and 9% in 2006, 2007, and

28  2008, respectively).  Courts have routinely found that restatements larger than

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

11

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

these are not probative of scienter.  *See In re Hypercom Corp. Sec. Litig.*, 2006 U.S. Dist. LEXIS 2669, at *12-14 (D. Ariz. Jan. 24, 2006) (reductions of net income by 32%, 12% and 47% did not support a strong inference of scienter).[7]  In fact, in one of the restated quarters, revenue had actually been ***understated*** by 34.13%.  FAC ¶ 20.  Nothing about the size of Skilled's restatement supports an inference of scienter.

### 4. Allegations Of Hands-on Management Do Not Demonstrate Scienter.

More fundamentally, for a restatement to be probative of scienter, a plaintiff must plead particularized facts showing either that an individual defendant "had actual access to" information showing falsity or that "the nature of the relevant fact is of such prominence that it would be 'absurd' to suggest that management was without knowledge of the matter."  *Zucco*, 552 F.3d at 1000.  Even the case cited by Plaintiffs is in accord with this demanding standard.  Opp. at 25, citing *PR Diamonds v. Chandler*, 364 F.3d 671, 686 (6th Cir. 2004) (strong inference of scienter not shown, as "[i]t simply cannot be said that [the company's] accounting improprieties, by virtue of their type and size, 'should have been obvious'" because plaintiffs had failed to plead "'in your face facts' that 'cry out' scienter").

Although Plaintiffs allege that the Individual Defendants met with CW#1, and that the size of Skilled's accounts receivable and days' sales outstanding were important to Skilled's executives, there are no allegations that the Individual

---

[7]  *See also Goldstein*, 340 F.3d at 251 (net income overstatement of  28% did not support scienter); *Beaver County Ret. Bd. v. LCA-Vision Inc.*, 2009 U.S. Dist. LEXIS 31375, at *59-60 (S.D. Ohio Mar. 25, 2009) ("An accounting violation that results in an overstatement of income by more than 35% in a given year" did not establish scienter); *In re CP Ships Ltd. Secs. Litig.*, 506 F. Supp. 2d 1161, 1168-69 (M.D. Fla. 2007) (net income overstatements of 35% and 62% did not support scienter); *In re AFC Enters. Sec. Litig.*, 348 F. Supp. 2d 1363, 1373 & n. 3 (N.D. Ga. 2004) (net income overstatement by 50% and 136% did not support scienter); *Svezzese v. Duratek, Inc.*, 2002 U.S. Dist. LEXIS 20967, at *17-18 (D. Md. Apr. 30, 2002) (net income overstatements of 25%, 50% and 34% did not support scienter).

1    Defendants knew that the information they were receiving was false.  FAC ¶¶

2    39(b), 104(a), 100(d), 110(e), 122-23, 136, 147, 149, 161.  The Ninth's Circuit's

3    analysis in *Zucco Partners* is instructive:

> Allegations that [company] management had access to the purportedly manipulated quarterly accounting numbers, or that the management analyzed the inventory numbers closely, do not support the inference that management was in a position to know that such data was being manipulated.

8    552 F.3d at 1000-01; *see also Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540

9    F.3d 1049, 1068 (9th Cir. 2008) (concluding that it was "more 'cogent and at least

10   as compelling' to conclude that [the company] maintained its information tracking

11   systems for the necessary and legitimate purpose of running its business").

12   Similarly here, there are no allegations to suggest that the Individual Defendants

13   "had access to the underlying information from which the accounting numbers

14   were derived." *Zucco*, 552 F.3d at 1000-01.  "It is not enough for Plaintiffs to

15   allege that Defendants could have known about the [] problems, or even that they

16   should have known about them.  Plaintiffs must allege something approaching

17   actual knowledge on the part of [those] officers who made the statements regarding

18   the company." *Apple*, 243 F. Supp. 2d at 1026.

19         The CWs' allegations here stand in sharp contrast to *Oracle* and *Batwin*

20   (cited at Opp. at 11), in which the complaints contained particularized allegations

21   that executives actively monitored information that itself showed the falsity of their

22   public statements.  *See Nursing Home Pension Fund, Local 144 v. Oracle Corp.*,

23   380 F.3d 1226, 1231 (9th Cir. 2004) (concluding that strong inference of scienter

24   was shown when CEO allegedly stated that he knew "exactly how much we have

25   sold in the last hour around the world," when coupled with confidential witness

26   allegations of dramatically slowing sales); *Batwin v. Occam Networks, Inc.*, 2008

27   WL 2676364, at *11 (C.D. Cal. July 1, 2008) (finding strong inference of scienter

28   where complaint alleged with particularity that individual defendants knew of "the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

13

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

1    disconnect between Occam's actual revenues and those reported").  Plaintiffs'

2    allegations do not demonstrate that any of the Individual Defendants knew or were

3    deliberately reckless in not knowing that the accounts receivable aging information

4    provided to them by CW#1 was inaccurate, and therefore do not support an

5    inference of scienter.

6                 5.     **Alleged Red Flags And Deficiencies In Internal Controls Do
                          Not Support Scienter.**
7

8           Plaintiffs do not respond to Defendants' arguments that the FAC fails to

9    demonstrate that Defendants were aware of "red flags" and improperly failed to

10   take corrective action.  Mot. at 24-25.  Rather, the record stands unrebutted that the

11   first time the Individual Defendants discovered any inaccuracies or problems with

12   the Company's accounts receivable aging reports was after CW#1's departure from

13   the Company.  Farthing Decl. Ex. A at 11; FAC ¶ 185.  Accordingly, Plaintiffs

14   cannot rely on any supposed "red flags" to support an inference of scienter.

15          Plaintiffs similarly do not respond to Defendants' arguments that

16   deficiencies in internal controls do not demonstrate scienter (Mot. at 22-24), except

17   in a misleading footnote.  Opp. at 27 n. 37, citing FAC ¶ 107(a).  It is Plaintiffs'

18   burden to plead particularized facts demonstrating a link between earlier internal

19   controls deficiencies and those that led to the restatement.  *Zucco*, 552 F.3d at 990-

20   91.  The FAC does not do so.  Rather, paragraph 107, and the referenced paragraph

21   105, speak only to the status of Skilled's internal controls in 2006 and 2007; they

22   do not even address the deficiencies disclosed in 2009, much less try to connect the

23   earlier deficiencies to the restatement.  FAC ¶¶ 107(a), 105.  Instead, Plaintiffs'

24   allegations confirm that the two deficiencies are different and unrelated.  Skilled

25   publicly disclosed the original deficiency in connection with its IPO in early 2007.

26   *Id.* ¶ 100(e).  By the end of 2008, Skilled's external auditor opined that "the

27   Company maintained, in all material respects, effective internal control over

28   financial reporting as of December 31, 2008 . . . ."  Farthing Decl. Ex. D at 73.  It

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

14

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

1    is not a plausible inference for Plaintiffs to suggest that Skilled publicly announced

2    a deficiency, did not remedy it yet convinced its independent auditor that it had,

3    and then disclosed the same deficiency in connection with the restatement in 2009.

4              6.      **SOX Certifications Do Not Demonstrate Scienter.**

5              Contrary to Plaintiffs' arguments, the SOX certifications signed by some of

6    the Individual Defendants "add nothing substantial to the scienter calculus, and do

7    not make [Plaintiffs'] otherwise insufficient allegations [of scienter] more

8    compelling. *Zucco*, 552 F.3d at 1003-04.  As Plaintiffs acknowledge (Opp. at 28),

9    SOX certifications are probative of scienter only when coupled with particularized

10   allegations of fact showing that the person signing the certification was "severely

11   reckless" in so doing. *Glazer*, 549 F.3d at 747.  Because Plaintiffs have failed to

12   plead particularized facts that the Individual Defendants knew or were deliberately

13   reckless in not knowing that the accounts receivable aging information presented to

14   them by CW#1 was inaccurate, Plaintiffs have failed to demonstrate that any of the

15   Individual Defendants was "severely reckless" in signing the SOX certifications.

16   The certifications therefore add nothing to the scienter calculus.

17             7.      **Undisputed Allegations Negate Any Inference of Scienter.**

18             The Ninth Circuit requires that this Court consider "innocent inferences

19   cognizable from the facts pled" in determining whether Plaintiffs have pled a

20   strong inference of scienter. *Zucco*, 552 F.3d at 991.  Among those inferences

21   facts are unqualified audit opinions from Skilled's independent auditor, that Skilled

22   voluntarily investigated and disclosed the aging irregularities once it became aware

23   of them, and a lack of insider stock sales.  Mot. at 27-29.

24             Contrary to Plaintiffs' arguments in response (Opp. at 27-28 n. 39), courts

25   within this Circuit have held that a clean audit opinion, such as the one received by

26   Skilled (FAC ¶ 42, Farthing Decl. Ex. D at 73-74), negates an inference of scienter.

27   *See In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1166 (C.D. Cal. 2007).

28   The two cases on which Plaintiffs rely are inapposite.  *In re New Century* involved

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
ORANGE COUNTY

15

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

1  allegations of "serious auditing violations by KMPG," allegations which are not

2  present here.  588 F. Supp. 2d 1206, 1231-32 (C.D. Cal. 2008).  *Marksman*

3  *Partners* relied on pre-PSLRA authority, including the "motive and opportunity"

4  test since rejected by the Ninth Circuit in *Silicon Graphics.  Compare Marksman*

5  *Partners L.P. v. Chantal Pharm. Corp.*, 927 F. Supp. 1297, 1313 (C.D. Cal. 1996)

6  *with Silicon Graphics*, 183 F.3d at 974-75.

7          Skilled's management-led review of accounts receivable reserves, followed

8  by a restatement and accompanying voluntary disclosure of material weaknesses, is

9  inconsistent with a desire to conceal improper accounting and weigh against an

10  inference of scienter.  FAC ¶ 62; *see Higginbotham v. Baxter Int'l, Inc.*, 495 F.3d

11  753, 758 (7th Cir. 2007) (company's decision to conduct investigation

12  demonstrated "a pursuit of truth rather than reckless indifference to the truth"); *In*

13  *re Bearing Point, Inc. Sec. Litig.*, 525 F. Supp. 2d 759, 769 (E.D. Va. 2007)

14  ("truthful disclosures of negative information militate[] against a finding that

15  [defendants] acted with a culpable state of mind") (alterations in original).

16  Although Plaintiffs argue that courts have rejected this reasoning (Opp. at 23 n.

17  34), in fact, numerous courts have held that the voluntary investigation and

18  disclosure of negative information weighs against an inference of scienter.  *E.g.*,

19  *PR Diamonds*, 364 F.3d at 691 (cited in Opp. at 25) (company's decision to hire

20  consultant to investigate problems "counters an inference that the [defendants]

21  were trying to keep the alleged accounting problems hidden").[8]

22          Finally, the lack of stock sales by the Individual Defendants, and in fact, the

23  open market purchases of Skilled stock by King, are inconsistent with scienter.

24  Farthing Decl. Ex. B at 53-54; *see Metzler*, 540 F.3d at 1067 (lack of insider sales

25

26  [8]  *See also In re H&R Block Sec. Litig.*, 527 F. Supp. 2d 922, 930 (W.D. Mo.
      2007); *In re Acterna Corp. Sec. Litig.*, 378 F. Supp. 2d 561, 577 (D. Md. 2005);

27  *Gaines v. Guidant Corp.*, 2004 WL 2538374, at *16 (S.D. Ind. Nov. 8, 2004);
      *In re John Alden Fin. Corp. Sec. Litig.*, 249 F. Supp. 2d 1273, 281-82 (S.D. Fla.

28  2003).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

16

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

1  "suggest[ed] that there was no insider information from which to benefit"); *Wet*

2  *Seal*, 518 F. Supp. 2d at 1177-78 (absent allegations that defendants financially

3  benefited from scheme, it was "unreasonable to infer fraud"); *In re Pixar Sec.*

4  *Litig.*, 450 F. Supp. 2d 1096, 1105-06 (N.D. Cal. 2006) (that insiders retained

5  holdings "undermines any inference of scienter").

6      Each of these facts weighs heavily against an inference of scienter; viewed

7  "holistically," they do not establish that an inference of scienter is "cogent," much

8  less as "compelling" as any opposing inference. *Tellabs*, 551 U.S. at 314.

9

**B.    The FAC Fails To Allege That Statements Other Than The
        Restated Financials Were False Or Misleading When Made.**

10

11     Plaintiffs contend that the FAC adequately alleges four false statements

12  apart from Skilled's financial statements.  This is incorrect.  Two of the

13  statements—those which Plaintiffs contend Defendants did not address (Opp. at

14  16)—are not alleged in the FAC to be false.  The PSLRA requires Plaintiffs to

15  "specify each statement alleged to have been misleading, [and] the reason or

16  reasons why the statement is misleading."  15 U.S.C. § 78u-4(b)(1)(B).  The FAC

17  does not do so with respect to these two statements.  Instead, the FAC relies on the

18  *truth* of these statements in attempting to allege scienter.  FAC ¶ 150 ("statements

19  in ¶ 149 . . . demonstrate that management closely monitors receivables"), *id*. ¶ 162

20  ("statements in ¶ 161 . . . demonstrate that . . . executive management was highly

21  focused on all of the segments [sic] accounts receivables, aging and ADA").

22     The other two statements are not adequately alleged to be false.  First, the

23  statement that the Company was "on target" to meet SOX compliance is

24  inactionable and immaterial puffery.  Mot. at 29, citing *In re Australia and New*

25  *Zealand Banking Group Ltd. Sec. Litig.*, 2009 U.S. Dist. LEXIS 116578, at *32-33

26  (S.D.N.Y. Dec. 14, 2009).  The only case from within this Circuit cited by

27  Plaintiffs (Opp. at 14 n. 20) is distinguishable, as *Dura* involved a specific

28  statement that the company was on track to bring an inhaler to market, when

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
ORANGE COUNTY

17

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

1   company executives had already been informed that they would not obtain FDA

2   approval.  *In re Dura Pharms., Inc. Sec. Litig.*, 548 F. Supp. 2d 1126, 1144 n. 15

3   (S.D. Cal. 2008).  Courts routinely hold that phrases such as "on track" and "on

4   target" are puffery and not actionable under the securities laws.  *See*, *e.g.*, *In re*

5   *Impac Mortg. Holdings, Inc. Sec. Litig.*, 554 F. Supp. 2d 1083, 1097-98 (C.D. Cal.

6   2008); *Wet Seal*, 518 F. Supp. 2d at 1169; *Zack v. Allied Waste Indus.*, 2005 U.S.

7   Dist. LEXIS 35323, at *30-32 (D. Ariz. Dec. 15, 2005); *In re Copper Mtn. Sec.*

8   *Litig.*, 311 F. Supp. 2d 857, 880 (N.D. Cal. 2004); *In re Foundry Networks, Inc.*

9   *Sec. Litig.*, 2003 U.S. Dist LEXIS 18200, at *47 (N.D. Cal. Aug. 29, 2003).

10       Even if the "on target" statement were actionable, Plaintiffs have failed to

11  plead with particularity that it was false.  Skilled's 2008 Form 10-K includes an

12  "unqualified opinion" that the Company's internal controls, as required by SOX,

13  were effective.  Farthing Decl. Ex. D at 72-74.  Plaintiffs have not alleged any facts

14  to suggest that the Company's internal control compliance was not "on track" in

15  February 2008 to meet an end-of-year deadline, especially in light of the fact that

16  deadline was met, and to the unqualified satisfaction of Skilled's independent

17  auditors.  *See Rosen v. Textron, Inc.*, 321 F. Supp. 2d 308, 320-21 (D.R.I. 2004)

18  (dismissing claim relating to statement that company was "on track" to produce a

19  certain number of units when company did in fact produce that many by year end).

20       Second, Plaintiffs fail to allege that Defendant Ghose's statement was false.

21  On May 5, 2009, in response to an analyst's question regarding whether in the "last

22  couple of quarters there have been some insurance adjustments or bad debt

23  adjustments . . . flowing through to the income statement.  I gather there were none

24  of them this quarter," Ghose responded, "That's correct."  FAC ¶¶ 19, 178.

25  Plaintiffs argue that Ghose's statement was false because on June 9, 2009, the

26  Company announced the restatement.  Opp. at 15.  Plaintiffs' argument, like the

27  FAC, fails to explain how his statement was false.  In any event, Plaintiffs do not

28  allege facts to support that as of May 5, 2009, Ghose knew or should have known

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

18

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

1   of CW#1's actions or that there were errors in Skilled's financial statements that

2   would require a restatement, as it announced more than a month later.

3       **C.      Plaintiffs' Section 11 Claim Fails For Lack Of Particularity.**

4           In an effort to avoid Rule 9(b)'s heightened pleading standard, Plaintiffs

5   attempt to construct a false barrier between the FAC's fraud allegations and the

6   Section 11 claim.  Despite this attempt, the FAC alleges a uniform course of

7   fraudulent conduct.  Plaintiffs' Section 10(b) claim, which incorporates by

8   reference all of the allegations of the Section 11 claim, attempts to allege that

9   Defendants fraudulently misrepresented Skilled's accounts receivable, cost of

10  services, and net income figures in the financial statements incorporated into the

11  registration statement and prospectus.  FAC ¶ 95.  No reasonable jury could find

12  that Defendants knew about or were deliberately reckless regarding the incorrect

13  numbers, yet chose to include them in the financial statements by virtue of

14  anything other than an intent to deceive.  *See Belodoff v. Netlist, Inc.*, 2008 U.S.

15  Dist. LEXIS 45289, at *18 (C.D. Cal. May 30, 2008).  The Section 11 claim thus

16  sounds in fraud and is subject to Rule 9(b)'s heightened pleading standard.

17          Plaintiffs make two arguments in response, both meritless.  First, citing to

18  authority from the Southern District of Texas, Plaintiffs argue that the Section 11

19  claim is "self-contained" in the FAC, and expressly disclaims any allegations of

20  fraud.  Opp. at 10.  In this Circuit, however, courts routinely hold that cosmetic

21  attempts to disavow fraud in a Section 11 claim are insufficient to avoid

22  heightened pleading requirements.  *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399,

23  1405 n. 2 (9th Cir. 1996) (where gravamen of complaint is fraud, Rule 9(b) applies

24  even if plaintiff disavows fraud in Section 11 claim); *Belodoff*, 2008 U.S. Dist.

25  LEXIS 45289, at *16 (plaintiffs' careful avoidance of fraud allegations in Section

26  11 claim was insufficient to avoid heightened pleading requirements of Rule 9(b)).

27  The organization of the FAC, and its disavowal of fraud, are not controlling.

28          Second, Plaintiffs claim that, even if their Section 11 claim sounds in fraud,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

19

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)

1    dismissal is not the appropriate remedy.  Numerous courts have dismissed Section

2    11 claims that sound in fraud for failure to comply with Rule 9(b).  *See*, *e.g.*,

3    *Belodoff*, 2008 U.S. Dist. LEXIS 45289, at *18-19, *30-31; *In re SeraCare Life*

4    *Scis., Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 19654, at *39 (S.D. Cal. Mar. 19,

5    2007); *Rubke v. Capitol Bancorp Ltd.*, 460 F. Supp. 2d 1124, 1147 (N.D. Cal.

6    2006); *In re Van Wagoner Funds, Inc. Sec. Litig.*, 382 F. Supp. 2d 1173, 1182-83

7    (N.D. Cal. 2004).  Here, as in these cases, stripping away the portions of the

8    Section 11 that sound in fraud would leave little of the claim on its merits.  *See*,

9    *e.g.*, *Belodoff*, 2008 U.S. Dist. LEXIS 45289, at *30.  Dismissal of Plaintiffs'

10   Section 11 claim is appropriate.

11   
12       **D.**    **Plaintiffs' Control Person Claims Fail For Lack Of A Predicate Violation.**

13       Claims under Section 15 of the Securities Act and Section 20(a) of the

14   Exchange Act require a predicate violation of those respective Acts.  15 U.S.C. §§

15   77o, 78t(a).  Furthermore, Plaintiffs have not even attempted to plead facts

16   demonstrating what actions, if any, the Onex entities—mere stockholders—took in

17   "controlling" the allegedly false statements in the registration statement.  Because

18   Plaintiffs have failed to adequately plead a violation of Section 11 of the Securities

19   Act, their Section 15 claim necessarily fails.  *In re Century Aluminum Co. Sec.*

20   *Litig.*, 2010 WL 1729426, at *13 (N.D. Cal. Apr. 27, 2010).  Because their Section

21   10(b) claim fails, so too their Section 20(a) claim.  *Zucco*, 552 F.3d at 990.

22   **III.**   **CONCLUSION**

23       For the reasons above, Defendants respectfully request that the FAC be

24   dismissed.

25   Dated:    June 7, 2010             LATHAM & WATKINS LLP

26   
27                                 By      /s/ Michele D. Johnson
                  Michele D. Johnson

28                                 Attorneys for Defendants

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

20

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO
DISMISS AMENDED CLASS ACTION COMPLAINT
No. CV 09-5416-DOC (RZx)