1  LIONEL Z. GLANCY (SBN #134180)
   MARC L. GODINO (SBN #188669)
2  GLANCY BINKOW & GOLDBERG LLP
3  1801 Avenue of the Stars, Suite 311
   Los Angeles, CA 90067
4  Tel: (310) 201-9150
5  Fax: (310) 201-9160
   Email: info@glancylaw.com
6
7  LAURENCE M. ROSEN (SBN # 219683)
   THE ROSEN LAW FIRM, P.A.
8  350 Fifth Avenue, Suite 5508
9  New York, New York 10118
   Telephone:   (212) 686-1060
10 Facsimile:   (212) 202-3827
11 Email:        lrosen@rosenlegal.com
12
   *Co-Lead Counsel for Plaintiffs*
13

14            **UNITED STATES DISTRICT COURT**
15            **CENTRAL DISTRICT OF CALIFORNIA**
                     **SOUTHERN DIVISION**
16

17 | **IN RE SKILLED HEALTHCARE**          Case No. CV09-5416 DOC (RZx)
18 | **GROUP, INC. SECURITIES**            <u>CLASS ACTION</u>
19 | **LITIGATION**
                                          Hon. David O. Carter
20
21                                         STIPULATION OF SETTLEMENT
22
23
24
25
26
27
28                                    1

Stipulation of Settlement

SV\734186.3

1    This Stipulation of Settlement dated as of August 30, 2010 (the
2    "Stipulation"), is made and entered into by and among the following Settling
3    Parties to the above-entitled Litigation: (i) Lead Plaintiffs (on behalf of
4    themselves and each of the Class Members), by and through their counsel of
5    record in the Litigation; and (ii) Defendants, by and through their counsel of
6    record in the Litigation.   Subject to the approval of the Court, the Stipulation is
7    intended by the Settling Parties to fully, finally, and forever resolve, discharge,
8    and settle the Litigation and Released Claims, upon and subject to the terms and
9    conditions hereof.

## I.    THE LITIGATION

11    On July 24, 2009, a purported class action captioned *Shepardson v. Skilled*
12    *Healthcare Group, Inc., et al.* was filed in this Court alleging claims under the
13    federal securities laws against Skilled Healthcare Group, Inc. ("Skilled") and
14    other defendants.   On November 10, 2009, this Court appointed co-lead plaintiffs
15    and co-lead counsel, recaptioned the action *In re Skilled Healthcare Group, Inc.*
16    *Securities Litigation* and ordered that lead plaintiffs file an amended class action
17    complaint.

19    The Amended Class Action Complaint ("Complaint") was filed on January
20    12, 2010 on behalf of purchasers of Skilled Class A common stock pursuant
21    and/or traceable to Skilled's Registration and Prospectus issued in connection
22    with Skilled's initial public offering on May 14, 2007 (the "IPO") and purchasers
23    of Skilled Class A common stock between May 14, 2007 and June 9, 2009,
24    inclusive, against Skilled, Boyd Hendrickson, John E. King, Jose Lynch, Devasis
25    Ghose, Robert Le Blanc, Onex Corporation, Onex US Principals LP, and Onex
26    Partners LP.   The Complaint seeks an unspecified amount of damages (including

2

Stipulation of Settlement

SV\734186.3

rescissory damages), and asserts claims under Sections 11 and 15 of the Securities Act of 1933 and Sections 10(b) and 20(a) of the Exchange Act of 1934 related to Skilled's June 9, 2009 announcement that it would restate its financial statements for the period from January 1, 2006, to March 31, 2009.

On March 15, 2010, Defendants moved to dismiss the Complaint. Lead Plaintiffs filed an opposition on April 23, 2010, and Defendants filed a reply on June 7, 2010. On July 6, 2010, the Court issued an order taking the motion to dismiss under submission. On July 7, 2010, the Court agreed to stay decision on the motion to dismiss pending mediation. On August 4, 2010, the Settling Parties attended a mediation under the direction of Hon. Edward A. Infante (Ret.) at the offices of JAMS in Orange, California. As a result of that mediation, the parties agreed to the material terms of a settlement of this action memorialized in a memorandum of understanding entered into on August 4, 2010.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Each Defendant has denied and continues to deny each and all of the claims and allegations of wrongdoing made in the Litigation and maintains that they have meritorious defenses. Each Defendant has expressly denied and continues to deny all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Complaint, and Defendants contend that many of the factual allegations in the Complaint are materially inaccurate. Defendants also have denied and continue to deny, *inter alia*, the allegations that Lead Plaintiffs or the Class have suffered damage, that the prices of Skilled common stock were artificially inflated by reason of alleged misrepresentations, non-disclosures, or otherwise, or that Lead Plaintiffs or the Class were harmed by the conduct alleged in the Complaint or

Stipulation of Settlement

SV\734186.3

otherwise.  Pursuant to the terms set forth below, this Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by Defendants with respect to any claim of any fault, liability, wrongdoing, or damage whatsoever.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation.  Defendants have, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.   CLAIMS OF LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted.  However, counsel for Lead Plaintiffs recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals.  Lead Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, and the difficulties and delays inherent in such litigation. Lead Plaintiffs also are mindful of the inherent problems of proof under and possible defenses to the claims of securities law violations asserted in the Litigation.  Lead Plaintiffs believe that the settlement set forth in the Stipulation confers substantial benefits upon the Class. Based on their evaluation, Lead

4

Plaintiffs and counsel for Lead Plaintiffs have determined that the settlement set forth in the Stipulation is in the best interests of Lead Plaintiffs and the Class and, therefore, determined that it is desirable and beneficial to Lead Plaintiffs and the Class that the Litigation be settled upon the terms and conditions set forth in this Stipulation.

## IV.  TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (for themselves and the Class Members) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.    Definitions

As used in the Stipulation, the following terms have the meanings specified below.  In the event of any inconsistency between any definition set forth below and any definition set forth in any document attached as an exhibit to this Stipulation, the definition set forth below shall control.

1.1    "Authorized Claimant" means any Class Member who, in accordance with the terms of this Stipulation, is entitled to a distribution from the Settlement Fund pursuant to any Plan of Allocation or any order of the Court.

1.2    "Claims Administrator" means the firm of Strategic Claims Services.

1.3    (a)    "Class" means the Securities Act Class and the Exchange Act Class.

(b)   "Securities Act Class" means all Persons other than Defendants who purchased Skilled Class A common stock pursuant and/or traceable to the registration statement and prospectus issued in connection with Skilled's May 14, 2007 initial public offering.

(c)   "Exchange Act Class" means all Persons other than Defendants who purchased or otherwise acquired Skilled Class A common stock from May 14, 2007 through June 9, 2009, inclusive.

1.4   "Class Member" or "Member of the Class" mean a Person who falls within the definition of the Class as set forth in ¶ 1.3 above and who does not validly request exclusion from the Class in accordance with the procedures to be established by the Court in connection with the approval of this Stipulation and the settlement.

1.5   "Class Period" means the period commencing on May 14, 2007 through June 9, 2009, inclusive.

1.6   "Complaint" means the Amended Class Action Complaint filed by Lead Plaintiffs on January 12, 2010.

1.7   "Skilled" means Skilled Healthcare Group, Inc.

1.8   "Court" means the United States District Court for the Central District of California.

1.9   "Defendants" means Skilled, Boyd Hendrickson, John E. King, Jose Lynch, Devasis Ghose, Robert Le Blanc, Onex Corporation, Onex US Principals LP, and Onex Partners LP.

1.10   "Effective Date" means the first date by which all of the events and conditions specified in ¶ 7.1 of this Stipulation have been met and have occurred.

Stipulation of Settlement

SV\734186.3

1.11   "Escrow Agent" means the law firms of Glancy Binkow & Goldberg LLP and the Rosen Law Firm, P.A. or their successor(s), or such other person designated by the Court.

1.12   "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.  Without limitation, an order becomes "Final" when: (a) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (b) an appeal has been filed and either (i) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (ii) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind.  Any appeal or other proceeding pertaining to any order adopting or approving a Plan of Allocation, or to any order issued in respect of an application for attorneys' fees and expenses pursuant to ¶¶ 6.1 and 6.2 below, shall not in any way delay or preclude the Judgment from becoming Final.

1.13   "Individual Defendants" means Boyd Hendrickson, John E. King, Jose Lynch, Devasis Ghose, and Robert Le Blanc.

1.14   "Judgment" means the judgment to be rendered by the Court, in the form attached as Exhibit D hereto.

1.15   "Lead Plaintiffs" means City of Livonia Employees' Retirement System and Jerry Pehlke, Jr.

7

1.16 "Litigation" means *In re Skilled Healthcare Group, Inc. Securities Litigation*, Case No. CV 09-5416-DOC (RZx).

1.17 "Person" means an individual, corporation, limited liability company, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity together with their spouses, heirs, predecessors, successors, representatives, or assignees of any of the foregoing.

1.18 "Plaintiffs' Lead Counsel" means The Rosen Law Firm, P.A. and Glancy Binkow & Goldberg LLP.

1.19 "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund, to be approved by the Court, whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of or provision for expenses of notice and administration of the settlement, Taxes and Tax Expenses, and such attorneys' fees, costs, expenses, and interest as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and the Released Persons shall not have any responsibility or liability with respect thereto.

1.20 "Proof of Claim and Release" means the form to be sent to Class Members, upon further order(s) of the Court, by which any Class Member may make claims against the Settlement Fund for damages allegedly incurred by reason of their investment(s) in Skilled Class A common stock.

1.21 "Released Claims" means any and all claims (including Unknown Claims), demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed

Stipulation of Settlement

SV\734186.3

or undisclosed, concealed or hidden, asserted or unasserted that have been or could have been asserted in the Litigation or in any court, tribunal, forum or proceeding (including, but not limited to, any claims arising under federal, state or foreign law, common law, statute, rule, or regulation relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws, or otherwise, and including all claims within the exclusive jurisdiction of the federal courts), whether individual, class, direct, derivative, representative, legal, equitable or any other type or in any other capacity, which Plaintiffs or any member of the Class ever had, now has, or hereafter can, shall, or may have by reason of, arising out of, relating to or in connection with the allegations, conduct, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, or any other matter, thing or cause whatsoever, or any series thereof, embraced, involved, or set forth or otherwise related, directly or indirectly, to the Litigation, including without limitation, any disclosures made in connection with any of the foregoing, except claims to enforce the Settlement.

1.22  "Released Persons" means each and all of Defendants, and/or any of their families, parent entities, associates, affiliates or subsidiaries and each and all of their past, present, or future officers, directors, stockholders, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, underwriters, insurers, engineers, advisors, principals or agents, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their respective predecessors, successors, and assigns, and any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family.

Stipulation of Settlement

SV\734186.3

1      1.23  "Settlement Fund" means three million dollars ($3,000,000.00), plus

2  all interest earned thereon.

3      1.24  "Settling Parties" means, collectively, Defendants and Lead

4  Plaintiffs on behalf of themselves and the Members of the Class.

5      1.25  "Unknown Claims" means any Released Claims which Lead

6  Plaintiffs or any Class Member does not know or suspect to exist in his, her or its

7  favor at the time of the release of the Released Persons which, if known by him,

8  her or it, might have affected his, her or its settlement with and release of the

9  Released Persons, or might have affected his, her or its decision not to object to

10  this settlement.  Unknown Claims include those claims in which some or all of

11  the facts comprising the claim may be suspected, or even undisclosed or hidden.

12  With respect to any and all Released Claims, the Settling Parties stipulate and

13  agree that, upon the Effective Date, Lead Plaintiffs shall expressly waive, and

14  each of the Class Members shall be deemed to have, and by operation of the

15  Judgment shall have, expressly waived the provisions, rights, and benefits of

16  California Civil Code § 1542, which provides:

17      **A general release does not extend to claims which the creditor

18  does not know or suspect to exist in his or her favor at the time

19  of executing the release, which if known by him or her must

    have materially affected his or her settlement with the debtor.**

20  Lead Plaintiffs shall expressly waive, and each of the Class Members shall be

21  deemed to have, and by operation of the Judgment shall have, expressly waived

22  any and all provisions, rights, and benefits conferred by any law of any state or

23  territory of the United States, or principle of common law or foreign law, which

24  is similar, comparable or equivalent in effect to California Civil Code § 1542.

25  Lead Plaintiffs and Class Members may hereafter discover facts in addition to or

26  different from those which he, she or it now knows or believes to be true with

27

28

10

respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.   Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

## 2.    The Settlement

### a.    The Settlement Fund

2.1    Defendants and their insurers, Lloyd's of London, shall pay the the principal amount of the Settlement Fund ($3,000,000.00) and deposit it with the Escrow Agent on or before ten (10) calendar days after the entry of the Notice Order referenced in ¶ 3.1 below.

2.2    Under no circumstances will Defendants collectively be required to pay more than the principal amount of the Settlement Fund pursuant to this Stipulation and the settlement set forth herein.

### b.    The Escrow Agent

2.3    The Escrow Agent shall invest the Settlement Fund transferred pursuant to ¶ 2.1 hereof, in instruments either fully insured or backed by the full

11

Stipulation of Settlement

SV\734186.3

faith and credit of the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.   All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund and not by any of Defendants.

2.4    The Escrow Agent shall permit Plaintiffs' Lead Counsel or the Claims Administrator to withdraw up to one hundred thousand dollars ($100,000.00) from the Settlement Fund upon funding of the Settlement Fund by Defendants or their insurers as set forth in ¶ 2.1, to be used to pay the reasonable costs of providing notice of the settlement to the Class, as well as customary administration costs.   Other than amounts disbursed for providing notice to the Class, customary administration costs, Taxes and Tax Expenses, and the Fee and Expense Award (which shall be paid to Plaintiffs' Lead Counsel within two business days after the Court executes an order awarding such fees and expenses), the Settlement Fund shall not be distributed until the Settlement is reduced to a final, non-appealable judgment, subject to the provisions of ¶ 2.5.

2.5    Subject to further order(s) and/or direction(s) as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.

2.6    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.7    The Escrow Agent shall not be responsible for the payment of any sums due to Authorized Claimants or other Persons, except to the extent of maintaining account of and appropriately paying sums as required by this

12

Stipulation of Settlement

SV\734186.3

1  Stipulation, but only to the limited extent that such sums have been delivered into

2  the Escrow Account as required by this Stipulation.  The Escrow Agent shall be

3  liable only for acts of gross negligence or willful misconduct.  The assumption of

4  duties as Escrow Agent shall not preclude Plaintiffs' Lead Counsel from

5  continuing to represent, as the case may be, Lead Plaintiffs or Class Members.

6              **c.    Taxes**

7      2.7    (a)    The Settling Parties and the Escrow Agent shall treat the

8  escrow account as a "qualified settlement fund" for purposes of §468B of the

9  Internal Revenue Code of 1986, as amended, and the Treasury Regulations

10 promulgated thereunder.  The Escrow Agent and the Settling Parties shall timely

11 make such elections as are necessary or advisable to carry out the provision of

12 this ¶ 2.7, including, without limitation, the "relation-back election" described in

13 Treas. Reg. §1.468B-1 back to the earliest permitted date.  Such elections shall be

14 made in compliance with the procedures and requirements contained in such

15 regulations.  It shall be the responsibility of the Escrow Agent to prepare and

16 deliver timely and properly the necessary documentation for signature by all

17 necessary parties, and thereafter to cause the appropriate filing to occur.

18      (b)    The Escrow Agent shall be the escrow account's

19 "administrator" as that term is used in Treas. Reg. §1.468B-2.  As administrator,

20 the Escrow Agent shall satisfy the administrative requirements imposed by Treas.

21 Reg. §1.468B-2 by, *e.g.*, (i) obtaining a taxpayer identification number, (ii)

22 satisfying any information reporting or withholding requirements imposed on

23 distributions from the Settlement Fund, and (iii) timely and properly filing

24 applicable federal, state or local tax returns necessary or advisable with respect to

25 the Settlement Fund (including, without limitation, the returns described in Treas.

26 Reg. §§1.468B-2(k)) and paying any taxes reported thereon.  Such returns (as

27

28

13

Stipulation of Settlement

well as the election described in this ¶ 2.7) shall be consistent with this ¶ 2.7 and in all events shall reflect that all Taxes, as defined in subsection (c) below, on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶ 2.7(c) hereof.

(c)     All (i) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes (collectively, "Taxes"), and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶ 2.7, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶ 2.7 (collectively, "Tax Expenses"), shall be paid out of the Settlement Fund; in all events neither Defendants nor their counsel shall have any liability or responsibility for the Taxes or the Tax Expenses.  With funds from the Settlement Fund, the Escrow Agent shall indemnify and hold harmless Defendants and their counsel for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).   Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall timely be paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts,

Stipulation of Settlement

SV\734186.3

including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendants nor their counsel is responsible therefor, nor shall they have any liability therefor.  The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.7.

**3.    Notice Order and Settlement Hearing**

3.1    Promptly after execution of this Stipulation, Plaintiffs' Lead Counsel shall submit the Stipulation to the Court and shall apply for entry of an order (the "Notice Order") in the form attached as Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in this Stipulation, approval for the mailing of a settlement notice (the "Notice") in the form attached as Exhibit B hereto, and publication of a summary notice (the "Summary Notice") in the form attached as Exhibit C hereto.  The Notice shall include the general terms of the settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application as defined in ¶ 6.1 hereof, and the date of the Settlement Hearing as defined below.  Defendants do not and shall not take any position as to the proposed Plan of Allocation.

3.2    Plaintiffs' Lead Counsel shall request that the Court hold a hearing (the "Settlement Hearing") at which time Plaintiffs' Lead Counsel shall request that the Court finally approve the settlement of the Litigation as set forth herein.

3.3    At the Settlement Hearing, the Settling Parties shall jointly request entry of a Judgment in the form attached hereto as Exhibit D:

Stipulation of Settlement

SV\734186.3

(a)      finally approving the settlement as fair, reasonable, and adequate, within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directing its consummation pursuant to its terms;

(b)      directing that the Litigation be dismissed without costs and with prejudice, and releasing the Released Claims;

(c)      permanently barring and enjoining the institution and prosecution, by Lead Plaintiffs and the Class Members, of any other action against the Released Persons in any court asserting any Released Claims;

(d)      reserving jurisdiction over the Litigation, including all future proceedings concerning the administration, consummation, and enforcement of this Stipulation;

(e)      finding that the Complaint in the Litigation was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 11 of the Federal Rules of Civil Procedure;

(f)      finding, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delaying and directing entry of a final judgment; and

(g)      containing such other and further provisions consistent with the terms of this Stipulation to which the Settling Parties expressly consent in writing.

3.4      At or after the Settlement Hearing, Plaintiffs' Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

### 4.      Releases and Bar Order

4.1      Upon the Effective Date, Lead Plaintiffs and each of the Class Members, for themselves and for each of their respective officers, directors, shareholders, employees, agents, spouses, subsidiaries, heirs at law, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Lead Plaintiff or Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Claim against the Released Persons except to enforce the releases and other terms and conditions contained in this Stipulation or the Judgment entered pursuant thereto.

4.2      Upon the Effective Date, each of Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Class (except any Class Member who opts out of the settlement), Lead Plaintiffs and counsel to Lead Plaintiffs from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims except to enforce the releases and other terms and conditions contained in this Stipulation or any Court order (including, but not limited to, the Judgment) entered pursuant thereto.

Stipulation of Settlement

SV\734186.3

### 5.    Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund

5.1    The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants pursuant to the Plan of Allocation.

5.2    The Settlement Fund shall be applied as follows:

(a)    to pay counsel the plaintiffs' attorneys' fees and expenses with interest thereon (the "Fee and Expense Award") and the expenses of Lead Plaintiffs, if and to the extent allowed by the Court;

(b)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Class Members, soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(c)    to pay the Taxes and Tax Expenses described in ¶ 2.7 hereof; and

(d)    to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or order of the Court.

5.3    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may

Stipulation of Settlement

SV\734186.3

require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4     Within one hundred-twenty (120) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form agreed to by the Settling Parties, signed under penalty of perjury, and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to such Person.

5.5     Except as otherwise ordered by the Court, any and all Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth therein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Judgment.   Notwithstanding the foregoing, Plaintiffs' Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

5.6     The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.   Any such Plan of Allocation is not a part of this Stipulation.   No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until the Effective Date.   If there is any balance remaining

19

in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Plaintiffs' Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to one or more secular §501(c)(3) organization(s) selected by Lead Counsel.

5.7    Neither the Released Persons nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund or Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection with any such matters.  Lead Plaintiffs and each Class Member hereby fully, finally, and forever release, relinquish, and discharge the Released Persons and their counsel from any and all such liability.

5.8    No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Lead Counsel, the Claims Administrator, or their counsel based on the distributions made substantially in accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.   No Person shall have any claim against the Released Persons or their

Stipulation of Settlement

SV\734186.3

counsel arising from or relating to the management of, distributions from, or the disposition of the Settlement Fund or the Net Settlement Fund, and Lead Plaintiffs and each Class Member hereby fully, finally, and forever release, relinquish, and discharge the Released Persons and their counsel from any and all such liability.

5.9   It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.  The time to appeal from approval of the settlement shall commence upon the Court's entry of the Judgment regardless of whether a Plan of Allocation has been submitted to the Court or has been approved.

5.10   All Persons who fall within the definition of Class Members shall be subject to and bound by the provisions of this Stipulation, the releases contained

Stipulation of Settlement

SV\734186.3

herein, and the Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

**6.    Lead Plaintiffs' Counsel's Attorneys' Fees and Expenses**

6.1    Plaintiffs' Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to plaintiffs' counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) the payment of reasonable expenses incurred in connection with prosecuting the Litigation (including, but not limited to the fees and expenses of experts and consultants), plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Plaintiffs' Lead Counsel reserve the right to make additional applications to the Court for fees and expenses incurred.

6.2    The fees and expenses, as awarded by the Court, shall be paid to Plaintiffs' Lead Counsel from the Settlement Fund, as provided in ¶ 2.4 Plaintiffs' Lead Counsel may thereafter allocate the attorneys' fees among other plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the

Stipulation of Settlement

SV\734186.3

Litigation.  If, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Fee and Expense Award is overturned or lowered, or if the settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the settlement does not become final and binding upon the Class, then, within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, Plaintiffs' Lead Counsel shall refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification.  Each such plaintiffs' counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3    Lead Plaintiffs may submit an application to the Court for reimbursement of their time and expenses incurred in the prosecution of the Litigation.

6.4    The procedure for and the allowance or disallowance by the Court of any applications by Plaintiffs' Lead Counsel for attorneys' fees and expenses, or

Stipulation of Settlement

SV\734186.3

the expenses of Lead Plaintiffs, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation; and any order or proceeding relating to the Fee and Expense Application, or Lead Plaintiffs' expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation set forth therein.

6.5    The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any payment of any type or nature whatsoever, including attorneys' fees and expenses to plaintiffs' counsel. Released Persons do not and shall not take any position as to Plaintiffs' request for attorneys' fees and expenses.

6.6    The Released Persons shall have no responsibility for, and no liability whatsoever with respect to,  the allocation among plaintiffs' counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

24

**7.     Conditions of Settlement, Effect of Disapproval,**

**Cancellation, or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Notice Order, as required by ¶ 3.1 hereof;

(b)     the Court has approved the settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and has entered the Judgment; and

(c)     the Judgment has become Final, as defined in ¶ 1.12 hereof.

7.2     Upon the occurrence of all of the events referenced in ¶ 7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If either of the conditions specified in ¶ 7.1(a) or ¶ 7.1(b) hereof are not met, or if the condition in ¶7.1(c) is not met <u>and</u> there is no longer any possibility that the condition in ¶ 7.1(c) can be met, then the Stipulation shall be canceled and terminated subject to ¶ 7.3 hereof unless Plaintiffs' Lead Counsel and counsel for Defendants mutually agree in writing to proceed with the Stipulation.

25

Stipulation of Settlement

SV\734186.3

7.3     Unless otherwise ordered by the Court, in the event the Effective Date does not occur or this Stipulation shall terminate, or be canceled, or otherwise fail to become effective for any reason, including, without limitation, in the event that the settlement as described herein is not approved by the Court or the Judgment is reversed or vacated following any appeal taken therefrom, then:

(a)     within five (5) business days after written notification of such event is sent by counsel for Defendants or Plaintiffs' Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest) and all payments disbursed, including all expenses, costs, and any Fee and Expense Award, excluding only reasonable costs incurred in connection with providing notice to the Class that have either been properly disbursed or are due and owing pursuant to ¶ 2.7 and Taxes and Tax Expenses that have been paid or that have accrued and will be payable at some later date, will be refunded, reimbursed, and repaid by the Escrow Agent to Skilled and its insurers in amounts proportional to their funding of the Settlement Fund; if said amount or any portion thereof is not returned within such five (5) day period, then interest shall accrue thereon at the same rate as earned by the Settlement Fund until the date that said amount is returned;

Stipulation of Settlement
SV\734186.3

(b)      at the request of counsel for Skilled, the Escrow Agent or its designee shall apply for any Tax refund owed on the Settlement Fund and pay the proceeds to Skilled and its insurers in amounts proportional to their funding of the Settlement Fund, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund pursuant to such written request;

(c)      the Settling Parties shall be restored to their respective positions in the Litigation as of August 3, 2010, with all of their respective claims and defenses preserved as they existed on that date;

(d)      the terms and provisions of the Stipulation shall be null and void and shall have no further force and effect with respect to the Settling Parties, and neither the existence nor the terms of this Stipulation (nor any negotiations preceding this Stipulation nor any acts performed pursuant to, or in furtherance of, this Stipulation) shall be used in this Litigation or in any other proceeding for any purpose; and

(e)      any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

7.4      If the Court does not enter the Judgment in the form attached as Exhibit D hereto, or if the Court enters the Judgment and appellate review is

Stipulation of Settlement

SV\734186.3

sought and, on such review, the entry of the Judgment is finally vacated, modified, or reversed, then this Stipulation and the settlement incorporated therein shall be cancelled and terminated, unless all parties who are adversely affected thereby, in their sole discretion within thirty (30) days from the date of the mailing of such ruling to such parties, provide written notice to all other parties hereto of their intent to proceed with the settlement under the terms of the Judgment as modified by the Court or on appeal.  Such notice may be provided on behalf of Lead Plaintiffs and the Class Members by Plaintiffs' Lead Counsel. No Settling Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein; provided, however, that no order of the Court concerning any Fee and Expense Application or Plan of Allocation, or any modification or reversal on appeal of such order, shall constitute grounds for cancellation or termination of this Stipulation by any Settling Party.  Without limiting the foregoing, Defendants shall have, in their sole and absolute discretion, the option to terminate the settlement in its entirety in the event that the Judgment, upon becoming Final, does not provide for the dismissal with prejudice of the Litigation against them.

7.5    If, prior to the Settlement Hearing, any Persons who otherwise would be Class Members have validly requested exclusion from the Class

Stipulation of Settlement

SV\734186.3

("Requests for Exclusion") in accordance with the provisions of the Notice or Notice Order, and such Persons, in the aggregate, during the Class Period purchased equal to or more than a certain percentage of Skilled Class A stock to be negotiated by the Settling Parties and specified in a separate Supplemental Agreement to Stipulation of Settlement, then Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation on behalf of all Parties in accordance with the procedures set forth in the Supplemental Agreement.  Plaintiffs' Lead Counsel shall, however, have an opportunity to seek retraction of any Request for Exclusion until the deadline for such retractions as set forth in the Notice or Notice Order.  The Supplemental Agreement shall not be filed with the Court.  If required by the Court, the Settling Parties shall request that the Supplemental Agreement and/or any of its terms be disclosed only *in camara* to the Court for purposes of approving the settlement, and that such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the threshold percentage amount of Skilled Class A stock specified in the Supplemental Agreement.  Defendants may request from time to time summaries or copies of any or all Requests for Exclusion received, together with all written revocations of Requests for Exclusion, which shall be delivered

Stipulation of Settlement

SV\734186.3

to Defendants' Counsel promptly upon request.  A listing of all persons who have validly requested exclusion from the Class shall be provided to Defendants and the Court in connection with and at the time of the Settlement Hearing.

**8.    Miscellaneous Provisions**

8.1    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them.   The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.

8.3    While Defendants deny that the claims advanced in the Litigation were meritorious, they will not assert in any public statement that the Litigation was not filed in good faith and/or is not being settled voluntarily after consultation with competent legal counsel.  The Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

30

Stipulation of Settlement

SV\734186.3

The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel and with the assistance of Hon. Edward A. Infante (Ret.).   The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.4    Neither this Stipulation nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, any allegation made in the Litigation, or any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault, or omission of any of Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Neither this Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the settlement, and except that Defendants may file the Stipulation and/or the

Stipulation of Settlement

SV\734186.3

Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.5     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.6     The Stipulation constitutes the entire agreement among the parties hereto and no representations, warranties, or inducements have been made to any party concerning the Stipulation other than the representations, warranties, and covenants contained and memorialized in such documents.  It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than or different from the facts now known to each party or believed by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.  Except as otherwise provided herein, each party shall bear its own costs.

Stipulation of Settlement

SV\734186.3

8.7    Plaintiffs' Lead Counsel, on behalf of the Class, are expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate. Plaintiffs and Plaintiffs' Lead Counsel represent and warrant that none of Plaintiffs' claims or causes of action referred to herein or that could have been alleged in the Litigation have been assigned, encumbered or in any manner transferred in whole or in part.

8.8    Each counsel or other Person executing the Stipulation and any documents prepared in furtherance of the Stipulation on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.9    The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

8.10    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto, including any corporation or other entity into or with which any party merges, consolidates, or reorganizes.

Stipulation of Settlement

SV\734186.3

8.11    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

8.12    This Stipulation shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

8.13    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

(the remainder of this page has been intentionally left blank)

34

Stipulation of Settlement

SV\734186.3

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of August 30, 2010.

Dated: August 30, 2010          GLANCY BINKOW & GOLDBERG LLP


By: _____
       Peter A. Binkow


Lionel Z. Glancy
Marc L. Godino

THE ROSEN LAW FIRM, P.A.
Phillip Kim
350 Fifth Avenue, Suite 5508
New York, New York 10118
Tel: (212) 686-1060
Fax: (212) 202-3827

Co-Lead Counsel for Plaintiffs


LATHAM & WATKINS LLP
Michele D. Johnson (SBN 198298)
Matthew D. Williamson (SBN 247647)
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626-1925
Telephone: (714) 540-1235
Facsimile: (714) 755-8290

LATHAM & WATKINS LLP
Andrew M. Farthing (SBN 237565)
140 Scott Drive
Menlo Park, California 94025-1008
Telephone: (650) 328-4600
Facsimile: (650) 463-2600      by PAB w permission

Dated: August 30, 2010          By: _____
                                      Michele D. Johnson


Attorneys for Defendants

35

Stipulation of Settlement

SV\734186.3

1
2

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07**

3

I, the undersigned, say:

4
5
6

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

7

On August 31, 2010, I caused to be served the following document:

8

**STIPULATION OF SETTLEMENT**

9
10

By posting the document to the ECF Website of the United States District Court for the Central District of California, for receipt electronically by the parties as listed on the attached Service List.

11

And on any non-ECF registered party:

12
13
14
15

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

16
17
18

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 31, 2010, at Los Angeles, California.

19
20

*s/Peter A. Binkow*
Peter A. Binkow

21
22
23
24
25
26
27
28

# Mailing Information for a Case 2:09-cv-05416-DOC-RZ

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kenneth Joseph Catanzarite**
  kcatanzarite@catanzarite.com,jdevera@catanzarite.com

- **Andrew M Farthing**
  andrew.farthing@lw.com,maria.solis@lw.com

- **Marc L Godino**
  mgodino@glancylaw.com

- **Michael M Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com

- **Michele D Johnson**
  michele.johnson@lw.com,#ocecf@lw.com,jana.roach@lw.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

- **Marisa G Westervelt**
  marisa.westervelt@kattenlaw.com

- **Richard H Zelichov**
  richard.zelichov@kattenlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Bruce G Vanyo
Katten Muchin Rosenman LLP
575 Madison Avenue
New York, NY 10022
```