# EXHIBIT A

1   Lionel Z. Glancy (#134180)
2   Robin B. Howald (#110280)
    Marc L. Godino (#188669)
3   **GLANCY BINKOW & GOLDBERG**
    **LLP**
4   1801 Avenue of the Stars, Suite 311
5   Los Angeles, California 90067
    Tel: (310) 201-9150
6   Fax: (310) 201-9160
7   Email: info@glancylaw.com

8   Laurence Rosen (#219683)
9   **THE ROSEN LAW FIRM, P.A.**
    333 Grand Street, 25th Floor
10  Los Angeles, CA 90071
11  Tel: (213) 785-2610
    Fax: (213) 226-4684
12  Email: lrosen@rosenlegal.com

13  *Co-Lead Counsel for Plaintiffs*

14

15                **UNITED STATES DISTRICT COURT**
                 **CENTRAL DISTRICT OF CALIFORNIA**
16                      **SOUTHERN DIVISION**

17  ───────────────────────────────

18  IN RE SKILLED HEALTHCARE          )   No. CV 09-5416-DOC (RZx)
    GROUP, INC. SECURITIES            )
19  LITIGATION                        )   <u>CLASS ACTION</u>
                                      )
20                                    )   **EXHIBIT A**
                                      )   **ORDER PRELIMINARILY**
21                                    )   **APPROVING SETTLEMENT**
                                      )   **AND PROVIDING FOR NOTICE**
22                                    )   **OF PROPOSED SETTLEMENT**
                                      )
23                                    )
24                                    )   Hon. David O. Carter
                                      )
25  ───────────────────────────────

26

27

28

WHEREAS, a class action is pending before the Court entitled *In re Skilled Healthcare Group, Inc. Securities Litigation*, Civil Action No. 09-CV-5416, United States District Court for the Central District of California (the "Action");

WHEREAS, the Court has received the Stipulation of Settlement dated as of August 30, 2010 (the "Stipulation of Settlement")[1], which has been entered into by the Lead Plaintiff and the Defendants, and the Court has reviewed the Stipulation of Settlement and the Exhibits annexed thereto;

WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with the Stipulation of Settlement which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation of Settlement and the Exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Stipulation of Settlement and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.      The Court finds that: (a) the Stipulation of Settlement resulted from arm's-length negotiations; and (b) the Stipulation of Settlement is sufficiently fair,

---

[1] For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation of Settlement, and the terms used herein shall have the same meaning as in the Stipulation of Settlement.

1   reasonable and adequate as to the Class Members to warrant providing notice of

2   the Settlement to Class Members and holding a Settlement Hearing.

3        3.     The Settlement Hearing shall be held before this Court on

4             , 2010, at     .m., to determine whether the proposed

5   Settlement of the Action on the terms and conditions provided for in the

6   Stipulation of Settlement is fair, reasonable and adequate to the Class and should

7   be approved by the Court; whether a Judgment as provided in the Stipulation of

8   Settlement should be entered herein; whether the proposed Plan of Allocation

9   should be approved; whether to approve Lead Plaintiff's application for his

10  reasonable costs and expenses directly relating to his representation of the Class;

11  and to determine the amount of fees and expenses that should be awarded to Lead

12  Counsel.  The Court may adjourn the Settlement Hearing without further notice to

13  Members of the Class.

14       4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the

15  Court preliminarily certifies, solely for the purposes of effectuating this

16  Settlement, two Settlement Classes consisting of (1) all persons other than

17  defendants who purchased Skilled Healthcare Group ("SKH") Class A common

18  stock pursuant and/or traceable to the Company's Registration Statement and

19  Prospectus issued in connection with the May 14, 2007 IPO ("the Securities Act

20  Class"), and (2) all persons other than defendants who purchased SKH Class A

21  common stock on the open market between May 14, 2007 and June 9, 2009 (the

22  "Securities Act Class") and were purportedly damaged thereby. Excluded from

23  the Class are Defendants herein, the officers and directors of Defendants,

24  members of their immediate families, and the heirs, successors or assigns of any

25  of the foregoing.  There has been no prior notice to Class Members of the

26  certification of the Class in this Action or prior opportunity for any Person or

27  entity to request to be excluded from the Class.

28

5. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice ("Summary Notice") annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in this Order meet the requirements of Federal Rule of Civil Procedure 23 and Due Process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. Pending final determination by the Court as to whether the Settlement, as set forth in the Stipulation of Settlement, is fair, reasonable and adequate and should be finally approved and whether the Judgment dismissing the Action with prejudice should be approved, no Class Member, either directly, representatively or in any other capacity, shall assert, commence or prosecute against any of the Defendants or their Related Parties any of the Released Claims in this Action, or in any other proceeding or forum. This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

7. The Court appoints Strategic Claims Services. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Not later than twenty (20) business days after the date of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

1        (b)    Not later than thirty (30) business days after the date of this

2    Order, the Claims Administrator shall cause the Summary Notice to be

3    published once in <u>Investors Business Daily</u>, and on a different day shall

4    cause the Summary Notice to be published once in <u>Globe Newswire</u>;

5        (c)    Not later than twenty (20) business days after the date of this

6    Order, the Claims Administrator shall cause the Stipulation of Settlement

7    and its Exhibits and a copy of the Notice to be posted on the following

8    website: www.strategicclaims.net ; and

9        (d)    Not later than seventy (70) days after the date of this Order,

10    Lead Counsel shall cause to be served on Defendants' counsel and filed

11    with the Court proof, by affidavit or declaration, of such mailing,

12    publishing and posting.

13        8.    Nominees who purchased or acquired SKH Class A common stock

14    pursuant to and/or traceable to the Company's Registration Statement and

15    Prospectus issued in connection with the May 14, 2007 IPO and all persons who

16    purchased or acquired SKH Class A common stock between May 14, 2007 and

17    June 9, 2009, shall send the Notice and the Proof of Claim to all beneficial owners

18    of such SKH common stock within twenty (20) days after receipt thereof, or send

19    a list of the names and addresses of such beneficial owners to the Claims

20    Administrator within twenty (20) days of receipt thereof, in which event the

21    Claims Administrator shall promptly mail the Notice and the Proof of Claim to

22    such beneficial owners.  Lead Counsel shall, if requested, reimburse banks,

23    brokerage houses or other nominees solely for their reasonable out-of-pocket

24    expenses incurred in providing the Notice to beneficial owners who are Class

25    Members out of the Settlement Fund, which expenses would not have been

26    incurred except for the sending of such Notice, subject to further order of this

27    Court with respect to any dispute concerning such compensation.

28

9.     Any Person falling within the definition of the Class may, upon request, be excluded from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than twenty-one (21) days prior to the Settlement Hearing.  A Request for Exclusion must state (a) the name, address, and telephone number of the Person requesting exclusion; (b) each of the Person's purchases and sales of SKH common stock made during the Class Period, including the dates of purchase or sale, the number of shares purchased and/or sold, and the price paid or received per share for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or the Judgment entered in this Action.

10.     All Members of the Class (other than those Persons or entities who shall timely and validly request exclusion from the Class) shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

11.     Class Members (other than those Persons or entities who shall timely and validly request exclusion from the Class) who wish to collect in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim forms must be postmarked no later than one hundred twenty (120) days from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

12.     Any Member of the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If they do not enter an appearance, Lead Counsel will represent them.

13.     Any Member of the Class (other than those Persons or entities who shall timely and validly request exclusion from the Class) may appear and show cause, if he, she or it has any reason, why the proposed Settlement of the Action should or should not be approved as fair, reasonable and adequate, why a Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and reimbursement of expenses should or should not be awarded to Lead Counsel or Lead Plaintiff; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, the expenses to be reimbursed to Lead Plaintiff, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that Person has filed said objections, papers and briefs with the Clerk of the United States District Court for the Central District of California, no later than twenty-one (21) days prior to the Settlement Hearing and delivered copies of any such papers to counsel identified in the Notice, such that they are received on or before such date.  Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any such objection, unless otherwise ordered by the Court.

14.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation of Settlement or further order(s) of the Court.

15.    All papers in support of the Settlement, the Plan of Allocation, Lead Plaintiff's application for reimbursement of expenses, and the application for attorneys' fees or expenses, shall be filed and served not later than thirty-five (35) days prior to the Settlement Hearing.  Any papers in further support of the Settlement, the Plan of Allocation, Lead Plaintiff's application for reimbursement of expenses, and the application for attorneys' fees or expenses, shall be filed and served no later than ten (10) days prior to the Settlement Hearing.

16.    Neither the Defendants nor their Related Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

17.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or expenses, and reimbursement of Lead Plaintiff's reasonable costs and expenses, shall be approved.

18.    All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation of Settlement.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund.

19.    Neither the Stipulation of Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or

1    concession that Lead Plaintiff or any Class Members have suffered any damages,

2    harm, or loss.

3         20.    In the event that the Settlement does not become effective in

4    accordance with the terms of the Stipulation of Settlement or the Effective Date

5    does not occur, or in the event that the Settlement Fund, or any portion thereof, is

6    returned to the Defendants, then this Order shall be rendered null and void to the

7    extent provided by and in accordance with the Stipulation of Settlement and shall

8    be vacated and, in such event, all orders entered and Releases delivered in

9    connection herewith shall be null and void to the extent provided by and in

10   accordance with the Stipulation of Settlement.

11        21.    Pending the Settlement Hearing, the Court stays all proceedings in

12   the Action, other than proceedings necessary to carry out or enforce the terms and

13   conditions of the Stipulation of Settlement.

14        22.    The Court reserves the right to adjourn the date of the Settlement

15   Hearing without further notice to the Members of the Class, and retains

16   jurisdiction to consider all further applications arising out of or connected with the

17   Settlement.  The Court may approve the Settlement, with such modifications as

18   may be agreed to by the Parties, if appropriate, without further notice to the Class.

19

20

21   DATED:  _____

22                                          The Honorable David  O. Carter
                                            United States District Judge
23

24

25

26

27

28