EXHIBIT A-1

Lionel Z. Glancy (#134180)
Robin B. Howald (#110280)
Marc L. Godino (#188669)
**GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Tel: (310) 201-9150
Fax: (310) 201-9160
Email: info@glancylaw.com

Laurence Rosen (#219683)
**THE ROSEN LAW FIRM, P.A.**
333 Grand Street, 25th Floor
Los Angeles, CA 90071
Tel: (213) 785-2610
Fax: (213) 226-4684
Email: lrosen@rosenlegal.com

*Co-Lead Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE SKILLED HEALTHCARE GROUP, INC. SECURITIES LITIGATION | No. CV 09-5416-DOC (RZx)<br><br>CLASS ACTION<br><br>**EXHIBIT A-1**<br><br>**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING**<br><br>Hon. David O. Carter |

**IF YOU PURCHASED OR ACQUIRED SKILLED HEALTHCARE GROUP, INC. COMMON STOCK BETWEEN MAY 14, 2007 AND JUNE 9, 2009, INCLUSIVE, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

Your legal rights are affected whether you act, or don't act.
Read this Notice carefully.

**Security and Time Period:**  Skilled Healthcare Group, Inc. ("SKH") common stock (stock symbol: SKH) purchased or acquired between May 14, 2007 and June 9, 2009, inclusive (the "Class Period").

**Settlement Fund:**  $3,000,000 in cash.  Your recovery will depend on the number of shares of SKH common stock you, and other Class Members who file claims, purchased and sold and the prices at which you, and the other Class Members who file claims, purchased and sold those shares.  The estimated average recovery per share of common stock will be approximately $0.15 per share before deduction of Court-approved fees and expenses and costs of notice and claims administration.

**Reasons for Settlement:** The case has been litigated since July 2009.  The Lead Plaintiffs and Lead Counsel believe that the Settlement provides the Class with a benefit now, instead of years of further uncertain litigation, including disposition of summary judgment motions, a contested trial and likely appeals, with the possibility of no recovery at all.

The Plaintiff alleges that SKH's stock price was artificially inflated as a result of a series of untrue or materially misleading statements concerning SKH's net income and earnings. Plaintiff further contends that Defendants made these statements knowing them to be false or misleading, or recklessly disregarding their false or misleading natures, and that investors suffered injury as a result of the alleged inflation.

The Defendants have denied and continue to deny each and all of the allegations made and claims brought by Lead Plaintiffs, maintain that they have meritorious defenses and Defendants contend that many of the factual allegations are materially inaccurate. Defendants also have denied and continue to deny, inter alia, the allegations that Lead Plaintiffs or the Class have suffered damage, that the prices of Skilled common stock were artificially inflated by reason of alleged misrepresentations, non-disclosures, or otherwise, or that Lead Plaintiffs or the Class were harmed by the conduct alleged in the Complaint or otherwise.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action. The Settlement shall in no event be construed as, or deemed to be evidence of, an admission or concession by any of Defendants with respect to any claim of any fault or liability or wrongdoing or damage to the Class Members in this Action.

Nevertheless, Defendants have concluded that further defense of the Action would be protracted and expensive, and also have taken into account the uncertainty, risks and distractions inherent in any litigation.

**If the Case Had Not Settled:** The Settlement must be compared to the risk of no recovery after contested dispositive motions, trial and likely appeals. A trial is a risky proposition. The claims in the Action involve numerous complex legal and factual issues, many of which would require expert testimony. The Parties disagree on both liability and damages and do not agree on the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to have prevailed on each claim alleged. Among the many key issues about

which Lead Plaintiffs and the Defendants do not agree are: (1) whether the Defendants violated the securities laws or otherwise engaged in any wrongdoing; (2) whether the misrepresentations and omissions alleged by the Lead Plaintiffs were material, false, misleading or otherwise actionable under the securities laws; (3) the extent (if any) that the alleged misrepresentations and omissions influenced the trading prices of SKH common stock during the relevant period; and (4) the method for determining whether, and the extent to which, purchasers of SKH stock suffered injury and damages that could be recovered at trial.

**Attorneys' Fees and Expenses:** Lead Counsel have not received any payment for their work or expenses incurred in investigating the facts, conducting this litigation and negotiating the Settlement on behalf of the Lead Plaintiff and the Class. Lead Counsel will ask the Court for attorneys' fees not to exceed one-fourth (1/4 or 25%) of the Settlement Fund and expenses not to exceed $95,000 to be paid from the Settlement Fund.

If the above amounts are requested and approved by the Court, the average cost per share of common stock will be approximately $0.04 per share, making the estimated recovery per share after fees and expenses $0.105.

**Dismissal and Releases:** If the proposed Settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice (the "Judgment"). The Judgment will dismiss the Released Claims with prejudice as to the Released Persons, which include the Defendants and their Related Parties (including, but not limited to, their parents, subsidiaries and affiliates, and all of their employees, directors and officers). The Judgment will provide that all Class Members shall be deemed to have released and forever discharged all Released Claims (to the extent Members of the Class have such claims) against all Released Persons. The terms of

the releases, including the meaning of the term "Released Claims," are set forth in the Proof of Claim and Release form that is enclosed.

Deadlines:

| | |
|---|---|
| Submit Claim: | _____, 2010 |
| File Objection: | _____, 2010 |
| Request Exclusion | _____, 2010 |
| **Court Hearing on Fairness of Settlement:** | _____, 2010 |

**More Information:  www.strategicclaims.net**

Claims Administrator:

*Skilled Healthcare, Inc.  Securities Litigation*
Claims Administrator
c/o Strategic Claims Services
600 N Jackson Street, Suite 3
Media, PA 19063
1-866-274-4004

Lead Counsel:

Peter A. Binkow, Esq.
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars #311
Los Angeles, California 90067
(310) 201-9150
settlements@glancylaw.com

- Your legal rights are affected whether you act, or don't act.  Read this Notice carefully.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| **SUBMIT A CLAIM** | The only way to receive a payment. |
| **OBJECT** | You may write to the Court if you do not like this Settlement. |
| **EXCLUDE YOURSELF** | Receive no payment.  This is the only option that allows you to |

                                  participate in another lawsuit against the Defendants relating to the class claims being released in this case.

**GO TO A HEARING**          You may ask to speak in Court about the fairness of the Settlement.

**DO NOTHING**                Receive no payment.

- <u>Unless you timely request exclusion from the Class, or unless the Court rejects the proposed Settlement, you are bound by the Stipulation of Settlement and its Release, whether or not you submit a claim.</u>

- These rights and options — ***and the deadlines to exercise them*** — are explained in this Notice.

- The Court presiding over this case must decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION
        1.      Why did I receive this notice package?
        2.      What is this lawsuit about?
        3.      Why is this a class action?
        4.      Why is there a Settlement?

WHO IS IN THE SETTLEMENT
        5.      How do I know if I am part of the Settlement?
        6.      Where are the exceptions to being included?
        7.      I'm still not sure if I'm included.

THE SETTLEMENT BENEFITS – WHAT YOU GET
        8.      What does the Settlement provide?
        9.      How much will my payment be?

HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM
- 10. How can I obtain a payment?
- 11. When will I receive my payment?
- 12. What am I giving up to receive a payment?

EXCLUDING YOURSELF FROM THE CLASS ACTION SETTLEMENT

- 13. How Do I Get Out of the Class?
- 14. If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?
- 15. If I Exclude Myself, Can I Receive Money from the Class Action Settlement?

THE LAWYERS REPRESENTING YOU
- 16. Do I have a lawyer in the case?
- 17. How will the lawyers be paid?

OBJECTING TO THE SETTLEMENT
- 18. How do I tell the Court that I do not like the Settlement?

THE COURT'S SETTLEMENT HEARING
- 19. When and where will the Court decide whether to approve the Settlement?
- 20. Do I have to come to the hearing?
- 21. May I speak at the hearing?

IF YOU DO NOTHING
- 22. What happens if I do nothing at all?

GETTING MORE INFORMATION
- 23. Are there more details about the Settlement?

UNDERSTANDING YOUR PAYMENT

## BASIC INFORMATION

### 1. Why Did I Receive This Notice Package?

You or someone in your family may have purchased or acquired Skilled Healthcare

Group, Inc. ("SKH") common stock between May 14, 2007 and June 9, 2009, inclusive

This Notice was sent because you have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments to those persons who timely submit claims in the manner described below.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Central District of California, and the case is known as *In re Skilled Healthcare Group, Inc. Securities Litigation*, Civil Action No. 09-CV-5416. Jerry Pehlke Jr. and City of Livonia Employees' Retirement System, are called Lead Plaintiffs, and the companies and persons they sued, including Skilled Healthcare Group, are collectively called the Defendants. The Parties include Lead Plaintiffs and the Defendants.

### 2.    What Is This Action About?

This Action alleges violations of the Federal Securities Laws (specifically, Sections 11 and 15 of the Securities Act (15 U.S.C. §77k and 77(o)) and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §78j(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5)) against Defendants.

Skilled Healthcare Group, Inc. is a publicly traded Delaware corporation with its principal place of business located in Foothill Ranch, CA 92610. Skilled Healthcare Group, Inc. is a holding company, which owns subsidiaries that operate skilled nursing facilities, assisted living facilities, hospices and a rehabilitation therapy business. During the Class Period, Skilled

Healthcare Group, Inc. common stock traded on the New York Stock Exchange (NYSE) under the ticker symbol "SKH."

The Plaintiffs allege that, during the Class Period, SKH's stock price was artificially inflated as a result of a series of untrue or materially misleading statements concerning SKH's net income and earnings. Plaintiffs further contend that Defendants made these statements knowing them to be false or misleading, or recklessly disregarding their false or misleading natures, and that investors suffered injury as a result of the alleged inflation.

### 3.   Why Is This a Class Action?

Class actions are generally used in lawsuits that affect a large number of individuals; in effect, the class action operates to consolidate into a single action all of the claims of individuals allegedly harmed by the same conduct or course of conduct, thus alleviating the need for members of the class to file their own individual lawsuits to recover for the harm alleged. Once the class is certified, the Court is empowered to resolve all issues on behalf of members of the class, except for those members of the class, if any, who specifically choose to exclude themselves from the Class.

As part of the preliminary approval process, Lead Plaintiffs will ask the court to certify a Class for settlement purposes only.  The proposed class will consist of all persons and entities who purchased or acquired Skilled Healthcare Group, Inc. common stock between May 14, 2007 and June 9, 2009.  All Class Period purchasers of SKH common stock are Members of the Class, except those persons who timely file a request for exclusion by [21 days prior to the Settlement Hearing]_____, 2010.  All persons who do not timely exclude themselves from the Class will be bound by the proposed Settlement and its accompanying Release.

**4.     Why Is There a Settlement?**

The Court did not decide in favor of Plaintiffs or Defendants.  Instead, both sides agreed to a Settlement.  This permits them to avoid the cost and uncertainty of a trial, and permits eligible Class Members who submit valid claims to receive compensation.  The Lead Plaintiffs and their attorneys believe the Settlement is best for all Class Members.  The Defendants have concluded that further defense of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation of Settlement.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Action.

## WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine if you are a Class Member.

**5.     How Do I Know if I Am Part of the Settlement?**

The Class includes **all persons or entities who purchased or acquired shares of SKH common stock between May 14, 2007 and June 9, 2009, inclusive.**

**6.     What Are the Exceptions to Being Included?**

You are not a Class Member if you are a Defendant, an officer or director of SKH, members of their immediate families, and the heirs, successors or assigns of any of the foregoing.

**7.     I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can call Peter A. Binkow of Glancy Binkow & Goldberg LLP at 1-888-773-9224 for more information.  Or you can fill out and return the claim form described in question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

**8.     What Does the Settlement Provide?**

The Settlement will result in a fund of $3 million in cash.  The balance of this fund after payment of Court-approved attorneys' fees and expenses Court-approved expenses of Lead Plaintiffs and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing the newspaper notice (the "Net Settlement Fund") will be divided among all eligible Class Members who send in valid claim forms.

**9.     How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on the number of valid claim forms that Class Members send in, the number of SKH common shares you purchased or acquired during the relevant period, and the timing of your purchases and sales.  You will not receive a payment, however, if your proportionate share of the Net Settlement Fund is less than $20.00.

You can calculate your Recognized Claim in accordance with the formula shown below in the Plan of Allocation.  After all Class Members have sent in their Proof of Claim and Release forms, the payment you receive will reflect your Recognized Claim in relation to the Recognized Claims of all persons submitting Claim Forms.  The Recognized Claim is not the amount of the payment that you can expect, but is used to determine how the Net Settlement Fund is allocated among all persons submitting claims.

## HOW YOU OBTAIN A PAYMENT — SUBMITTING A CLAIM FORM

**10.    How Will I Obtain a Payment?**

To qualify for payment, you must be an eligible Class Member, send in a valid Proof of Claim and Release form, and properly document your claim as requested in the Claim Form.  A Proof of Claim and Release form is enclosed with this Notice.  You may also get a Proof of

Claim and Release form on the internet at www.strategicclaims.net. Read the instructions carefully, fill out the Proof of Claim and Release form, include the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than ░░░░, 2011.

### 11.     When Will I Receive My Payment?

The Court will hold a hearing on ░░░░, 2010, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Even if no appeals are filed, it will take several months for the Claims Administrator to process all of the Proof of Claim and Release forms and determine the ultimate distribution amounts.

### 12.     What Am I Giving Up to Receive a Payment?

As a Class Member, you will not be giving up any rights that you currently have by submitting a Proof of Claim and Release form to receive a payment. Unless you timely exclude yourself from the Class by the [21 days prior to the Settlement Hearing] ░░░░░, 2010 deadline, you are a Member of the Class and will be bound by the Release of claims against the Defendants. That means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Released Claims in this case. It also means that all of the Court's Orders will apply to you and legally bind you and you will release your claims in this case against the Defendants. The terms of the Release are included in the claim form that is enclosed.

### EXCLUDING YOURSELF FROM THE CLASS ACTION SETTLEMENT

If you do not want a payment from the class action Settlement, but you want to keep the right to sue or continue to sue the Defendants on your own for the Released Claims in the class

action then you must take steps to get out of the Class.  This is called excluding yourself or is sometimes referred to as opting out of the Class.

**13.     How Do I Get Out of the Class?**

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *In re Skilled Healthcare Group, Inc. Securities Litigation*, Civil Action No. 09-CV-5416.  You must include your name, address, telephone number, your signature, and the number of shares of SKH common stock you purchased between May 14, 2007 and June 9, 2009, inclusive, the number of shares sold during this time period, if any, and the dates of such purchases and/or

sales.  You must mail your exclusion request postmarked no later than _____, 2010 to:

> *Skilled Healthcare Group, Inc. Securities Litigation*
> Claims Administrator
> c/o Strategic Claims Services
> 600 N Jackson Street, Suite 3
> Media, PA 19063
> 1-866-274-4004

You cannot exclude yourself on the phone or by e-mail.  If you ask to be excluded, you are not eligible to receive any settlement payment, and you cannot object to the class action Settlement.  You will not be legally bound by anything that happens in the class action lawsuit.

### 14.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No.   Unless you exclude yourself from the Class, you give up any right to sue the Defendants or their Released Persons for the Released Claims in the class action Settlement.  If you have a pending lawsuit against any of the Defendants, speak to your lawyer in that case immediately.   Remember, the exclusion deadline is [21 days prior to the Settlement Hearing]_____, 2010.

### 15.    If I Exclude Myself, Can I Receive Money from the Class Action Settlement?

No.  If you exclude yourself, do not send in a Claim Form.

### THE LAWYERS REPRESENTING YOU

### 16.    Do I Have a Lawyer in This Case?

The Court appointed the law firms of Glancy Binkow & Goldberg LLP and The Rosen Law Firm, P.A. to represent you and other Class Members.   These lawyers are called Lead Counsel.  You will not be personally liable for the fees and expenses incurred by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17.     How Will the Lawyers Be Paid?

Lead Counsel will ask the Court for attorneys' fees of one-fourth (1/4) of the Settlement Fund and for expenses up to $95,000, which were advanced in connection with the Action. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. Since the case began in 2009, Lead Counsel have conducted all of the investigation, document review, briefing and motions practice necessary to prepare the case for trial, and consulted experts regarding the damages. To date, Lead Counsel have not been paid for their services in conducting this litigation on behalf of the Lead Plaintiffs and the Class, nor for their substantial expenses. Lead Counsel have expended to date more than 1500 hours of attorney time in prosecuting the Class's claims and have incurred almost $87,000 in out of pocket expenses in prosecuting the Action. The fee requested will compensate Lead Counsel for their work in achieving the Settlement Fund.

Lead Counsel shall file a formal motion with the District Court for approval of the Settlement, the Plan of Allocation, and the request for attorneys' fees and reimbursement of expenses not later than 35 days prior to the Settlement Hearing. That motion will argue that Lead Counsel's requested fees are well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court determines what counsel should receive from the Settlement Fund for fees and expenses, and may award less than this amount.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or some part of it.

**18.    How Do I Tell the Court that I Do Not Like the Settlement?**

If you are a Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees. You can state the reasons why you think the Court should not approve it, and the Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *In re Skilled Healthcare Group, Inc. Securities Litigation*, Civil Action No. 09-CV-5416. Be sure to include your name, address, telephone number, your signature, the number of shares of SKH common stock purchased and/or acquired between May 14, 2007 and June 9, 2009, inclusive, and the reasons you object. The motions in support of the Settlement and the request for attorneys' fees will be filed no later than [35 days prior to the Settlement Hearing] _____, 2010, and they will be available from Lead Counsel, the Claims Administrator or the Court: their contact information is listed in Section 23, below. Any objection must be mailed or delivered such that it is received by *each* of the following no later than [21 days prior to the Settlement Hearing], _____, 2010:

> *Court*:
>
> Clerk of the Court
> UNITED STATES DISTRICT COURT
> CENTRAL DISTRICT OF CALIFORNIA
> SOUTHERN DIVISION
> Ronald Reagan Federal Building and U.S. Courthouse
> Clerk's Office, Room 1-053
> 411 West 4th Street
> Santa Ana, California 92701-4516
>
>
> *Lead Counsel Designee:*
>
> Peter A. Binkow, Esq.
> Glancy Binkow & Goldberg LLP
> 1801 Avenue of the Stars #311

Los Angeles, California 90067
(310) 201-9150

*Defendants' Counsel Designee*:

Michele D. Johnson
Latham & Watkins LLP
650 Town Center Drive, Suite 2000
Costa Mesa, California 92626
(714) 540-1235

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

**19.    When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a Settlement Hearing at ██████.m., on ███████, 2010, at the Ronald Reagan Federal Building and U.S. Courthouse, 411 West 4th Street, Room 1053, Courtroom 9D, Santa Ana, California 92701-4516. At this hearing the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will also consider how much to pay to Lead Counsel and whether the Plan of Allocation is fair, reasonable and adequate. The Court may decide these issues at the hearing or take them under consideration for a later decision.

**20.    Do I Have to Come to the Hearing?**

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**21.     May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must send a letter saying that it is your intention to appear in *In re Skilled Healthcare Group, Inc. Securities Litigation*, Civil Action No. 09-CV-5416.  Be sure to include your name, address, telephone number, your signature, and the number of shares of SKH common stock purchased or acquired between May 14, 2007 and June 9, 2009, inclusive.  Your notice of intention to appear must be received no later than [21 days prior to the Settlement Hearing], _____, 2010, by the Clerk of the Court, Lead Counsel Designee and Defendants' Counsel Designee, at the three addresses listed in question 18.

## IF YOU DO NOTHING

**22.     What Happens if I Do Nothing at All?**

If you do nothing, all of your claims against the Defendants will be released, but you will not receive any money from this Settlement because it is necessary to submit a Proof of Claim and Release form.

## GETTING MORE INFORMATION

**23.     Are There More Details About the Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Stipulation of Settlement dated as of August 30, 2010.  You can obtain a copy of the Stipulation of Settlement or more information about the Settlement by contacting Lead Counsel:

> Peter A. Binkow, Esq.
> Glancy Binkow & Goldberg LLP
> 1801 Avenue of the Stars, #311
> Los Angeles, California 90067
> settlements@glancylaw.com
> 1-888-773-9224

or the Claims Administrator:

> *Skilled Healthcare Group, Inc. Securities Litigation*
> Claims Administrator
> c/o Strategic Claims Services
> 600 N Jackson Street, Suite 3
> Media, PA 19063
> 1-866-274-4004

or by visiting www.strategicclaims.net

You can also obtain a copy from the Clerk's office during regular business hours:

> Clerk of the Court
> UNITED STATES DISTRICT COURT
> CENTRAL DISTRICT OF CALIFORNIA
> SOUTHERN DIVISION
> Ronald Reagan Federal Building and U.S. Courthouse
> Clerk's Office, Room 1-053
> 411 West 4th Street
> Santa Ana, California 92701-4516

## UNDERSTANDING YOUR PAYMENT

The Net Settlement Fund shall be distributed to Class Members who submit acceptable Proofs of Claim ("Authorized Claimants") in the following manner:

a.      The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.  The Recognized Loss formula is intended to equitably apportion the Net Settlement Fund among Class Members.  The Recognized Loss formula is not an estimate of what a Class Member would have recovered after trial; nor is it the amount that the Authorized Claimant will be paid pursuant to the Settlement.

b.      A Class Member's actual share of the Net Settlement Fund will be determined by the ratio of the Class Member's Recognized Loss divided by the aggregate of the Recognized Loss of all Class Members.

      c.      This Plan of Allocation is based on the following principles applicable to Class Members if the Action had gone to trial:

      i.      Lead Plaintiff asserted claims pursuant to Section 10(b) of the Securities Exchange Act of 1934 ("Section 10(b)").  Damages under Section 10(b) are calculated, among other things, by determining the stock price drop caused by the disclosure of information correcting prior materially false and misleading statements or reflecting materializations of risks which were a foreseeable consequence of the alleged concealment.  Lead Plaintiff contended in the Action, among other things, that the first corrective disclosure or materialization of the risk of materially false and misleading statements complained of occurred on June 9, 2009.

      d.      For those who purchased shares of Skilled Healthcare Group, Inc. between May 14, 2007 and June 9, 2009, inclusive, and held such shares on September 8, 2009, recognized loss per share will be the lesser of:

      A. $.76.

      B. The price paid less $7.58.

      For those who purchased shares of Skilled Healthcare Group, Inc. between May 14, 2007 and June 9, 2009, and sold such shares between June 10, 2009 and September 8, 2009, inclusive, recognized loss per share will be the lesser of:

      A. $.76.

      B. The price paid less $7.58.

      C. The price paid less the price received.

e.      A purchase or sale of SKH common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

f.      The receipt or grant by gift, devise or operation of law of SKH common stock during the Class Period shall not be deemed a purchase or sale of SKH common stock shares for the calculation of an Authorized Claimant's Recognized Loss nor shall it be deemed an assignment of any claim relating to the purchase of such securities.  The grantor of the gift or devise, who purchased SKH common stock during the Class Period, shall retain the right to file a claim in this Action unless that right to file a claim was specifically transferred in the instrument of gift or assignment.

g.      The receipt of SKH common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of SKH common stock.

h.      Any gains on sales of SKH common stock shall be offset against losses in calculating the Recognized Loss.  To the extent a Claimant had an overall gain from transactions in SKH common stock during the Class Period, the value of the Recognized Loss will be zero.

i.      No Authorized Claimant whose proportionate share of the Net Settlement Fund is less than $20.00 shall receive a distribution from the Net Settlement Fund.  Rather, that Claimant's proportionate share of the Net Settlement Fund shall be redistributed among all remaining Authorized Claimants.

j.      Class Members who do not submit a timely request for exclusion and do not submit an acceptable Proof of Claim by the deadline for submitting claims, will not share in the

recovery, but nevertheless will be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action.

      k.     Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

### *DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

### SPECIAL NOTICE TO NOMINEES

      The Court has ordered that if you held any SKH common stock purchased or acquired between May 14, 2007 and June 9, 2009 as nominee for a beneficial owner, then, within twenty (20) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *Skilled Healthcare Securities Litigation*
> Claims Administrator
> c/o Strategic Claims Services
> 600 N Jackson Street, Suite 3
> Media, PA 19063
> 1-866-274-4004

      If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

      Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for administrative costs actually incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.