LIONEL Z. GLANCY (#134180)
MARC L. GODINO (#182689)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Tel: (310) 201-9150
Fax: (310) 201-9160
Email: info@glancylaw.com

Laurence M. Rosen (SBN 219683)
THE ROSEN LAW FIRM P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email:  lrosen@rosenlegal.com

*Co-Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>SKILLED HEALTHCARE GROUP, INC. SECURITIES LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Master File No. CV 09-5416-DOC (RZx)<br><br>**DECLARATION OF LAURENCE M. ROSEN IN FURTHER SUPPORT OF: (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND  PLAN OF ALLOCATION; (2)  AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**<br><br>CLASS ACTION<br><br>Hearing Date:    December 6, 2010<br>Hearing Time:    8:30 A.M.<br>Hon. David O. Carter |

0

# DECLARATION OF LAURENCE M. ROSEN

I, Laurence M. Rosen, declare and state, under penalty of perjury, that the following is true and correct to the best of my knowledge, information and belief:

1.      I am an attorney duly licensed to practice law in California, New York, New Jersey, and Florida.  I am the managing shareholder of The Rosen Law Firm, P.A., Co-Lead Counsel for Lead Plaintiffs and the Class in this litigation. I have personal knowledge of the matters set forth herein and, if called upon, I could and would competently testify thereto.

2.      Plaintiffs' Counsel caused the Summary Notice of the Settlement to be published in *Investor's Business Daily* on October 8, 2010, and over the *GlobeNewswire* on October 7, 2010.

3.      The deadline for submitting objections to the Settlement and requests for exclusion from the Settlement Class was November 15, 2010. To date, Plaintiffs' Counsel has received one objection, and two requests for exclusion.

4.      The Claims Administrator properly sent the Notice of Class Action Settlement to all identifiable members of the Class.  Attached herewith as Exhibit 1 is the Supplemental Declaration of Paul Mulholland, CPA CVA Concerning Mailing of Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing and Proof of Claim and Release.

5.      Attached herewith as Exhibit 2 is an objection letter, dated November 5, 2010, submitted by Marc Greenlee to Plaintiff's Counsel.

6.      Attached herewith as Exhibit 3 is a letter, dated October 21, 2010, requesting exclusion from the Settlement Class submitted by the Koch Companies Public Sector, LLC.

7.      Attached herewith as Exhibit 4 is a letter, dated November 15, 2010, requesting exclusion from the Settlement Class submitted by P. Susan Steele.

8.      Attached herewith as Exhibit 5 is a letter, dated November 8, 2010 to Koch from Glancy Binkow & Goldberg

9.      To date, neither Koch nor Ms. Steele, have provided the necessary information to confirm that they are members of the Class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed this 26th day of November, 2010 in New York, NY.


DATED:      November 26, 2010

_____

Laurence Rosen

# EXHIBIT 1

1
2

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

3

| | |
|---|---|
| IN RE SKILLED HEALTHCARE GROUP, INC. SECURITIES LITIGATION | No. CV 09-5416-DOC (RZx) |
| | CLASS ACTION |
| | Hon. David O. Carter |

4
5
6
7
8
9
10
11

**SUPPLEMENTAL DECLARATION OF PAUL MULHOLLAND, CPA CVA CONCERNING MAILING OF NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING AND PROOF OF CLAIM AND RELEASE**

12

I, Paul Mulholland, declare:

13
14
15
16
17
18
19
20

1.      I submit this supplemental declaration in order to provide the Court and the parties to the above-captioned litigation with information regarding the mailing of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing ("Notice") and the Proof of Claim and Release form ("Claim Form") (collectively, "Notice and Claim Form"). I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

21
22
23
24
25
26
27

2.      I am the President of Strategic Claims Services ("SCS"), a nationally recognized claims administration firm. I am a Certified Public Accountant and a Certified Valuation Analyst. I have over seventeen (17) years of experience specializing in claims administration for class action settlements and I have administered over two-hundred (200) cases. SCS was established in April 1999 and has administered over one-hundred and sixty (160) class actions settlements since its inception.

28

3.      To date, 11,528 Notice and Claim Forms have been mailed.  SCS mailed 18 Notice and Claim Forms to individuals and organizations from the shareholders' list provided by the transfer agent.  As noted in the Declaration signed on November 1, 2010, 1,488 Notice and Claim Forms were sent to Nominee Account Holders and Institutional Groups.  Also, to date, an additional 10,022 Notice and Claim Forms were requested by, and provided to, the Nominee Account Holders and Institutional Groups and other individuals.

4.      Out of the 11,528 Notice and Claim Forms mailed, 283 were returned as undeliverable. Of these, 11 had forwarding addresses from the post office and SCS immediately re-mailed each of these Class members a Notice and Claim Form using the updated addresses. The remaining 272 were "skip-traced" to get updated addresses and re-mailed if updated addresses were provided.

5.      SCS has received two requests for exclusion; however, they appear to be invalid since no transaction detail was provided.  See **Exhibit A** attached for the correspondence.  Also, SCS has received no objections to the Settlement, any part of the Settlement, or the request for attorneys' fees.  The deadline for objections and requests for exclusion was November 15, 2010.

6.      To date, 612 claim forms have been filed.  The claims filing deadline is February 8, 2011.

Signed this 23 day of November, 2010, in Media, Pennsylvania.

Paul Mulholland, CPA, CVA



KOCH COMPANIES PUBLIC SECTOR, LLC
**Legal, Government, Public Affairs**

October 21, 2010

<u>Via USPS Certified Mail</u>
<u>Return Receipt Requested</u>

Skilled Healthcare Group, Inc. Securities Litigation
Claims Administrator
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA 19063

Re:   *In re Skilled Healthcare Group, Inc. Securities Litigation*
      U.S.D.C., Central District of California, Southern Division
      Civil Action No. 09-CV-5416

Dear Claims Administrator:

I am counsel for Koch Companies Public Sector, LLC and represent the interests of Koch Industries, Inc. and affiliated companies ("Koch").

We have not determined whether Koch purchased any of the securities in question because the opportunity cost to search for the information you requested outweighs any benefit to Koch. To the extent Koch may qualify as a member of the settlement class, this letter will serve as notification that Koch does not wish to participate in the settlement. Therefore, this letter is Koch's formal written request to exclude (opt out) of the settlement. According to the notice requirements, self-exclusion requests are to be postmarked on or before November 15, 2010. Should you have any questions, please contact the undersigned.

Very truly yours,

Raffaele G. Fazio
Deputy General Counsel,
Corporate and Commercial Law

INVISTA    FLINT HILLS resources    Georgia-Pacific    KOCH INDUSTRIES INC

4111 E. 37th Street North • P.O. Box 2256 • Wichita, Kansas 67220 • (316) 828-5500
www.kochind.com

Skilled Healthcare Group, Inc. Securities Litigation
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA 19063

Phone: 610.565.9202
Fax: 610.565.7985
E-mail: info@strategicclaims.net

October 26, 2010

Koch Companies Public Sector, LLC
Attn: Raffaele G. Fazio
4111 E 37th Street North
Wichita, KS 67220

Re: Skilled Healthcare Group, Inc. Securities Litigation

Mr. Fazio:

We received your letter dated October 21, 2010 requesting exclusion from the above referenced litigation. Per the Court's Order entered on September 13, 2010, requests for exclusion must be in writing and indicate the name, address, and telephone number of the person seeking exclusion. The person must also state that they are requesting to be excluded from the Class and the letter has to be signed. In addition, the person requesting exclusion is required to specify all purchases and sales of Skilled Healthcare common stock made during the Class Period including the dates of purchase or sale, the number of shares purchased and/or sold, and the price paid or received per share for each such purchase or sale. This information is required so without it, the purported opt-out letter you sent does not constitute as a valid request for exclusion from this case.

Your letter failed to list the number and price of the shares purchased, the number and price of shares sold during the Class Period, and the date of each such purchase or sale. As a result your request for exclusion is invalid.

If you wish to remedy the defective request for exclusion please provide the necessary information within 10 days.

If you have any questions, please feel free to contact me at the number above.

Sincerely,

Josephine Bravata
Quality Assurance Manager
Strategic Claims Services



KOCH COMPANIES PUBLIC SECTOR, LLC
**Legal, Government, Public Affairs**

November 2, 2010

<u>Via USPS Certified Mail</u>
<u>Return Receipt Requested</u>

Skilled Healthcare Group, Inc. Securities Litigation
Claims Administrator
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA 19063

Re:   *In re Skilled Healthcare Group, Inc. Securities Litigation*
      U.S.D.C., Central District of California, Southern Division
      Civil Action No. 09-CV-5416

Dear Claims Administrator:

We are in receipt of your letter dated October 26, 2010, indicating that Koch Companies Public Sector, LLC's ("Koch") request for exclusion (dated October 21, 2010) is not valid.

In summary, we do not believe that any Koch companies were affected by this security. It would take considerable time and expense to research company's records to verify this, and the opportunity costs of such an undertaking would exceed the value of any potential claim. On that basis, Koch does not wish to participate in this class action settlement matter and therefore requests exclusion from it.

It is Koch's right to make an election to be excluded from this settlement matter, irrespective of whether or not class plaintiffs believe that Koch made any exchanges of the subject security during the class period. Rule 23 of the Federal Rules of Civil Procedure plainly states "that court will exclude from the class any member who requests exclusion." F.R.C.P. 23 (c)(2)(v).

Very truly yours,

Raffaele G. Fazio
Deputy General Counsel,
Corporate and Commercial Law

      

4111 E. 37th Street North • P.O. Box 2256 • Wichita, Kansas 67220 • (316) 828-5500
www.kochind.com

PERSHING LLC AS CU ACCT CLOSED
ROLLOVER ACCOUNT
38 MILLER AVE   UNIT 501
MILL VALLEY, CA 94941-1939
November 15, 2010

I, P. Susan Steele, wish to be
excluded from "In re Skilled
Healthcare Group, Inc. Securities Litigation,
Civil Action No. 09-CV-5416.

I do not know the number of shares I
may have owned of this stock since
that information was not given to me.

Yours sincerely,
Q Steele

tel. 415-388-7832

Skilled Healthcare Group, Inc. Securities Litigation
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA 19063

Phone: 610.565.9202
Fax: 610.565.7985
E-mail: info@strategicclaims.net

November 19, 2010

P. Susan Steele
38 Miller Avenue Unit 501
Mill Valley, CA 94941

Re:  Skilled Healthcare Group, Inc. Securities Litigation

Ms. Steele:

We received your letter dated November 15, 2010 requesting exclusion from the above referenced litigation. Per the Court's Order entered on September 13, 2010, requests for exclusion must be in writing and indicate the name, address, and telephone number of the person seeking exclusion. The person must also state that they are requesting to be excluded from the Class and the letter has to be signed. In addition, the person requesting exclusion is required to specify all purchases and sales of Skilled Healthcare common stock made during the Class Period including the dates of purchase or sale, the number of shares purchased and/or sold, and the price paid or received per share for each such purchase or sale. This information is required so without it, the purported opt-out letter you sent does not constitute as a valid request for exclusion from this case.

Your letter failed to list the number and price of the shares purchased, the number and price of shares sold during the Class Period, and the date of each such purchase or sale. As a result your request for exclusion is invalid.

If you wish to remedy the defective request for exclusion please provide the necessary information within 10 days.

If you have any questions, please feel free to contact me at the number above.

Sincerely,

Josephine Bravata
Quality Assurance Manager
Strategic Claims Services

38 Miller Ave, Unit 50
Mill Valley,
Ca 94941
Nov 24th 2010

Dear Mrs. Bravata,

My letter of November 15th stated, in writing my name address and telephone number and stated that I wished to be excluded from the Skilled Healthcare Group litigation.

As stated, I have no way of knowing the number and price of the shares I may have held since my broker did not disclose that to me and my account is now closed.

Sincerely,

O Skele

# EXHIBIT 2

November 5, 2010

Clerk of the Court                  Peter A. Binkow, Esq.            Michele D. Johnson, Esq.
US District Court                   Glancy Binkow & Goldberg LLP     Latham & Watkins LLP
Central District of California      1801 Ave. of the Stars # 311     650 Town Center Dr., Ste 2000
Southern Division                   Los Angeles, CA 90067            Costa Mesa, CA 92626
Ronald Reagan Fed. Bldg.
Clerk's Office, Rm. 1-053
411 West 4th Street
Santa Anita, CA 92701-4516

Re: In re Skilled Healthcare Group, Inc. Securities Litigation Civil Action No. 09-CV-5416

Dear Sir or Madame:

This proposed settlement is ridiculous.  The total amount available is $3 million and over 25% is going to the law firms that are only able to extract an estimated payment of $.105 per share.  This compensation is what, maybe 1% of the financial loss inflicted on the shareholders?  I purchased 500 shares during the period in question and have lost nearly 2/3 of the value of my investment.  At most the attorneys should get 10% of this settlement, plus costs. 25% of the settlement is $750,000.  The compensation rate for the attorneys the pursued this claim shouldn't amount to more than $75 per hour based on how paltry the payout is for shareholders.  Not worth the plaintiff attorney's time?  Then do a better job, or don't bring the suit.

I find it offensive and suspicious that I am given so little time to reply to this Settlement.  I received this notice on November 2nd.  I'm guessing this was done on purpose – to lessen the time for people to complain in a timely manner.

I would like to know what the compensation was that was paid to the Chairman, President and CFO of SKH while this mockery of financial reporting took place.  The proposed settlement should be at least treble whatever the top 10 executives of SKH earned during the period in question.  What happened to the teeth in Sarbane's Oxley by the way?   (Rhetorical question, no need to reply)

I'd very much like to see all of the transcripts from the hours and hours and hours of depositions that should have taken place to get to the bottom on this matter.  I'd like to see each and every one.   If they are posted on a website, please give me the address, otherwise, I would like to see the documentation of the huge amount of depositions that have earned $750,000 in legal fees.  I see that the motions are on the web, but I'd like to see the depositions that will help me understand what has transpired in this case.

On the face of it, I believe that this settlement is nothing short of an embarrassment for the entire US justice system.  Everyone associated with this proposed settlement (at least the plaintiff's attorneys and the Judge that allowed this) should be embarrassed, in my opinion.

If the laws are so weak that the executives that perpetrated this mismanagement of SKH and the misinformation about SKH are allowed to walk away nearly scot-free, then the courts should be actively urging the American

people and Congress to fix the laws instead of letting ridiculous settlements like this sham take place.  From the looks of the penalties and fines, there was no way that the management team of SKH shouldn't have known that the firm was operating far, far, far outside the law.

I feel sorry for anyone associated with this case that doesn't feel soiled by their involvement in it.

Again, I object to the proposed compensation for plaintiff's attorney - shouldn't be more than 10% of the settlement, after costs are paid.


Disgusted again in the US Court system,

Marc Greenlee
955 East Long Lake Road
Bloomfield Hills, MI 48304
(248) 703-6800

# EXHIBIT 3



**KOCH COMPANIES PUBLIC SECTOR, LLC**
**Legal, Government, Public Affairs**

October 21, 2010

<u>Via USPS Certified Mail</u>
<u>Return Receipt Requested</u>

Skilled Healthcare Group, Inc. Securities Litigation
Claims Administrator
c/o Strategic Claims Services
600 North Jackson Street, Suite 3
Media, PA 19063

Re:   *In re Skilled Healthcare Group, Inc. Securities Litigation*
      U.S.D.C., Central District of California, Southern Division
      Civil Action No. 09-CV-5416

Dear Claims Administrator:

I am counsel for Koch Companies Public Sector, LLC and represent the interests of Koch Industries, Inc. and affiliated companies ("Koch").

We have not determined whether Koch purchased any of the securities in question because the opportunity cost to search for the information you requested outweighs any benefit to Koch. To the extent Koch may qualify as a member of the settlement class, this letter will serve as notification that Koch does not wish to participate in the settlement. Therefore, this letter is Koch's formal written request to exclude (opt out) of the settlement. According to the notice requirements, self-exclusion requests are to be postmarked on or before November 15, 2010. Should you have any questions, please contact the undersigned.

Very truly yours,

Raffaele G. Fazio
Deputy General Counsel,
Corporate and Commercial Law



EXHIBIT 4

MRS. P. SUSAN STEELE
PERSHING LLC AS CU ACCT CLOSED
ROLLOVER ACCOUNT
38 MILLER AVE   UNIT 501
MILL VALLEY, CA 94941-1939

November 15, 2010

I, P. Susan Steele, wish to be excluded from "In re Skilled Healthcare Group, Inc. Securities Litigation, Civil Action No. 09-CV-5416.

I do not know the number of shares I may have owned of this stock since that information was not given to me.

Yours sincerely,

Q Steele

tel. 415-388-7832

ε



NORTH BAY CA 949
15 NOV 2010 PM 2 T

1-30673-25-54.

SKILLED HEALTHCARE GROUP INC. SECURITIES LITIGATION
CLAIMS ADMINISTRATOR
C/O STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 3
MEDIA PA. 19063
PENNSYLVANIA.



# EXHIBIT 5

GLANCY BINKOW & GOLDBERG LLP

ATTORNEYS AT LAW

NEW YORK OFFICE

1430 BROADWAY, SUITE 1603
NEW YORK, NY 10018
TELEPHONE (212) 382-2221
FACSIMILE (212) 382-3944

1801 AVENUE OF THE STARS, SUITE 311
LOS ANGELES, CALIFORNIA 90067

TELEPHONE (310) 201-9150
FACSIMILE (310) 201-9160
info@glancylaw.com

SAN FRANCISCO OFFICE

ONE EMBARCADERO CENTER, SUITE 760
SAN FRANCISCO, CA 94111
TELEPHONE (415) 972-8160
FACSIMILE (415) 972-8166

<u>VIA OVERNIGHT MAIL</u>

November 8, 2010

Raffaele G. Fazio
Koch Companies Public Sector, LLC
4111 E. 37th Street North
Wichita, Kansas 67220

      Re:    *In re Skilled Healthcare Group, Inc. Securities Litigation,*
           U.S. Dist. Ct. Central Dist. California, Case No. 09-cv-5416-DOC (RZx)

Dear Mr. Fazio,

      My firm is one of Co-Lead Counsel in the above-referenced class action (the "Litigation"). We are in receipt of your November 2, 2010 letter to the Claims Administrator in this case wherein you request that Koch Companies Public Sector, LLC ("Koch") be excluded from the Litigation. This letter will provide further explanation as to why Koch's request to be excluded from the Litigation is not valid.

      Pursuant to paragraph 9 of the September 13, 2010 Order Preliminarily Approving Settlement and providing for Notice of Proposed Settlement, signed by the Honorable David O. Carter, "[a]ny Person falling within the definition of the Class may, upon request, be excluded from the Class."[1] Paragraph 9 further provides that to be valid, a request for exclusion must include, among other things:

      each of the Person's purchases and sales of SKH common stock made during the
      Class Period, including the dates of purchase or sale, the number of shares
      purchased and/or sold, and the price paid or received per share for each such
      purchase or sale. . .

---

      [1]Pursuant to paragraph 4 of that same Order, a person falls within the definition of the Class only if that person purchased Skilled Healthcare Group, Inc. ("SKH") securities between May 14, 2007 and June 9, 2009.

---

1

Raffaele G. Fazio
November 5, 2010
Page 2

You state in your November 2, 2010 letter that you do not believe that any Koch companies were affected by SKH securities and that it would take considerable time and expense to research company records to verify this. Thus, it is fair to say that you are not aware of whether or not Koch is a member of the Class in this Litigation. Pursuant to Judge Carter's Order, only members of the defined Class can validly request exclusion from the Litigation. Indeed, your citation to Federal Rule of Civil Procedure 23(c)(2)(v) is in accord wherein it states that the "court will exclude from the class any **member** who requests exclusion" (emphasis added). Since Koch has presented no information demonstrating that it is a member of the Class, Koch cannot validly exclude itself from the Litigation at this time.

Pursuant to Judge Carter's September 13, 2010 Order, the deadline for requesting exclusion from this Litigation is November 15, 2010. If Koch cannot provide a valid request for exclusion by November 15, 2010, we will not request that Koch be excluded from the Litigation at the December 6, 2010 final approval hearing. Since we will not request that Koch be excluded from the Litigation, Koch will be bound by any final judgment entered by Judge Carter in this Litigation.

Very truly yours,

Marc L. Godino

cc:   Laurence Rosen, Esq.
      Michele Johnson, Esq.

2

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO
CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES
AND ECF GENERAL ORDER NO. 10-07**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court.  I am over the age of 18 and not a party to the within action.  My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On November 29, 2010, I caused to be served the following documents:

**1.    PLAINTIFFS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF: (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND  PLAN OF ALLOCATION; (2)  AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

**2.    DECLARATION OF LAURENCE M. ROSEN IN FURTHER SUPPORT OF: (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND  PLAN OF ALLOCATION; (2)  AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

By posting the documents to the ECF Website of the United States District Court for the Central District of California, for receipt electronically by the parties as listed on the attached Service List.

And on the following non-ECF registered parties:

Raffaele G. Fazio                                 Marc Greenlee
Koch Companies Public Sector, LLC                 955 East Long Lake Road
4111 E. 37th Street North                         Bloomfield Hills, MI 48304
Wichita, KS 67220

P. Susan Steele
38 Miller Avenue, Unit 501
Mill Valley, CA 94941-1939

**By Overnight Mail**:  By placing a true and correct copy thereof in a box, which I deposited with an official Overnight Express/Federal Express mailing center on November 29, 2010, for delivery overnight.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 29, 2010, at Los Angeles, California.

                    *s/Marc L. Godino*
                    Marc L. Godino

PROOF OF SERVICE

## Mailing Information for a Case 2:09-cv-05416-DOC-RZ

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kenneth Joseph Catanzarite**
  kcatanzarite@catanzarite.com,jdevera@catanzarite.com

- **Andrew M Farthing**
  andrew.farthing@lw.com,maria.solis@lw.com

- **Marc L Godino**
  mgodino@glancylaw.com

- **Michael M Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,asohrn@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com,lglancy@glanc

- **Michele D Johnson**
  michele.johnson@lw.com,#ocecf@lw.com,jana.roach@lw.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

- **Richard H Zelichov**
  richard.zelichov@kattenlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Phillip Kim
The Rosen Law Firm PA
350 Fifth Avenue  Suite 5508
New York, NY 10118

Bruce G Vanyo
Katten Muchin
2029 Century Park East   Suite 2600
Los Angeles, CA 90067

Marisa G Westervelt
Katten Muchin Rosenman LLP
2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
```