1  Lionel Z. Glancy (#134180)
   Marc L. Godino (#182689)
2  **GLANCY BINKOW & GOLDBERG LLP**
   1801 Avenue of the Stars, Suite 311
3  Los Angeles, California 90067
   Telephone: (310) 201-9150
4  Facsimile:  (310) 201-9160
   Email: info@glancylaw.com
5
6  Laurence M. Rosen (#219683)
   **THE ROSEN LAW FIRM P.A.**
7  275 Madison Avenue, 34th Floor
   New York, NY 10016
8  Telephone: (212) 686-1060
   Facsimile: (212) 202-3827
9  Email: lrosen@rosenlegal.com
10 *Co-Lead Counsel for Plaintiffs*

JS-6

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13                   SOUTHERN DIVISION

14

15 IN RE SKILLED HEALTHCARE    ) Master File No. CV 09-5416-DOC
16 GROUP, INC. SECURITIES       ) (RZx)
17 LITIGATION                   )
                                 ) Honorable David O. Carter
18                               )
19                               ) **FINAL JUDGMENT AND**
                                 ) **ORDER OF DISMISSAL WITH**
20                               ) **PREJUDICE**
21                               )
                                 ) CLASS ACTION
22                               )
23                               )
                                 )
24                               )
25
26
27
28

This matter came before the Court for hearing pursuant to an Order of this Court, dated September 13, 2010, on the application of the Parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of August 30, 2010 (the "Stipulation of Settlement").  Due and adequate notice having been given of the Settlement as required in said Order, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises, the Court having on January 26, 2011 entered the Order Granting Final Approval of Class Action Settlement, Plan of Allocation, and Request for Attorneys Fees and Costs (Document 90) and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Judgment incorporates by reference the definitions in the Stipulation of Settlement, and all terms used herein shall have the same meanings set forth in the Stipulation of Settlement.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Members of the Class who did not timely file a valid request for exclusion from the Class by the November 15, 2010 deadline pursuant to the Court's Order dated September 13, 2010.

3.      The Court certifies this action as a class action and finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are

questions of law and fact common to the Class; (c) the claims of the Court appointed Class Representatives, Jerry Pehlke Jr. and City of Livonia Employees' Retirement System, are typical of the claims of the Class they represent; (d) the Class Representatives have and will continue to fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons or entities who purchased Class A common stock of Skilled Healthcare pursuant and/or traceable to the Company's Registration Statement and Prospectus issued in connection with the Company's Initial Public Offering (the "IPO") on May 14, 2007 and Class A common stock of Skilled Healthcare on the open market between May 14, 2007 and June 9, 2009 and were purportedly damaged thereby.  Excluded from the Class are Defendants herein, the officers and directors of Skilled Healthcare, members of their immediate families, and the heirs, successors or assigns of any of the foregoing. Also excluded from the Class are persons and entities who submitted valid and timely requests for exclusion in accordance with the Notice, who are listed on Exhibit 1 hereto.

4.     The distribution of the Notice and the publication of the Summary Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort.  Said notices provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation of Settlement, to all Persons entitled to such notices, and said notices fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities and Exchange Act of 1934, the requirements of Due Process, and any other applicable law.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation of Settlement and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of the Lead Plaintiffs, the Class and each of the Class Members.  This Court further finds the Settlement set forth in the Stipulation of Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiffs, Class Members and the Defendants.   Accordingly, the Settlement embodied in the Stipulation of Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.  The Parties are hereby directed to perform the terms of the Stipulation of Settlement.

6.     Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto), who timely and validly requested exclusion from the Class before the November 15, 2010 deadline, the Action and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Class, and as against each and all of the Released Persons.   The Parties are to bear their own costs, except as otherwise provided in the Stipulation of Settlement.

7.     Upon the Effective Date, the Lead Plaintiffs and each of the Class Members (other than those Persons or entities listed on Exhibit 1 who have timely and validly requested exclusion from the Class) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release form.

8.     Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged the Lead Plaintiffs, each and all of the Class Members and Lead Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

9.      Any further orders or proceedings solely regarding the Plan of Allocation shall in no way disturb or affect this Judgment and shall be separate and apart from this Judgment.

10.      Neither the Stipulation of Settlement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation of Settlement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  The Released Persons may file the Stipulation of Settlement and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.      Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon;  (b) disposition  of  the  Settlement  Fund;  (c) hearing  and  determining applications for attorneys' fees and expenses in the Action; and (d) all Parties

hereto for the purpose of construing, enforcing and administering the Stipulation of Settlement.

12.     The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

13.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation of Settlement or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation of Settlement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation of Settlement.

DATED:  March 02, 2011

_David O. Carter_

_____
The Honorable David  O. Carter
United States District Judge

# EXHIBIT 1

## List of Persons and Entities Excluded from the Class in

*In re Skilled Healthcare Group, Inc. Securities Litigation*,
Civil Action No. 09-Civ 5416 (RZx)

The following persons and entities, and only the following persons and entities, properly excluded themselves from the Class by the November 15, 2010 deadline pursuant to the Court's Order dated September 13, 2010:

| IN RESPONSE TO THE NOTICE OF PENDENCY OF CLASS ACTION | |
|---|---|
| P. Susan Steele | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |